UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
DINOSAUR FINANCIAL GROUP LLC,    :
HILDENE CAPITAL MANAGEMENT,    :
LLC, and SWISS LIFE INVESTMENT    :
MANAGEMENT HOLDING AG,    :
on behalf of themselves and all others    :
similarly situated,    :
   :          Case No.: 1:22-cv-1860-KPF
          Plaintiffs,    :
   :
     -against-    :
   :
S&P GLOBAL, INC., AMERICAN    :
BANKERS ASSOCIATION, and FACTSET    :
RESEARCH SYSTEMS INC.,    :
   :
      Defendants.    :
   :
------------------------------------------------------- X

### DEFENDANT S&P GLOBAL INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE SECOND AMENDED CLASS ACTION COMPLAINT

Defendant S&P Global Inc. ("S&P" or "Defendant"), by and through its attorneys, Gibson, Dunn & Crutcher LLP, hereby answers the Second Amended Class Action Complaint filed by Plaintiffs Dinosaur Financial Group ("Dinosaur"), LLC, Hildene Capital Management, LLC ("Hildene"), and Swiss Life Investment Management Holding AG ("Swiss Life") (collectively, "Plaintiffs") on December 21, 2022.  ECF No. 87 (the "Second Amended Complaint" or "SAC").

### GENERAL DENIAL AND RESPONSE

Defendant responds only on behalf of S&P and only to allegations directed specifically at S&P.  Except as otherwise expressly admitted herein, Defendant lacks knowledge or information sufficient to admit or deny the allegations about or directed to any other defendant in this action, and therefore denies those allegations on that basis.

On July 14, 2023, this Court issued an Opinion and Order granting in part and denying in part Defendants' Motion to Dismiss the Second Amended Class Action Complaint. *See* ECF No. 107. The Court dismissed in their entirety Counts I, IV, and V and their related allegations, and narrowed the remaining claims. *Id*. Defendant denies any and all liability for the remaining claims asserted in this action.

In responding to the allegations below, unless otherwise specifically admitted, Defendant denies any averments in the introductory paragraph, cover page, headings, subheadings, tables, and exhibits of the Second Amended Complaint. To the extent any part of the Second Amended Complaint incorporates by reference any other parts of the Second Amended Complaint, Defendant incorporates by reference their responses to those allegations. Unless otherwise specifically admitted, Defendant denies each and every allegation in the Second Amended Complaint. Defendant expressly reserves the right to seek to amend and/or supplement its Answer as may be necessary.

## SPECIFIC RESPONSES

1.  Paragraph 1 contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 1.

2.  Paragraph 2 contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 2, except admits that the CUSIP identifier is an identifier for United States financial instruments.

3.  Defendant denies the allegations in Paragraph 3, except admits that CUSIP stands for Committee on Uniform Securities Identification Procedure and that a CUSIP identifier identifies a particular financial instrument.

4.  Paragraph 4 contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 4, except admits that

a CUSIP identifier is a nine-digit alphanumeric identifier that identifies a specific United States financial instrument and specifies both the name of the issuing entity and the type of issue. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the fourth and fifth sentences and the contents of the figure included in Paragraph 4, and therefore denies them on that basis.

5.   The allegations in Paragraph 5 relate to a claim that the Court dismissed, for which a response is no longer required.   To the extent that a response is required, Defendant admits that the ABA selected S&P to administer the issuance of CUSIP identifiers, that S&P, in turn, formed CUSIP Global Services ("CGS") to perform that function, and that the CUSIP_DB data compilation may include 60 data elements for specific financial instruments and more than 26 million financial instruments, and Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 5, and therefore denies them on this basis.

6.   The allegations in Paragraph 6 relate to a claim that the Court dismissed, for which a response is no longer required.   In addition, the allegations in this Paragraph contain conclusions of law to which no response is required.   To the extent that a response is required, Defendant denies the allegations in Paragraph 6, except to the extent that it admits that three of the data elements included in the CUSIP_DB compilation are the CUSIP identifiers, the issuer name, and the type of issue.

7.   Defendant admits that it administered the issuance of CUSIP identifiers through CGS, which was responsible for performing this function, that S&P sold CGS to FactSet on March 1, 2022 through an asset purchase agreement, and that FactSet took over for S&P in administering the issuance of CUSIP identifiers.   Defendant refers to the asset purchase agreement for a complete

and accurate statement of its contents.  Defendant denies the remaining allegations in Paragraph 7.

8.      Paragraph 8 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 8, including, but not limited to, on the grounds that Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 8.

9.      Paragraph 9 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 9, except it admits that CUSIP identifiers are used to, among others, process, clear, and settle trades, and to conduct research and analysis.

10.      Paragraph 10 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the license agreements for a complete and accurate statement of their contents and denies any allegations inconsistent with their terms.

11.      Paragraph 11 contains conclusions of law to which no response is required.  Further, the allegations in Paragraph 11 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant denies the allegations.

12.      Paragraph 12 contains conclusions of law to which no response is required, and to the extent a response is required, it is denied.

13.      Paragraph 13 contains conclusions of law to which no response is required.  In addition, the allegations in Paragraph 13 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 13.

14.     Paragraph 14 contains conclusions of law to which no response is required.   In addition, to the extent that the allegations in Paragraph 14 relate to a claim that the Court dismissed, a response is no longer required.   To the extent a response is required, Defendant denies the allegations in Paragraph 14.

15.     Paragraph 15 contains conclusions of law to which no response is required.  Further, the allegations in Paragraph 15 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant denies the allegations.

16.     Paragraph 16 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 16.

17.     Paragraph 17 contains conclusions of law to which no response is required.  Further, the allegations in Paragraph 17 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant denies the allegations.

18.     Paragraph 18 contains conclusions of law to which no response is required.  Further, to the extent that the allegations in Paragraph 18 relate to a claim that the Court dismissed, a response is no longer required.   To the extent a response is required, Defendant denies the allegations in Paragraph 18.

19.     Paragraph 19 contains conclusions of law to which no response is required.  Further, to the extent that the allegations in Paragraph 19 relate to claims that the Court dismissed, a response is no longer required.   To the extent a response is required, Defendant denies the allegations in Paragraph 19.

20.     Paragraph 20 contains conclusions of law to which no response is required.  Further, to the extent that the allegations in Paragraph 20 relate to claims that the Court dismissed, a

response is no longer required.   To the extent a response is required, Defendant denies the allegations in Paragraph 20.

21.      Paragraph 21 contains conclusions of law to which no response is required.  Further, to the extent that the allegations in Paragraph 21 relate to claims that the Court dismissed, a response is no longer required.   To the extent a response is required, Defendant denies the allegations in Paragraph 21.

22.      Paragraph 22 contains conclusions of law to which no response is required.  Further, to the extent that the allegations in Paragraph 22 relate to claims that the Court dismissed, a response is no longer required.   To the extent a response is required, Defendant denies the allegations in Paragraph 22.

23.      Paragraph 23 contains conclusions of law to which no response is required.  Further, to the extent that the allegations in Paragraph 23 relate to claims that the Court dismissed, a response is no longer required.   To the extent a response is required, Defendant denies the allegations in Paragraph 23.

24.      Paragraph 24 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 24.

25.      Paragraph 25 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 25, except it admits that Defendant has transacted business in this District, and refers to the license agreements for a complete and accurate statement of their contents.

26.      Paragraph 26 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 26, except it admits

that it transacts business in this District and refers to the license agreements for a complete and accurate statement of their contents.

27. Defendant admits that CGS and Dinosaur Financial Group, LLC entered into a CUSIP Global Services Subscription Agreement and refers to that agreement for a complete and accurate statement of its contents and denies any allegations inconsistent with its terms. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 27, and denies the allegations on that basis.

28. Defendant admits that CGS and Hildene Capital Management, LLC entered into a CUSIP Global Services Subscription Agreement and refers to that agreement for a complete and accurate statement of its contents and denies any allegations inconsistent with its terms. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 28, and denies the allegations on that basis.

29. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the first sentence in Paragraph 29, and denies the allegations on that basis. Defendant admits that CGS and Swiss Life Investment Management Holding AG entered into a CUSIP Global Services Subscription Agreement and refers to that agreement for a complete and accurate statement of its contents and denies any allegations inconsistent with its terms.

30. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 30, and therefore denies them on this basis.

31. Defendant admits that it provides financial data and data analytics and is headquartered in New York, New York.

32. Defendant admits that, until March 1, 2022, when FactSet purchased CGS, CGS was a part of S&P, which is located in New York, New York, and that FactSet has since owned

CGS.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 32, and therefore denies them on this basis.

33.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in the first sentence in Paragraph 33, and therefore denies them on this basis.  Paragraph 33 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations and respectfully refers the Court to the Asset Purchase Agreement and Novation Agreement for a complete and accurate statement of their contents.

34.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 34, and therefore denies them on this basis, except that Defendant admits that CUSIP identifiers are used in the trading of United States financial instruments.

35.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 35, and therefore denies them on this basis.

36.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 36, and therefore denies them on this basis.

37.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 37, and therefore denies them on this basis, except that it admits that the ABA selected S&P to manage the CSB, and that S&P sold CGS to FactSet on March 1, 2022.

38.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 38, and therefore denies them on this basis.

39.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 39, and therefore denies them on this basis.

40.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 40, and therefore denies them on this basis.

41.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 41, and therefore denies them on this basis, except it admits that ISINs are 12-character identifiers that can identify United States financial instruments traded outside the United States and that ISINs are based in part on CUSIP identifiers.

42.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 42, and therefore denies them on this basis.  To the extent that Paragraph 42 contains conclusions of law, including its reference to a "CUSIP Use Market," no response is required, and to the extent a response is required, the allegations are denied.

43.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 43, and therefore denies them on this basis, except it admits that Defendant managed the CGS business, which administered the issuance of CUSIP identifiers, which were, for a period, distributed in physical books, along with other information.

44.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 44, and therefore denies them on this basis, except it admits that Defendant managed the CGS business, which sold subscriptions to physical books and issued paper updates to the books.

45.     Paragraph 45 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 45, including on the grounds that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 45.

46.     Paragraph 46 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations and respectfully refers the Court to

the referenced S&P Global, Inc., Annual Report (Form 10-K) and FactSet Research Systems, Inc., Annual Report (Form 10-K) for a complete and accurate statement of their contents.

47.     Paragraph 47 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 47, except admits that CGS has entered into Subscription Agreements and refers to those agreements for a complete and accurate statement of their contents.

48.     Paragraph 48 contains conclusions of law to which no response is required.  Further, to the extent that the allegations in Paragraph 48 relate to claims that the Court dismissed, a response is no longer required.  To the extent a response is required, Defendant denies the allegations in Paragraph 48, including, but not limited to, on the grounds that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 48.

49.     Paragraph 49 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 49, and therefore denies them on this basis.

50.     Paragraph 50 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 50, and therefore denies them on this basis.

51.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 51, and therefore denies them on this basis.

52.     Defendant denies the allegations in Paragraph 52.

53.     Paragraph 53 contains conclusions of law to which no response is required.  Further, the allegations in Paragraph 53 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant denies the allegations.

54.     Paragraph 54 contains conclusions of law to which no response is required.  Further, to the extent that the allegations in Paragraph 54 relate to claims that the Court dismissed, a response is no longer required.  To the extent a response is required, Defendant denies the allegations in Paragraph 54, including, but not limited to, on the grounds that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 54.

55.     Paragraph 55 contains conclusions of law to which no response is required.  Further, the allegations in Paragraph 55 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant denies the allegations.

56.     Paragraph 56 contains conclusions of law to which no response is required.  Further, the allegations in Paragraph 56 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant denies the allegations, including, but not limited to, on the grounds that it lacks knowledge or information sufficient to admit or deny the allegations.  Defendant further refers to the referenced January 2021 letter from S&P to Hildene for a complete and accurate statement of its contents.

57.     Paragraph 57 contains conclusions of law to which no response is required.  Further, the allegations in Paragraph 57 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 57, including, but not limited to, on the grounds that it lacks knowledge or information sufficient to admit or deny the allegations.

58.     Paragraph 58 contains conclusions of law to which no response is required.  Further, the allegations in Paragraph 58 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 58.

59.     Paragraph 59 contains conclusions of law to which no response is required.  Further, the allegations in Paragraph 59 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 59.

60.     Paragraph 60 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 60.

61.     Paragraph 61 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 61, except it admits that it is possible to copy CUSIP identifiers from sources other than CGS.  Defendant further lacks knowledge or information sufficient to admit or deny the allegations in the second sentence in Paragraph 61, and therefore denies them on this basis.

62.     Paragraph 62 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 62, including, but not limited to, on the grounds that it lacks knowledge or information sufficient to admit or deny the allegations.

63.     Paragraph 63 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 63.

64.     Paragraph 64 contains conclusions of law to which no response is required.  Further, the allegations in Paragraph 64 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant admits that the ABA owns registered Copyright #TX-614-6660 titled "CUSIP_DB," refers to Copyright #TX-614-6660 for a complete and accurate statement of its contents, and denies the remainder of the allegations in Paragraph 64.

65.     Defendant admits the CUSIP_DB compilation may contain more than 60 data elements for more than 26 million financial instruments.

66.     Paragraph 66 contains conclusions of law to which no response is required.  Further, the allegations in Paragraph 66 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant denies the allegations. Defendant further refers to Copyright #TX-614-6660 and to Section 103 of the Copyright Act for a complete and accurate statement of their contents.

67.     Paragraph 67 contains conclusions of law to which no response is required.  Further, the allegations in Paragraph 67 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant denies the allegations, including, but not limited to, on the grounds that it lacks knowledge or information sufficient to admit or deny the allegations.

68.     Defendant refers to the relevant CUSIP Global Services Subscription Agreement for a complete and accurate statement of its contents and denies any allegations inconsistent with its terms.

69.     Defendant refers to the relevant CUSIP Global Services Subscription Agreement and Services Attachment for a complete and accurate statement of their contents and denies any allegations inconsistent with their terms.

70.     Defendant refers to the relevant CUSIP Global Services Subscription Agreement and Services Attachment for a complete and accurate statement of their contents and denies any allegations inconsistent with their terms.

71.     Paragraph 71 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 71, and therefore denies them on this basis.

72.     Defendant refers to the relevant CUSIP Global Services Subscription Agreement and Services Attachment for a complete and accurate statement of their contents and denies any allegations inconsistent with their terms.

73.     Defendant refers to the relevant CUSIP Global Services Subscription Agreement and Services Attachment entered into by each Plaintiff for a complete and accurate statement of their contents and denies any allegations inconsistent with their terms.

74.     Paragraph 74 contains conclusions of law to which no response is required.  Further, the allegations in Paragraph 74 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 74.

75.     Paragraph 75 contains conclusions of law to which no response is required.  Further, the allegations in Paragraph 75 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant denies the allegations, including, but not limited to, on the grounds that Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 75.  To the extent the allegations in Paragraph 75 seek to characterize the letter cited in Footnote 7, the letter speaks for itself.

76.     Paragraph 76 contains conclusions of law to which no response is required.  To the extent that the allegations in Paragraph 76 relate to a claim that the Court dismissed, a response is no longer required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 76.

77.     The allegations in Paragraph 77 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 77, including, but not limited to, on the grounds that Defendant lacks knowledge or information sufficient to admit or deny the allegations.

78.     The allegations in Paragraph 78 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 78, and therefore denies them on this basis.  To the extent the allegations in Paragraph 78 seek to characterize the letter cited in Footnote 8, the letter speaks for itself.

79.     The allegations in Paragraph 79 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 79, and therefore denies them on this basis.  To the extent the allegations in Paragraph 79 seek to characterize the letter cited in Footnote 8, the letter speaks for itself.

80.     The allegations in Paragraph 80 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 80, and therefore denies them on this basis, except it admits that the Financial Industry Regulatory Authority ("FINRA") is a regulatory organization that regulates member broker-dealers.

81.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 81, and therefore denies them on this basis.

82.     Paragraph 82 contains conclusions of law to which no response is required.  Further, the allegations in Paragraph 82 relate to a claim that the Court dismissed, for which a response is

no longer required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 82.

83.     The allegations in Paragraph 83 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant denies the allegations, including, but not limited to, on the grounds that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 83.

84.     Paragraph 84 contains conclusions of law to which no response is required.  Further, the allegations in Paragraph 84 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant refers to S&P's Use of Service Statement for a complete and accurate statement of its contents and denies any allegations inconsistent with its terms.

85.     Paragraph 85 contains conclusions of law to which no response is required.  Further, to the extent that the allegations in Paragraph 85 relate to a claim that the Court dismissed, a response is no longer required.  To the extent that a response is required, Defendant denies the allegations and refers to S&P's Use of Service Statement for a complete and accurate statement of its contents.

86.     To the extent that the allegations in Paragraph 86 seek to characterize the referenced January 5, 2021 letter from Alison Romeo to Hildene, Defendant refers to the letter for a complete and accurate statement of its contents.  Defendant otherwise denies the allegations in Paragraph 86.

87.     Paragraph 87 contains conclusions of law to which no response is required.  To the extent that the allegations in Paragraph 87 seek to characterize the referenced February 26, 2018

email from Paul Mertz to Dinosaur, Defendant refers to the letter for a complete and accurate statement of its contents.  Defendant otherwise denies the allegations in Paragraph 87.

88.     To the extent that the allegations in Paragraph 88 seek to characterize the referenced June 5, 2012 letter from Martin Richter to Swiss Life, Defendant refers to the letter for a complete and accurate statement of its contents.  Defendant otherwise denies the allegations in Paragraph 88.

89.     Paragraph 89 contains conclusions of law to which no response is required.  Further, the allegations in Paragraph 89 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 89.

90.     Paragraph 90 contains conclusions of law to which no response is required.  Further, the allegations in Paragraph 90 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant admits that when it managed CGS, a data user's fee was determined, in part, by the amount of data accessed, and it denies the remainder of the allegations in Paragraph 90, including, but not limited to, on the grounds that it lacks knowledge or information sufficient to admit or deny the allegations.

91.     Paragraph 91 contains conclusions of law to which no response is required.  Further, the allegations in Paragraph 91 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant denies the allegations, including, but not limited to, on the grounds that it lacks knowledge or information sufficient to admit or deny the allegations.

92.     Paragraph 92 contains conclusions of law to which no response is required.  Further, the allegations in Paragraph 92 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant denies the allegations.

93.     Paragraph 93 contains conclusions of law to which no response is required.  Further, the allegations in Paragraph 93 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant denies the allegations.

94.     Paragraph 94 contains conclusions of law to which no response is required.  Further, the allegations in Paragraph 94 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant admits that ISIN identifiers are based in part on CUSIP identifiers, and it denies the remainder of the allegations in Paragraph 94, including, but not limited to, on the grounds that it lacks knowledge or information sufficient to admit or deny the allegations.

95.     Paragraph 95 contains conclusions of law to which no response is required.  Further, the allegations in Paragraph 95 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent a response is required, Defendant denies the allegations.

96.     Paragraph 96 contains conclusions of law to which no response is required.  Further, the allegations in Paragraph 96 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant denies the allegations, including, but not limited to, on the grounds that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 96.

97.     Defendant refers to the referenced and/or relevant Subscription Agreement for a complete and accurate statement of its contents and denies any allegations inconsistent with its terms.

98.     Paragraph 98 contains conclusions of law to which no response is required.  Further, the allegations in Paragraph 98 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant denies the allegations.

99.     Defendant refers to the referenced and/or relevant Subscription Agreement for a complete and accurate statement of its contents and denies any allegations inconsistent with its terms.

100.    Paragraph 100 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant refers to the referenced and/or relevant Subscription Agreement for a complete and accurate statement of its contents and denies any allegations inconsistent with its terms.

101.    Paragraph 101 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant refers to the referenced and/or Subscription Agreement for a complete and accurate statement of its contents and denies any allegations inconsistent with its terms.

102.    Defendant refers to the referenced and/or relevant Subscription Agreement for a complete and accurate statement of its contents and denies any allegations inconsistent with its terms.

103.    Paragraph 103 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant refers to the referenced and/or relevant Subscription Agreement for a complete and accurate statement of its contents and denies any allegations inconsistent with its terms.  Defendant further lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 103, and therefore denies them on this basis.

104.     To the extent that the allegations in Paragraph 104 seek to characterize the referenced June 26 and June 27, 2012 email exchanges between Martin Richter and Richard Dartey, Defendant refers to the emails for a complete and accurate statement of their contents.  To the extent that the allegations in Paragraph 104 relate to claims that the Court dismissed, a response is no longer required.  Defendant otherwise denies the allegations in Paragraph 104.

105.     Defendant admits that Swiss Life entered into a Subscription Agreement with CGS, which was last renewed in 2019, and refers to that agreement for a complete and accurate statement of its contents.  Defendant otherwise lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 105, and therefore denies them on this basis.

106.     Paragraph 106 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant admits that Hildene entered into a Subscription Agreement with CGS, and denies the remaining allegations in Paragraph 106, including, but not limited to, on the grounds that it lacks knowledge or information sufficient to admit or deny the allegations.

107.     To the extent that the allegations in Paragraph 107 seek to characterize the referenced March 19, 2021 email from Alison Romeo to Hildene, Defendant refers to the letter for a complete and accurate statement of its contents.  Defendant otherwise denies the allegations in Paragraph 107, including to the extent that they relate to a claim that the Court dismissed, for which a response is no longer required.

108.     To the extent that the allegations in Paragraph 108 seek to characterize the referenced June 8, 2021 letter from Jeffrey Mitnick to Hildene, Defendant refers to the letter for a complete and accurate statement of its contents.  Defendant otherwise denies the allegations in

Paragraph 108, including to the extent that they relate to a claim that the Court dismissed, for which a response is no longer required.

109.    To the extent that the allegations in Paragraph 109 seek to characterize the referenced August 31, 2021 letter from Daphne Shephard to Hildene, Defendant refers to the letter for a complete and accurate statement of its contents.  Defendant otherwise denies the allegations in Paragraph 109, including to the extent that they relate to a claim that the Court dismissed, for which a response is no longer required.

110.    To the extent that the allegations in Paragraph 110 seek to characterize the referenced September 9, 2021 email from Daphne Shephard to Hildene, Defendant refers to the letter for a complete and accurate statement of its contents.  Defendant otherwise denies the allegations in Paragraph 110, including to the extent that they contain conclusions of law and/or relate to a claim that the Court dismissed, for which a response is no longer required.

111.    Paragraph 111 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 111, except admits that it is a provider of credits ratings and that it is one of the largest providers of credit ratings in the United States.

112.    Paragraph 112 contains conclusions of law to which no response is required.  Further, the allegations in Paragraph 112 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant denies the allegations in the first and second sentences and lacks knowledge or information sufficient to admit or deny the allegations in the remainder of the paragraph, and therefore denies the allegations on that basis.

113.     Paragraph 113 contains conclusions of law to which no response is required. Further, the allegations in Paragraph 113 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 113, including, but not limited to, on the grounds that it lacks knowledge or information sufficient to admit or deny the allegations.

114.     Paragraph 114 contains conclusions of law to which no response is required. Further, the allegations in Paragraph 114 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent a response is required, Defendant denies the allegations in Paragraph 114.

115.     Paragraph 115 contains conclusions of law to which no response is required. Further, the allegations in Paragraph 115 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant denies the allegations.

116.     The allegations in Paragraph 116 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent a response is required, Defendant refers to the referenced X9 procedures for a complete and accurate statement of their contents, and otherwise denies the remaining allegations in Paragraph 116 on the grounds that Defendant lacks knowledge or information sufficient to admit or deny the allegations.

117.     The allegations in Paragraph 117 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent a response is required, Defendant refers to the referenced ANSI Intellectual Property Rights policy for a complete and accurate statement of its contents, and otherwise denies the remaining allegations in Paragraph 117 on the grounds that Defendant lacks knowledge or information sufficient to admit or deny the allegations.

118.     Paragraph 118 contains conclusions of law to which no response is required. Further, the allegations in Paragraph 118 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant refers to the referenced X9 procedures and ANSI Intellectual Property Rights policy for a complete and accurate statement of their contents, and otherwise denies the allegations in Paragraph 118 on the grounds that Defendant lacks knowledge or information sufficient to admit or deny the allegations.

119.     Paragraph 119 contains conclusions of law to which no response is required. Further, the allegations in Paragraph 119 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant refers to the referenced X9 procedures and policies and 2014 and 2020 ANSI X9 CUSIP Standards for a complete and accurate statement of their contents, and otherwise denies the allegations in Paragraph 119 on the grounds that Defendant lacks knowledge or information sufficient to admit or deny the allegations.

120.     The allegations in Paragraph 120 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant refers to the referenced CGS website for a complete and accurate statement of its contents and denies any allegations inconsistent with its terms.

121.     Paragraph 121 contains conclusions of law to which no response is required. Further, the allegations in Paragraph 121 relate to a claim that the Court dismissed, for which a response is no longer required.   To the extent a response is required, Defendant denies the allegations in Paragraph 121 and refers to the referenced CGS License Fee Policy for a complete and accurate statement of its contents.

122.    Paragraph 122 contains conclusions of law to which no response is required. Further, the allegations in Paragraph 122 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant denies the allegations.

123.    Paragraph 123 contains conclusions of law to which no response is required. Further, the allegations in Paragraph 123 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant denies the allegations.

124.    Paragraph 124 contains conclusions of law to which no response is required. Further, the allegations in Paragraph 124 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant denies the allegations.

125.    Paragraph 125 contains conclusions of law to which no response is required. Further, the allegations in Paragraph 125 relate to a claim that the Court dismissed, for which a response is no longer required.  To the extent that a response is required, Defendant denies the allegations.

126.    Paragraph 126 contains conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies the allegations.

127.    Paragraph 127 contains conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies the allegations.

128.    Paragraph 128 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 128.

129.     Paragraph 129 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 129.

130.     Paragraph 130 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 130.

131.     Paragraph 131 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 131.

132.     Paragraph 132 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 132.

133.     Paragraph 133 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 133, including, but not limited to, on the grounds that Defendant lacks knowledge or information sufficient to admit or deny the allegations.

134.     Paragraph 134 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 134.

135.     Paragraph 135 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 135.

136.     Paragraph 136 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 136.

137.     Paragraph 137 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 137.

138.     Paragraph 138 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 138.

139.     Paragraph 139 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 139.

140.     Paragraph 140 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 140, except it admits that Plaintiffs seek damages and injunctive relief.

141.     Paragraph 141 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 141.

142.     Paragraph 142 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 142.

143.     Paragraph 143 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 143.

144.     Paragraph 144 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 144.

145.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 145, and denies on that basis, except it admits that Plaintiffs are represented by Competition Law Partners PLLC, Kaplan Fox & Kilsheimer LLP, and Wollmuth Maher & Deutsch LLP.

146.     Paragraph 146 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 146.

147.     Paragraph 147, including sub-parts (a) through (n), contains conclusions of law to which no response is required.  Further, to the extent that the allegations in Paragraph 147 relate to claims that the Court dismissed, a response is no longer required.  To the extent a response is required, Defendant denies the allegations in Paragraph 147.

148.    Paragraph 148 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 148.

149.    Paragraph 149 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 149, and denies them on that basis.

150.    Paragraph 150 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 150.

151.    Paragraph 151 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 151 and refers to the referenced Letter from Peter Warms, Senior Manager, Bloomberg, to Brent Fields, Secretary, SEC (Oct. 10, 2017) for a complete and accurate statement of its contents.

152.    Paragraph 152 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 152.

153.    Paragraph 153 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 153 and refers to the referenced contracts for a complete and accurate statement of their contents.

154.    Paragraph 154 contains conclusions of law to which no response is required.  To the extent the allegations in Paragraph 154 seek to characterize the article cited in Footnote 12, the article speaks for itself.  Defendant denies the allegations in Paragraph 154, including, but not limited to, on the grounds that it lacks knowledge or information sufficient to admit or deny the allegations.

155.    Defendant refers to the referenced Municipal Securities Rulemaking Board's Website Terms of Use, MSRB (Apr. 29, 2022) for a complete and accurate statement of its contents, and otherwise denies the allegations in Paragraph 155.

156.    To the extent the allegations in Paragraph 156 seek to characterize the article cited in Footnote 12, the article speaks for itself.   Defendant otherwise denies the allegations in Paragraph 156, including, but not limited to, on the grounds that it lacks knowledge or information sufficient to admit or deny the allegations.

157.    Paragraph 157 contains conclusions of law to which no response is required.   To the extent a response is required, Defendant denies the allegations in Paragraph 157.

158.    Paragraph 158 contains conclusions of law to which no response is required.   To the extent a response is required, Defendant denies the allegations in Paragraph 158.

159.    Paragraph 159 contains conclusions of law to which no response is required.   To the extent a response is required, Defendant denies the allegations in Paragraph 159.

160.    Paragraph 160 contains conclusions of law to which no response is required.   To the extent a response is required, Defendant denies the allegations in Paragraph 160.

161.    Paragraph 161 contains conclusions of law to which no response is required.   To the extent a response is required, Defendant denies the allegations in Paragraph 161.

162.    Paragraph 162 contains conclusions of law to which no response is required.   To the extent a response is required, Defendant denies the allegations in Paragraph 162.

**First Claim for Relief**

**(Declaratory Judgment Under the Declaratory Judgment Act, 28 U.S.C. § 2201 and the United States Copyright Act of 1976, 17 U.S.C. § 101 et seq.)**

**(On Behalf of the CUSIP User Class Against All Defendants)**

163.     Defendant repeats and incorporates by reference each and every response contained above as if fully set forth herein.

164.     The count for which these allegations were made has been dismissed, and therefore this paragraph does not require an answer.

165.     The count for which these allegations were made has been dismissed, and therefore this paragraph does not require an answer.

166.     The count for which these allegations were made has been dismissed, and therefore this paragraph does not require an answer.

167.     The count for which these allegations were made has been dismissed, and therefore this paragraph does not require an answer.

**Second Claim for Relief**

**(Monopolization in Violation of Section 2 of the Sherman Act, Unlawful Maintenance of Monopoly Power)**

**(On Behalf of the CUSIP User Class Against S&P and FactSet)**

168.     Defendant repeats and incorporates by reference each and every response contained above as if fully set forth herein.

169.     Paragraph 169 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 169.

170.     Paragraph 170 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 170.

171.     Paragraph 171 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 171.

172.     Paragraph 172 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 172.

173.     Paragraph 173 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 173.

174.     Paragraph 174 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 174.

<u>**Third Claim for Relief**</u>

**(Conspiracy to Monopolize in Violation of Section 2 of the Sherman Act)**

**(On Behalf of the CUSIP User Class Against All Defendants)**

175.     Defendant repeats and incorporates by reference each and every response contained above as if fully set forth herein.

176.     Paragraph 176 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 176.

177.     Paragraph 177 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 177.

178.     Paragraph 178 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 178.

179.     Paragraph 179 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 179.

180.     Paragraph 180 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 180.

181.    Paragraph 181 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 181.

182.    Paragraph 182 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 182.

**Fourth Claim for Relief**

**(Group Boycott in Violation of Section 1 of the Sherman Act)**

**(On Behalf of the CUSIP User Class Against All Defendants)**

183.    Defendant repeats and incorporates by reference each and every response contained above as if fully set forth herein.

184.    The count for which these allegations were made has been dismissed, and therefore this paragraph does not require an answer.

185.    The count for which these allegations were made has been dismissed, and therefore this paragraph does not require an answer.

186.    The count for which these allegations were made has been dismissed, and therefore this paragraph does not require an answer.

187.    The count for which these allegations were made has been dismissed, and therefore this paragraph does not require an answer.

188.    The count for which these allegations were made has been dismissed, and therefore this paragraph does not require an answer.

189.    The count for which these allegations were made has been dismissed, and therefore this paragraph does not require an answer.

## **Fifth Claim for Relief in the Alternative**

### **(Breach of Contract)**

### **(On Behalf of the CUSIP User Class Against All Defendants)**

190.    Defendant repeats and incorporates by reference each and every response contained above as if fully set forth herein.

191.    The count for which these allegations were made has been dismissed, and therefore this paragraph does not require an answer.

192.    The count for which these allegations were made has been dismissed, and therefore this paragraph does not require an answer.

193.    The count for which these allegations were made has been dismissed, and therefore this paragraph does not require an answer.

194.    The count for which these allegations were made has been dismissed, and therefore this paragraph does not require an answer.

195.    The count for which these allegations were made has been dismissed, and therefore this paragraph does not require an answer.

196.    The count for which these allegations were made has been dismissed, and therefore this paragraph does not require an answer.

197.    The count for which these allegations were made has been dismissed, and therefore this paragraph does not require an answer.

**Sixth Claim for Relief**

**(Violations of New York General Business Law § 349(a))**

**(On Behalf of the New York Unfair Business Practices Sub-Class Against All Defendants)**

198.    Defendant repeats and incorporates by reference each and every response contained above as if fully set forth herein.

199.    Defendant admits that the New York General Business Law ("GBL") was in effect as to the time of the Second Amended Complaint, and refers to GBL § 349(a) for a complete and accurate statement of its contents.  Defendant denies the remaining allegations in Paragraph 199.

200.    Paragraph 200 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 200, except it admits that it does business in the State of New York.

201.    Paragraph 201 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 201.

202.    Paragraph 202 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 202.

203.    Paragraph 203 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 203.

204.    Paragraph 204 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 204.

**Seventh Claim for Relief**

**(Violations of Connecticut Unfair Trade Practices Act § 42-110b(a))**

**(On Behalf of the Connecticut Unfair Business Practices Sub-Class Against All Defendants)**

205.    Defendant repeats and incorporates by reference each and every response contained above as if fully set forth herein.

206.    Defendant admits that the Connecticut Unfair Trade Practices Act ("CUTPA") was in effect as to the time of the Second Amended Complaint, and refers to CUTPA § 42-110b(a) for a complete and accurate statement of its contents.  Defendant denies the remaining allegations in Paragraph 206.

207.    Paragraph 207 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant admits that it does business in the State of Connecticut and denies the remaining allegations in Paragraph 207.

208.    Paragraph 208 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 208.

209.    Paragraph 209 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 209.

210.    Paragraph 210 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 210.

211.    Paragraph 211 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 211.

### Eighth Claim for Relief

### (Injunctive Relief)

### (On Behalf of the Injunctive Relief Class Against FactSet and the ABA)

212.    No response is required because Defendant is not subject to this Count.  To the extent a response is required, Defendant repeats and incorporates by reference each and every response contained above as if fully set forth herein.

213.    No response is required because Defendant is not subject to this Count.  To the extent a response is required, Defendant denies the allegations in Paragraph 213.

214.    No response is required because Defendant is not subject to this Count.  To the extent a response is required, Defendant denies the allegations in Paragraph 214.

### PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any relief against it, and Defendant requests that the Court dismiss all remaining claims against it with prejudice and order such further relief for Defendant as the Court deems just and proper.

### JURY DEMAND

Defendant demands a trial by jury to decide all issues triable in this case.

### AFFIRMATIVE AND OTHER DEFENSES

Without admitting any of the facts alleged in the Second Amended Complaint or assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of Plaintiffs' claims, Defendant asserts the following affirmative and other defenses:

## FIRST DEFENSE

Plaintiffs' claims are barred because the Second Amended Complaint and each purported claim for relief stated therein fail to allege facts sufficient to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, because neither Plaintiffs nor any purported members of the proposed class have standing as they have not suffered any injury in fact.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because neither Plaintiffs nor any purported member of the proposed class have antitrust standing because they have not suffered injury of the type the antitrust laws were intended to prevent by reason of any conduct alleged in the Second Amended Complaint.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because neither Plaintiffs nor any purported member of the proposed class have suffered any damages, and/or any damages that Plaintiffs allege to have suffered are too remote, speculative, and/or uncertain to be capable of ascertainment and allocation.  Plaintiffs' claims are further barred because any injuries they may have suffered are not proximately or materially attributable to Defendant's conduct.

## FIFTH DEFENSE

To the extent Plaintiffs have stated a claim on which relief may be granted, Plaintiffs have failed to mitigate any and all losses and/or damages claimed.

**SIXTH DEFENSE**

Plaintiffs' claims and the remedies they seek are barred, in whole or part, because Plaintiffs seek duplicative damages.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because any conduct engaged in by Defendants was not anticompetitive, but rather was lawful, procompetitive, based on independent, legitimate business and economic justifications, justified under the rule of reason, and caused no injury to competition, and thus cannot support a claim sounding in antitrust.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Defendant's alleged conduct is protected under the *Noerr-Pennington* doctrine and the First Amendment to the U.S. Constitution.

**NINTH DEFENSE**

This action is not a proper class action under Federal Rule of Civil Procedure 23 because, *inter alia*, Plaintiffs' claims are futile, Plaintiffs' claims are not typical or common of those of the putative class, Plaintiffs are not adequate representatives of the putative class, common issues do not predominate over individual issues, damages cannot be proven on a class-wide basis, the class is based on a faulty definition of the relevant market, and a class action is not a superior method of adjudication of this case.

**TENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the statute of limitations and/or laches in that Plaintiffs have unreasonably delayed efforts to enforce their rights, if any.

## ELEVENTH DEFENSE

Plaintiffs' claim for equitable relief, including for injunctive relief, is barred because Plaintiffs have an adequate remedy at law.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, due to release, waiver, quasi-estoppel, and/or estoppel because of Plaintiffs' ratification of, or acquiescence, agreement, or consent to, Defendant's conduct.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they are precluded by the ABA's copyright of the CUSIP_DB database or other aspects of copyright law.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not third-party beneficiaries to any contract between Defendant and another party.

## FIFTEENTH DEFENSE

Plaintiffs' claims under N.Y. GBL § 349 and/or under CUTPA are preempted in whole or in part by federal law, including the Copyright Act.

## SIXTEENTH DEFENSE

S&P adopts by reference any defense, not otherwise expressly set forth herein, that is pleaded by any other defendant in this action.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

Defendant has not completed its full investigation of the facts of this case and has not completed discovery.   The defenses asserted herein are based on Defendant's knowledge, information, and belief at this time.  Defendant reserves the right to raise any additional defenses,

counterclaims, cross-claims, and third-party claims not asserted herein of which it becomes aware through discovery or other investigation and/or to modify, amend, or supplement any defense contained herein at any time.

**WHEREFORE**, Defendant respectfully requests that this Court dismiss the Second Amended Complaint in its entirety with prejudice; award Defendant its reasonable attorneys' fees and costs related to this dispute; and grant Defendant such other and further relief as the Court deems just and proper.

Dated: September 8, 2023
      New York, New York

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Eric J. Stock*
    Eric J. Stock
    Alexander H. Southwell
    Esther Lifshitz
    200 Park Avenue
    New York, NY 10166
    Tel.: (212) 351-2301
    Fax: (212) 716-0801
    estock@gibsondunn.com
    asouthwell@gibsondunn.com
    elifshitz@gibsondunn.com

*Attorneys for Defendant S&P Global Inc.*