**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
DINOSAUR FINANCIAL GROUP LLC,   :
HILDENE CAPITAL MANAGEMENT,   :  Case No. 1:22-cv-1860-KPF
LLC and SWISS LIFE INVESTMENT   :    1:22-cv-1929-KPF
MANAGEMENT HOLDING AG, on behalf :
of themselves and all others similarly  :
situated,             :
                :
     Plaintiffs,      :
                :
    -against-      :
                :
S&P GLOBAL, INC., AMERICAN    :
BANKERS ASSOCIATION, and FACTSET :
RESEARCH SYSTEMS INC.,     :
                :
     Defendants.     :
                :
------------------------------------------------------------------X

**DEFENDANT FACTSET RESEARCH SYSTEMS INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO**
**THE SECOND AMENDED CLASS ACTION COMPLAINT**

   Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant FactSet

Research Systems Inc. ("FactSet"), by and through its undersigned counsel, hereby answers

allegations of the Plaintiffs' Second Amended Class Action Complaint (the "SAC"), filed on

December 21, 2022, based upon actual knowledge as to itself and otherwise upon information

and belief as to all other persons and events.  All allegations (for clarity, including allegations in

footnotes) not expressly admitted are denied.  FactSet expressly reserves the right to amend,

supplement, and/or revise this Answer.

   FactSet responds herein only to allegations directed at FactSet individually.  FactSet

denies knowledge or information sufficient to form a belief as to the truth of the allegations as to

other defendants, unless FactSet expressly states otherwise.  Moreover, in accordance with the

Court's Order and Opinion on Defendants' Motion to Dismiss Second Amended Class Action

Complaint (hereinafter "ECF No. 107"), FactSet only responds to "the remaining claims" and

factual allegations pertinent to those claims in the SAC.

All headings included herein are taken from the SAC and are included only for

convenience.  As headings, and not allegations, they require no response.  To the extent that any

headings implicate facts otherwise denied in this Answer, FactSet also denies those facts in the

headings.

No response is required to the introductory material included in the unnumbered

paragraph on page 1 because it contains a generalized summary of the Plaintiffs bringing this

action.

## I.     INTRODUCTION

1.      To the extent that the allegations in Paragraph 1 contain legal conclusions, no

response is required.  All remaining factual allegations in Paragraph 1 are denied.

2.      FactSet admits that the CUSIP identifier is an identifier for United States financial

instruments and that it is defined in a standards specification document.  To the extent that the

allegations in Paragraph 2 contain legal conclusions, no response is required.  All remaining

factual allegations in Paragraph 2 are denied.

3.      FactSet admits that CUSIP is an acronym that stands for Committee on Uniform

Security Identification Procedures and that a CUSIP identifier can be used to identify a particular

financial instrument.  FactSet denies the remaining allegations in Paragraph 3.

4.      FactSet admits that the each CUSIP identifier is a nine-character alphanumeric

identifier for a specific financial instrument, and that it specifies the name of the issuing entity

and the type of issue (which may characterize the issue as a debt or equity instrument).  FactSet

also admits that the structure of the CUSIP identifier was initially determined more than 50 years ago.  FactSet further admits the facts set forth in the chart, which was taken from a previous version of the CGS website.  To the extent that the allegations in Paragraph 4 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 4 are denied.

5.      FactSet admits that the American Bankers Association ("ABA") asserts proprietary rights in the CUSIP identification system, that it selected S&P to initially manage the issuance of CUSIP identifiers, and that it holds the copyright registrations on the CUSIP_DB data compilation.  FactSet also admits that the CUSIP_DB data compilation may contain up to 60 or more data elements for particular instruments, including the CUSIP identifier, for more than 26 million financial instruments.  The remaining allegations in Paragraph 5 are denied.

6.      FactSet admits that three of the up to 60 or more data elements in the CUSIP_DB compilation associated with a particular financial instrument are: (i) the CUSIP identifier, (ii) the issuer name, and (iii) the type of issue.  In accordance with ECF No. 107, FactSet will not provide a response to allegations concerning copyright in a CUSIP identifier.  To the extent that the allegations in Paragraph 6 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 6 are denied.

7.      FactSet admits that it purchased CUSIP Global Services ("CGS") from S&P Global, Inc. ("S&P") on March 1, 2022 for $1.925 billion through an asset purchase agreement.  FactSet also admits that it agreed with S&P and the ABA to take over the licensing and administration of the CUSIP identifier system on behalf of the ABA.  To the extent that the allegations in Paragraph 7 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 7 are denied.

8.      FactSet admits that the ABA helped to establish the X9 Standards Committee ("X9") and that X9 later separated from the ABA.  To the extent that the allegations in Paragraph 8 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 8 are denied.

9.       FactSet admits that CUSIP identifiers may be used, *inter alia*, to process, clear, and settle trades and to conduct research and analysis.  To the extent that the allegations in Paragraph 9 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 9 are denied.

10.      FactSet denies all the allegations in Paragraph 10, except that FactSet admits that CGS Subscription Agreements preclude the misappropriation or misuse of CGS Data as defined in the agreements.

11.      To the extent that the allegations in Paragraph 11 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 11 are denied.

12.      FactSet denies all the allegations in Paragraph 12.

13.      In accordance with ECF No. 107, FactSet will not respond to the allegations in Paragraph 13.

14.      In accordance with ECF No. 107, FactSet will not provide a response to allegations concerning a group boycott or manipulation of the standard setting process.  To the extent that the remaining allegations in Paragraph 14 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 14 are denied.

15.      In accordance with ECF No. 107, FactSet will not respond to the allegations in Paragraph 15.

16.     To the extent that the allegations in Paragraph 16 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 16 are denied.

17.     In accordance with ECF No. 107, FactSet will not respond to the allegations in Paragraph 17.

18.     In accordance with ECF No. 107, FactSet will not respond to the allegations in Paragraph 18 concerning injunctive relief with regard to the dismissed claims under 15 U.S.C. § 1.  To the extent that the allegations in Paragraph 18 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 18 are denied.

## II.     JURISDICTION AND VENUE

19.     In accordance with ECF No. 107, FactSet will not provide a response to the allegations in Paragraph 19 concerning Plaintiffs seeking a declaratory judgment arising under the United States Copyright Act of 1976, injunctive relief or damages under Section 1 of the Sherman Act, or damages related to a breach of contract.  To the extent that the allegations in Paragraph 19 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 19 are denied.

20.     In accordance with ECF No. 107, FactSet denies that the Court has jurisdiction over this action under 28 U.S.C. § 1338.  To the extent that the allegations in Paragraph 20 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 20 are denied.

21.     In accordance with ECF No. 107, FactSet denies that the Court has subject matter jurisdiction over this action under the Copyright Act.  To the extent that the allegations in Paragraph 21 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 21 are denied.

22.     To the extent that the allegations in Paragraph 22 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 22 are denied.

23.     FactSet admits that it transacts business in interstate commerce in the United States.  To the extent that the allegations in Paragraph 23 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 23 are denied.

24.     To the extent that the allegations in Paragraph 24 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 24 are denied.

25.     FactSet admits that it has transacted business in this District, and that the named Plaintiffs in this action signed the CUSIP Global Services CUSIP Subscription Agreement (the "CGS Subscription Agreement") and agreed to exclusive jurisdiction in the state and federal courts sitting in New York, New York for the resolution of any disputes arising from or related to that agreement.  To the extent that the allegations in Paragraph 25 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 25 are denied.

26.     FactSet admits that it transacts business in this District, and that the named Plaintiffs in this action signed the CGS Subscription Agreement and agreed to exclusive jurisdiction in the state and federal courts sitting in New York, New York for the resolution of any disputes arising from or related to that agreement.  To the extent that the allegations in Paragraph 26 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 26 are denied.

## III.    THE PARTIES

27.     FactSet admits that Dinosaur Financial Group and CGS entered into a CGS Subscription Agreement which by its terms is to be governed by the laws of New York and provides for exclusive jurisdiction in the federal and state courts of New York, New York, and

that certain descriptions of the business of Dinosaur are consistent with statements it made in the CGS Subscription Agreement.  All remaining factual allegations in Paragraph 27 are denied.

28.     FactSet admits that Hildene Capital Management, LLC and CGS entered into a CGS Subscription Agreement which by its terms is to be governed by the laws of New York and provides for exclusive jurisdiction in the federal and state courts of New York, New York, and that certain descriptions of the business of Hildene are consistent with statements it made in the CGS Subscription Agreement.  All remaining factual allegations in Paragraph 28 are denied.

29.     FactSet admits that Swiss Life Investment Management Holding AG and CGS entered into a CGS Subscription Agreement which by its terms is to be governed by the laws of New York and provides for exclusive jurisdiction in the federal and state courts of New York, New York, and that certain descriptions of the business of Swiss Life are consistent with statements made in the CGS Subscription Agreement.  All remaining factual allegations in Paragraph 29 are denied.

30.     Upon information and belief, FactSet admits the allegations in Paragraph 30.

31.     Upon information and belief, FactSet admits the allegations in Paragraph 31.

32.     FactSet admits that CGS was a part of S&P until March 1, 2022, when FactSet acquired CGS and that, since that date, FactSet has owned CGS.  All remaining factual allegations in Paragraph 31 are denied.

33.     FactSet admits that it provides financial data and financial data analytics to customers.  FactSet also admits that it is headquartered in Norwalk, Connecticut and maintains an office in this District.  FactSet further admits that, under the Asset Purchase Agreement between S&P and FactSet, FactSet assumed and agreed to pay, discharge, or perform certain liabilities of S&P and its affiliates to the extent related to or arising out of what that Agreement

defined as the CGS Business.  FactSet also admits that, under a Novation Agreement, the ABA

consented to FactSet's assent to the assignment of contract responsibilities of the CGS Business

from S&P, and FactSet agreed to assume all of S&P's obligations to the ABA under the CGS

Business license agreement with the ABA.  To the extent that the allegations in Paragraph 33

contain legal conclusions, no response is required.  All remaining factual allegations in

Paragraph 33 are denied.

## IV.    DEVELOPMENT OF THE CUSIP NUMBERING SYSTEM

34.    FactSet admits that a standardized method for identifying financial instruments

facilitates the clearing and settlement of trades and other transactions using electronic trading

systems, that CUSIP identifiers are unique identifiers,  that CUSIP identifiers have been defined

in a standard specification, and that CUSIP identifiers may be used, *inter alia*, for electronic

trading of certain United States financial instruments.  All remaining factual allegations in

Paragraph 34 are denied.

35.    Upon information and belief, FactSet admits the allegations in the first two

sentences of Paragraph 35.  The last sentence purports to describe reasons why certain entities

determined to adopt an identifier system, as to which FactSet has no knowledge and therefore

denies.

36.    To the extent that the alleged "shortcoming" refers to the last sentence of

Paragraph 35, FactSet incorporates herein its response concerning the last sentence of Paragraph

35.  FactSet admits the remaining allegations in Paragraph 36.

37.    FactSet admits that in 1964 the Committee on Uniform Security Identification

Procedures was created to coordinate the development of a uniform security identification

system, that this development effort was complete by the end of 1966, that the ABA created the

CUSIP Service Bureau ("CSB"), which later was renamed CGS, as the entity to administer the CUSIP system, and that the first directory including CUSIP identifiers was published in 1968. FactSet further admits that the ABA originally selected S&P to manage the CSB and that FactSet acquired CGS as of March 1, 2022.  FactSet lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual allegations in Paragraph 37 and therefore denies those allegations.

38.      FactSet lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 insofar as they relate to non-parties and therefore denies the allegations.

39.      FactSet admits that in 1972, clearing corporations began using CUSIP identifiers, making them the mandatory identifier for all brokerage firms.  FactSet further admits that in 1975, the Federal Reserve Bank's automated book entry system began using CUSIP identifiers to accelerate the transfer of United States Treasury Securities.  FactSet also admits that the Securities and Exchange Commission requires usage of a CUSIP identifier on certain forms. FactSet lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 39.

40.      FactSet lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 40, including allegations that relate to other parties and non-parties, and therefore denies the allegations.

41.      FactSet admits that International Securities Identification Numbers ("ISINs") are 12-character identifiers that can, *inter alia*, identify United States financial instruments traded on markets outside the United States.  FactSet also admits that certain ISINs are based, in part, on a CUSIP identifier.  FactSet denies the remaining allegations in Paragraph 41.

42.     To the extent that the allegations in Paragraph 42 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 42 are denied.

## V.     S&P ENLISTED THE THIRD-PARTY DATA VENDORS TO JOIN ITS PLOT TO IMPOSE ITS UNLAWFUL LICENSING SCHEME ON CUSIP USERS.

### A.     S&P Changed Its Business Model from Subscription to a Licensing Scheme.

43.     FactSet admits that CUSIP identifiers were previously distributed by CGS in physical books which also contained the CUSIP identifier, the issuer name, and issue description. FactSet lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 43 insofar as they relate to other parties and therefore denies the allegations.  To the extent that the allegations in Paragraph 43 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 43 are denied.

44.     FactSet admits that S&P offered subscriptions to books and issued paper updates to the books during the year, that subscribers were to return the books and paper updates, and that continuing subscribers would receive the next year's book and subsequent updates.  FactSet admits that one purpose of this subscription was to control the dissemination of the books and that similar policies remained in place for subscriptions to CD- ROMs that later replaced the books.  The remaining allegations of Paragraph 44 are denied.

45.     FactSet admits that it distributes data electronically.  FactSet lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 45 insofar as they relate to other parties and non-parties and therefore denies the allegations.  All remaining allegations of Paragraph 45 are denied.

46.     FactSet admits that it operates, in part, as a data vendor and, at times, competes with Bloomberg LP ("Bloomberg") and other data vendors, and that it may at times refer to other data distribution services as third-party vendors.  FactSet also admits that the quoted text in

Paragraph 46 appears in S&P's Annual Report (Form 10-K) dated February 8, 2022, and

FactSet's Annual Report (Form 10-K) dated October 21, 2022.  FactSet lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining factual

allegations in Paragraph 46 insofar as they relate to other parties and therefore denies those

allegations.

47.     FactSet denies all the allegations in Paragraph 47.

48.     FactSet admits that the CUSIP_DB compilation includes the CUSIP identifier, the

issuer name, type of issuer, and many other data fields, including:  Activity Date, ADR Program

Type, Auditor, CFI Codes (ISO and U.S.), Currency, Depository Eligible Indicator, Domicile,

Exchange Traded (Multiple Tickers/Exchanges), Financial Advisor, Form, Fund (Open/Closed

End, Investment Policy, Income Distrib. Policy – Load/No Load), Initial Public Offering

Indicator Issue Status, Ownership Restrictions Payment Status, Ticker Symbol (Multiple

Tickers/Exchanges), Type of Preferred Dividend Income, Underwriter, and Warrant (Type,

Underlying Assets, Call/Put Indicator).  FactSet is unable to respond to the allegations in

Paragraph 48 concerning the data "published in The Wall Street Journal," which are vague and

ambiguous.  FactSet denies the remaining factual allegations in Paragraph 48.

**B.      Third-Party Data Vendors Provide CUSIP Users with a Data Feed that Does Not Include the CUSIP_DB Compilation.**

49.     The allegations in Paragraph 49 are vague and ambiguous as to the meaning of

"Third-Party Data Vendors' data feeds."  FactSet lacks knowledge or information sufficient to

form a belief as to the truth or falsity of the remaining allegations of Paragraph 49 and therefore

denies those allegations.

50.     FactSet admits that certain third-party vendors deliver data that includes data

originating from the CUSIP_DB compilation.  FactSet lacks knowledge or information sufficient

to form a belief as to the truth or falsity of the remaining allegations of Paragraph 50 and therefore denies the allegations.

51.     FactSet denies all the allegations in Paragraph 51.

**C.     S&P Secured the Third-Party Data Vendors' Agreement to Boycott CUSIP Users Who Refused to Enter License Agreements with S&P.**

52.     FactSet lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 52 regarding the subjective beliefs of the parties and non-parties and therefore denies the allegations.

53.     In accordance with ECF No. 107, FactSet will not provide a response to the allegations concerning a "boycott" in Paragraph 53.  FactSet lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 53 insofar as they relate to other parties and therefore denies the allegations.  To the extent that the allegations in Paragraph 53 contain legal conclusions, no response is required.

54.     FactSet lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 54 insofar as they relate to other parties and non-parties and therefore denies the allegations.

55.     In accordance with ECF No. 107, FactSet will not provide a response to the allegations concerning a "group boycott" in Paragraph 55.  FactSet denies the remaining allegations in Paragraph 55.

56.     In accordance with ECF No. 107, FactSet will not provide a response to allegations concerning a "boycott" in Paragraph 56.  FactSet admits that CGS defined ISPs as "information service providers."  FactSet also admits that the quoted text in Paragraph 56 appears in an email from CGS to Hildene.  FactSet lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 56 relating to

other parties and therefore denies those allegations.  FactSet denies the remaining allegations in Paragraph 56.

57.      In accordance with ECF No. 107, FactSet will not provide a response to allegations concerning a "group boycott" in Paragraph 57.  FactSet lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 57 and therefore denies those allegations.

58.      FactSet lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 58 and therefore denies the allegations.

59.      In accordance with ECF No. 107, FactSet will not provide a response to allegations concerning a "group boycott" in Paragraph 59.  FactSet denies the remaining allegations in Paragraph 59.

> **D.     S&P's Unlawful Agreements with Third-Party Data Vendors and with CUSIP Users Excluded All Competition and Innovation from the CUSIP Use Market.**

60.      To the extent that the allegations in Paragraph 60 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 60 are denied.

61.      FactSet admits that the CUSIP identifiers and information relating to the identified securities may be available from public sources other than CGS.  To the extent that the allegations in Paragraph 61 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 61 are denied.

62.      To the extent that the allegations in Paragraph 62 contain legal conclusions, no response is required.  All factual allegations in Paragraph 62 are denied.

63.      To the extent that the allegations in Paragraph 63 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 63 are denied.

## VI.   DEFENDANTS' LICENSING SCHEME HAS NO LAWFUL BASIS BECAUSE CUSIP USERS DO NOT COPY ALL OR SUBSTANTIALLY ALL OF THE CUSIP_DB COMPILATION.

64.     FactSet admits that the ABA owns the copyright for a CUSIP_DB compilation, and that a copyright for CUSIP_DB was registered with the United States Copyright Office as TX0006146660, which claims authorship of "additions & rev. compilation of database material." In accordance with ECF No. 107, FactSet will not provide a response to allegations concerning copyright in a CUSIP identifier.  The remaining allegations in Paragraph 64 set forth legal conclusions to which no response is required.  To the extent a response is required, FactSet denies the allegations of Paragraph 64.

65.      FactSet admits that the CUSIP_DB compilation may contain up to more than 60 data elements for more than 26 million financial instruments identified by a CUSIP identifier.

66.     FactSet admits that copyright registration number TX0006146660 is a registration of copyright in a compilation.  To the extent that the allegations in Paragraph 66 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 66 are denied.

67.     To the extent that the allegations in Paragraph 67 contain legal conclusions, no response is required.  FactSet lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 67 and therefore denies the allegations.

68.     FactSet denies that the quoted text in Paragraph 68 appears in template versions of the CGS Subscription Agreement offered by FactSet, but admits that the text appeared in a prior version of a CGS Subscription Agreement.  To the extent that the allegations in Paragraph 68 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 68 are denied.

69.     FactSet admits that the quoted text in Paragraph 69 appears in template versions of the CGS Subscription Agreement.  To the extent that the allegations in Paragraph 69 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 69 are denied.

70.     FactSet admits that versions of the Services Attachment have given a subscriber entity the option to access data from the entire CUSIP_DB compilation.  FactSet denies the remaining allegations of Paragraph 70.

71.     FactSet admits that many entities, including financial institutions, have voluntarily entered into a direct agreement to access and receive data from the entire CUSIP_DB compilation.  To the extent that the allegations in Paragraph 71 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 71 are denied.

72.     FactSet admits that the Services Attachment offers subscribers the option of obtaining an electronic data feed or bulk download of data from the CUSIP_DB compilation and that, pursuant to the Services Attachment, entities select among these options. FactSet denies the remaining allegations in Paragraph 72.

73.     FactSet admits that each of the three named Plaintiffs elected to receive an electronic feed or bulk download of certain data originating from the CUSIP_DB database.

74.     To the extent that the allegations in Paragraph 74 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 74 are denied.

75.     FactSet admits that the quoted text in Paragraph 75 appears in the November 10, 2010 letter to Chairman Mary Schapiro cited in footnote 7, but denies each of the statements in the quoted text.  To the extent that the allegations in Paragraph 75 contain legal conclusions, no response is required.  FactSet lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining factual allegations of Paragraph 75, and therefore denies the allegations.

VII.    **DEFENDANTS FALSELY CLAIMED TO CUSIP USERS AND THE UNITED STATES GOVERNMENT THAT THE LICENSE WAS NECESSARY BECAUSE THE CUSIP NUMBERS ARE COPYRIGHTED.**

76.    In accordance with ECF No. 107, FactSet will not provide a response to allegations concerning copyright in a CUSIP identifier.  FactSet denies the remaining allegations in Paragraph 76.

77.    In accordance with ECF No. 107, FactSet will not provide a response to allegations concerning copyright in a CUSIP identifier.  FactSet denies the remaining allegations in Paragraph 77.

78.    In accordance with ECF No. 107, FactSet will not provide a response to allegations concerning copyright in a CUSIP identifier.  To the extent that a response is required, FactSet admits that the quoted text in Paragraph 78 appears in the February 2, 2010 letter to the SEC.  FactSet lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 78 and therefore denies those allegations.

79.    In accordance with ECF No. 107, FactSet will not provide a response to allegations concerning copyright in a CUSIP identifier.  FactSet admits that, except for the bracketed modifications, the quoted text in Paragraph 79 appears in the February 2010 letter to the SEC.  FactSet lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 79 and therefore denies those allegations.

80.    In accordance with ECF No. 107, FactSet will not provide a response to allegations concerning copyright in a CUSIP identifier.  FactSet admits that the Financial Industry Regulatory Authority ("FINRA") is a self-regulatory organization that regulates

member broker-dealers.  FactSet lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 80 and therefore denies those allegations.

81.     FactSet admits that certain Application Programming Interface ("API") files from FINRA may contain CUSIP identifiers.  FactSet lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 81 and therefore denies those allegations.

82.     In accordance with ECF No. 107, FactSet will not provide a response to allegations concerning copyright in a CUSIP identifier.  To the extent a response is required, FactSet denies all the allegations in Paragraph 82.

83.     In accordance with ECF No. 107, FactSet will not provide a response to allegations concerning copyright in a CUSIP identifier.  FactSet denies the remaining allegations in Paragraph 83.

84.     FactSet denies that the quoted text in Paragraph 84 appears in current versions of the Use of Service Statement, but admits that the text appeared in previous versions of the Use of Service Statement.  In accordance with ECF No. 107, FactSet will not provide a response to allegations concerning copyright in a CUSIP identifier.  To the extent that the remaining allegations in Paragraph 84 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 84 are denied.

85.     In accordance with ECF No. 107, FactSet will not provide a response to allegations concerning copyright in a CUSIP identifier.  FactSet denies that the quoted text in Paragraph 85 appears in current versions of the Use of Service Statement, but admits that the text

appeared in previous versions of the Use of Service Statement.  FactSet denies the remaining allegations in Paragraph 85.

86.     FactSet admits that the quoted text in the second sentence of Paragraph 86 appears in the January 5, 2021 letter.  FactSet denies the remaining allegations in Paragraph 86.

87.     FactSet admits that the quoted text in Paragraph 87 appears in the February 26, 2018 email.  To the extent that the allegations in Paragraph 87 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 87 are denied.

88.     FactSet admits that the quoted text in Paragraph 88 appears in the June 5, 2012 letter.  FactSet denies the remaining allegations of Paragraph 88.

89.     FactSet denies all the allegations in Paragraph 89.

90.     FactSet admits that the fee is based, along with other factors, on the number of data records accessed in the electronic data feed or bulk download to that user.  FactSet further admits that it has allowed entities to select one of eight options, including "under 500 securities" and "greater than 40,000 securities."  FactSet denies the remaining allegations in Paragraph 90.

91.     FactSet admits that copying 500 CUSIP identifiers may not involve copying of all or substantially all of the CUSIP_DB compilation.  In accordance with ECF No. 107, FactSet will not provide a response to allegations concerning copyright in a CUSIP identifier.  To the extent that the remaining allegations in Paragraph 91 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 91 are denied.

92.     In accordance with ECF No. 107, FactSet will not provide a response to allegations concerning copyright in a CUSIP identifier.  Further, Paragraph 92 sets forth legal conclusions to which no response is required.

93.     In accordance with ECF No. 107, FactSet will not provide a response to allegations concerning copyright in a CUSIP identifier.  Further, Paragraph 93 sets forth legal conclusions to which no response is required.  All remaining factual allegations in Paragraph 93 are denied.

94.     FactSet admits that ISINs are standardized identifiers for international financial transactions involving certain financial instruments, and that certain ISINs are based on a CUSIP identifier.  To the extent that the allegations in Paragraph 94 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 94 are denied.

## VIII.   DEFENDANTS THREATEN LITIGATION AND LOSS OF CUSIP NUMBERS IF A FINANCIAL INSTITUTION REFUSES TO SIGN A LICENSE.

95.     FactSet denies all the allegations in Paragraph 95.

96.     FactSet admits that CGS has sent letters to entities that have used CGS Data received through an electronic data feed or bulk download from a CGS authorized distributor and that have not signed CGS Subscription Agreements.  In accordance with ECF No. 107, FactSet will not provide a response to allegations concerning copyright in a CUSIP identifier.  To the extent that FactSet lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 96 concerning the subjective beliefs of third parties, FactSet denies the allegations.  To the extent that the allegations in Paragraph 96 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 96 are denied.

97.     FactSet admits that the quoted text found in Paragraph 97 appears in some versions of Section 2 of the CGS Subscription Agreement.  FactSet denies the remaining allegations in Paragraph 97.

98.     In accordance with ECF No. 107, FactSet will not provide a response to allegations concerning copyright in a CUSIP identifier.  FactSet denies the remaining allegations in Paragraph 98.

99.     The quoted text found in Paragraph 99 omits text that appears in versions of Section 2 of the CGS Subscription Agreement, and on that basis FactSet denies Paragraph 99. To the extent that the allegations in Paragraph 99 contain legal conclusions, no response is required.

100.     To the extent that the allegations in Paragraph 100 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 100 are denied.

101.     Paragraph 101 inaccurately quotes text that appears in versions of Section 2 of the CGS Subscription Agreement, and on that basis FactSet denies Paragraph 101.  To the extent that the allegations in Paragraph 101 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 101 are denied.

102.     The quoted text in Paragraph 102 modifies text that appears in versions of Section 10.1 of the CGS Subscription Agreement and. on that basis, FactSet denies the allegations in Paragraph 102.

103.     FactSet admits that Swiss Life proposed deleting Section 2 of the prior version of the CGS Subscription Agreement.  FactSet denies the first sentence of Paragraph 103.  FactSet lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 103 insofar as they relate to other parties and therefore denies the allegations.

104.     FactSet admits that Swiss Life's proposed edit was not accepted, and that the quoted text in third sentence of Paragraph 104 appears in the June 26, 2012 email.  In accordance

with ECF No. 107, FactSet will not provide a response to allegations concerning copyright in a CUSIP identifier.   FactSet denies the remaining allegations in Paragraph 104.

105.     FactSet admits that Swiss Life entered into a CGS Subscription Agreement in the form provided, and that Swiss Life signed a new form agreement in 2019.  FactSet lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 105 insofar as they relate to other parties and non-parties and therefore denies the allegations.

106.     FactSet admits that Hildene was informed that because of Hildene's usage model for CGS Data it was required to sign a CGS Subscription Agreement, that Hildene signed a Subscription Agreement with CGS, and that Hildene pays CGS an annual fee to access CGS data through a third-party vendor.  FactSet lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 106 insofar as they relate to other parties and therefore denies the allegations.  FactSet denies all other allegations of Paragraph 106.

107.     FactSet admits that certain quoted text in Paragraph 107 appears in the March 19, 2021 letter from Ms. Romeo.  FactSet further admits that the signed CGS Subscription Agreement between CGS and Hildene allows Hildene to access in its database up to 2,500 "CGS Identifiers."  FactSet also admits that Ms. Romeo suggested Hildene have its counsel contact Mr. Mitnick.  In accordance with ECF No. 107, FactSet will not provide a response to the allegations concerning a "boycott" in Paragraph 107.  FactSet denies the remaining allegations in Paragraph 107.

108.     FactSet admits that the quoted text in Paragraph 108 appears in the June 8, 2021 letter from Mr. Mitnick.  In accordance with ECF No. 107, FactSet will not provide a response to

the allegations concerning a "boycott" in Paragraph 108.  FactSet denies the remaining allegations in Paragraph 108.

109.    FactSet admits that the quoted text in Paragraph 109 was included in an email from Ms. Shepard to Hildene on August 31, 2021.  FactSet denies the remaining allegations in Paragraph 109.

110.    FactSet admits that the quoted text in Paragraph 110 appears in a September 9, 2021 email sent by Ms. Shepard.  FactSet denies the remaining allegations in Paragraph 110.

111.    FactSet admits that S&P is, *inter alia*, a credit-rating agency.  FactSet lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 111 insofar as they relate to other parties and therefore denies the allegations.

## IX.    DEFENDANTS ALSO MANIPULATED THE STANDARD-SETTING PROCESS TO ELIMINATE THE REMOTE CHANCE THAT X9 WOULD ADOPT ANOTHER NUMBERING SYSTEM AS A STANDARD.

112.    FactSet admits that the ABA helped to establish the X9 Standards Committee, that X9 later separated from the ABA, that the CGS division is a voting member of X9, and that Mr. Preiss previously chaired the X9D subcommittee.  In accordance with ECF No. 107, FactSet will not respond to factual allegations concerning "exert[ing] control" over X9 in Paragraph 112. FactSet lacks knowledge or information sufficient to form a belief or falsity of the remaining allegations in Paragraph 112 insofar as they relate to other parties and therefore denies those allegations.

113.    FactSet admits that Bloomberg introduced an identifier known as the Financial Instrument Global Identifier ("FIGI").  In accordance with ECF No. 107, FactSet will not

provide a response to the allegations concerning a "conspir[acy] to use their influence over X9" in Paragraph 113.  FactSet denies the remaining allegations in Paragraph 113.

114.     In accordance with ECF No. 107, FactSet will not provide a response to the allegations concerning the "abuse[] of the standard-setting process" in Paragraph 114.  FactSet denies the remaining allegations in Paragraph 114.

## X.     IN THE ALTERNATIVE, IF CUSIP NUMBERS ARE FOUND TO BE PROTECTED BY COPYRIGHT, DEFENDANTS ARE VIOLATING THE ABA'S COMMITMENT TO X9 TO LICENSE ON FRAND TERMS.

115.     In accordance with ECF No. 107, FactSet will not provide a response to the allegations concerning copyrightability of a CUSIP identifier or the "FRAND terms" in Paragraph 115.  To the extent that the allegations in Paragraph 115 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 115 are denied.

116.     FactSet admits that quoted text in Paragraph 116 is found in a document published by X9 entitled "Procedures."  In accordance with ECF No. 107, FactSet will not provide a response to the allegations concerning "FRAND terms" in Paragraph 116.  FactSet lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 116 and therefore denies the allegations.

117.     In accordance with ECF No. 107, FactSet will not provide a response to the allegations concerning the "Assurance" cited in Paragraph 117.  FactSet lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 117 insofar as they relate to other parties and non-parties and therefore denies the allegations.

118.     In accordance with ECF No. 107, FactSet will not provide a response to the allegations concerning the "FRAND terms and conditions" in Paragraph 118.  FactSet lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 118 insofar as they relate to other parties and non-parties and therefore denies the allegations.

119.     FactSet admits that X9 is an ANSI-Accredited Standards organization, and that the quoted text in the second sentence of Paragraph 119 appears in the 2014 and 2020 ANSI X9 CUSIP standard documents.  In accordance with ECF No. 107, FactSet will not provide a response to the allegations concerning the "Assurance" cited in Paragraph 119.  All remaining factual allegations in Paragraph 119 are denied.

120.     FactSet admits that quoted text that appears in Paragraph 120 appeared on the CGS website.  FactSet denies that this quoted text "confirms" any action by the ABA.  In accordance with ECF No. 107, FactSet will not provide a response to the allegations concerning the "FRAND commitment" cited in Paragraph 120.

121.     In accordance with ECF No. 107, FactSet will not provide a response to the allegations concerning the "FRAND commitment and obligation" or concerning alleged misconduct relating to X9 in Paragraph 121.  To the extent that the allegations in Paragraph 121 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 121 are denied.

122.     FactSet admits that Bloomberg asserts that it created FIGI and that FIGI is a financial identifier.  In accordance with ECF No. 107, FactSet will not provide a response to the allegations concerning any "breach[]" or "false claims of copyright" in Paragraph 122.  FactSet lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 122 insofar as they relate to other parties and non-parties and therefore denies the allegations.  FactSet denies all other allegations of Paragraph 122.

123.     In accordance with ECF No. 107, FactSet will not provide a response to allegations concerning a "breach of the FRAND commitment."  FactSet denies the remaining allegations in Paragraph 123.

124.     In accordance with ECF No. 107, FactSet will not provide a response to the allegations concerning any "FRAND commitment" in Paragraph 124.   To the extent that the allegations in Paragraph 124 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 124 are denied.

125.     In accordance with ECF No. 107, FactSet will not provide a response to the allegations in Paragraph 125.

## XI.     RELEVANT MARKET AND DEFENDANTS' MARKET POWER

126.     FactSet denies all the allegations in Paragraph 126.

127.     FactSet lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 127 and therefore denies the allegations.

128.     FactSet denies all the allegations in Paragraph 128.

129.     FactSet denies all the allegations in Paragraph 129.

130.     FactSet denies all the allegations in Paragraph 130.

131.     FactSet denies all the allegations in Paragraph 131.

132.     FactSet denies all the allegations in Paragraph 132.

133.     FactSet admits that the CGS website acknowledges that CUSIP identifiers can be collected from publicly available data (i.e., data not originating from CGS databases).  To the extent that the allegations in Paragraph 133 contain legal conclusions, no response is required. FactSet denies the remaining allegations in Paragraph 133.

## XII.   CLASS ACTION ALLEGATIONS

134.    FactSet admits that Plaintiffs purport to bring this action as a class action.  To the extent that Paragraph 135 sets forth legal conclusions, no response is required.

135.    To the extent that the allegations in Paragraph 135 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 135 are denied.

136.    To the extent that the allegations in Paragraph 136 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 136 are denied.

137.    To the extent that the allegations in Paragraph 137 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 137 are denied.

138.    To the extent that the allegations in Paragraph 138 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 138 are denied.

139.    To the extent that the allegations in Paragraph 139 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 139 are denied.

140.    FactSet admits that Plaintiffs and the putative Classes and putative Subclasses are seeking damages and injunctive relief.  To the extent Paragraph 140 alleges that FactSet has violated any law or is liable for damages or injunctive relief, FactSet denies those allegations.

141.    To the extent that the allegations in Paragraph 141 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 141 are denied.

142.    To the extent that the allegations in Paragraph 142 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 142 are denied.

143.    To the extent that the allegations in Paragraph 143 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 143 are denied.

144.     To the extent that the allegations in Paragraph 144 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 144 are denied.

145.     FactSet admits that the SAC states that Plaintiffs are represented by Competition Law Partners PLLC, Kaplan Fox & Kilsheimer LLP, and Wollmuth Maher & Deutsch LPP.  To the extent that the allegations in Paragraph 145 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 145 are denied.

146.     To the extent that the allegations in Paragraph 146 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 146 are denied.

147.     Paragraph 147, including sub-parts (a) through (n) sets forth legal conclusions to which no response is required.  In accordance with ECF No. 107, no response is required regarding sub-parts (a), (i), and (k) of Paragraph 147.  To the extent any response is required, FactSet denies all the allegations in Paragraph 147(a)-(n).

148.     To the extent that the allegations in Paragraph 148 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 148 are denied.

149.     To the extent that Paragraph 149 sets forth legal conclusions, no response is required.  FactSet lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 149 and therefore denies the allegations.

## XIII.   THE ANTICOMPETITIVE EFFECTS OF DEFENDANTS' CONDUCT

150.     To the extent that Paragraph 150 sets forth legal conclusions, no response is required.  All remaining factual allegations in Paragraph 150 are denied.

151.     FactSet admits that the quoted text in Paragraph 151 appears in the October 10, 2017 letter from Mr. Warms.  To the extent that the allegations in Paragraph 151 contain legal

conclusions, no response is required.  All remaining factual allegations in Paragraph 151 are denied.

152.    To the extent that the allegations in Paragraph 152 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 152 are denied.

153.    FactSet admits that the current CGS Subscription Agreement provides for review of a subscriber's use of the service provided by CGS.  To the extent that the allegations in Paragraph 153 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 153 are denied.

154.    FactSet admits that Mr. Joffe is identified as the author of the article cited in Paragraph 154, footnote 12. FactSet also admits that the Municipal Securities Rulemaking Board ("MSRB") maintains a public information site for municipal bonds known as Electronic Municipal Market Access ("EMMA").  To the extent that the allegations in Paragraph 154 set forth legal conclusions or concern the conduct of third parties, no response is required.  All remaining factual allegations in Paragraph 154 are denied.

155.    FactSet admits that quoted text in Paragraph 155, footnote 13, is found on the MSRB's website.  FactSet denies the remaining allegations in Paragraph 155.

156.    FactSet admits that the quoted text in Paragraph 156 can be found in the article cited in footnote 12.  FactSet admits that MSRB has applied certain technological restrictions to inhibit downloading and copying of data from the EMMA website, including data originating from CGS.  FactSet lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 156 and therefore denies those allegations.

157.    To the extent that the allegations in Paragraph 157 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 157 are denied.

28

158.    To the extent that the allegations in Paragraph 158 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 158 are denied.

159.    To the extent that the allegations in Paragraph 159 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 159 are denied.

160.    To the extent that the allegations in Paragraph 160 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 160 are denied.

161.    To the extent that the allegations in Paragraph 161 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 161 are denied.

162.    To the extent that the allegations in Paragraph 162 contain legal conclusions, no response is required.  All remaining factual allegations in Paragraph 162 are denied.

## XIV.   CLAIMS FOR RELIEF

### First Claim for Relief

**(Declaratory Judgment Under the Declaratory Judgment Act, 28 U.S.C. § 2201 and the United States Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*)**

**(On Behalf of the CUSIP User Class Against All Defendants)**

163.    FactSet incorporates its answers to the preceding paragraphs as if fully set forth in this paragraph.

164.    In accordance with ECF No. 107, FactSet will not provide a response to the allegations in Paragraph 164.

165.    In accordance with ECF No. 107, FactSet will not provide a response to the allegations in Paragraph 165.

166.    In accordance with ECF No. 107, FactSet will not provide a response to the allegations in Paragraph 166.

167.    In accordance with ECF No. 107, FactSet will not provide a response to the allegations in Paragraph 167.

## Second Claim for Relief

**(Monopolization in Violation of Section 2 of the Sherman Act,
Unlawful Maintenance of Monopoly Power)**

**(On Behalf of the CUSIP User Class Against S&P and FactSet)**

168.    FactSet incorporates its answers to the preceding paragraphs as if fully set forth in this paragraph.

169.    FactSet denies all the allegations in Paragraph 169.

170.    FactSet denies all the allegations in Paragraph 170.

171.    FactSet denies all the allegations in Paragraph 171.

172.    FactSet denies all the allegations in Paragraph 172.

173.    FactSet denies all the allegations in Paragraph 173.

174.    FactSet denies all the allegations in Paragraph 174.

## Third Claim for Relief

**(Conspiracy to Monopolize in Violation of Section 2 of the Sherman Act)**

**(On Behalf of the CUSIP User Class Against All Defendants)**

175.    FactSet incorporates its answers to the preceding paragraphs as if fully set forth in this paragraph.

176.    FactSet denies all the allegations in Paragraph 176.

177.    FactSet denies all the allegations in Paragraph 177.

178.    FactSet denies all the allegations in Paragraph 178.

179.    FactSet denies all the allegations in Paragraph 179.

180.    FactSet denies all the allegations in Paragraph 180.

181.    FactSet denies all the allegations in Paragraph 181.

182.    FactSet denies all the allegations in Paragraph 182.

**Fourth Claim for Relief**

**(Group Boycott in Violation of Section 1 of the Sherman Act)**

**(On Behalf of the CUSIP User Class Against All Defendants)**

183.    FactSet incorporates its answers to the preceding paragraphs as if fully set forth in this paragraph.

184.    In accordance with ECF No. 107, FactSet will not provide a response to the allegations in Paragraph 184.

185.    In accordance with ECF No. 107, FactSet will not provide a response to the allegations in Paragraph 185.

186.    In accordance with ECF No. 107, FactSet will not provide a response to the allegations in Paragraph 186.

187.    In accordance with ECF No. 107, FactSet will not provide a response to the allegations in Paragraph 187

188.    In accordance with ECF No. 107, FactSet will not provide a response to the allegations in Paragraph 188.

189.    In accordance with ECF No. 107, FactSet will not provide a response to the allegations in Paragraph 189.

## **Fifth Claim for Relief in the Alternative**

### **(Breach of Contract)**

### **(On Behalf of the CUSIP User Class Against All Defendants)**

190.    FactSet incorporates its answers to the preceding paragraphs as if fully set forth in this paragraph.

191.    In accordance with ECF No. 107, FactSet will not provide a response to the allegations in Paragraph 191.

192.    In accordance with ECF No. 107, FactSet will not provide a response to the allegations in Paragraph 192.

193.    In accordance with ECF No. 107, FactSet will not provide a response to the allegations in Paragraph 193.

194.    In accordance with ECF No. 107, FactSet will not provide a response to the allegations in Paragraph 194.

195.    In accordance with ECF No. 107, FactSet will not provide a response to the allegations in Paragraph 195.

196.    In accordance with ECF No. 107, FactSet will not provide a response to the allegations in Paragraph 196.

197.    In accordance with ECF No. 107, FactSet will not provide a response to the allegations in Paragraph 197.

**Sixth Claim for Relief**

**(Violations of New York General Business Law § 349(a))**

**(On Behalf of the New York Unfair Business Practices Sub-Class Against All Defendants)**

198.     FactSet incorporates its answers to the preceding paragraphs as if fully set forth in this paragraph.

199.     FactSet admits that New York General Business Law was in effect at the time of Plaintiffs' allegations. To the extent that the allegations in Paragraph 199 contain legal conclusions, no response is required. All remaining factual allegations in Paragraph 199 are denied.

200.     FactSet admits that it conducts business in the State of New York.  FactSet denies the remaining allegations in Paragraph 200.

201.     FactSet denies all the allegations in Paragraph 201.

202.     FactSet denies all the allegations in Paragraph 202.

203.     FactSet denies all the allegations in Paragraph 203.

204.     FactSet denies all the allegations in Paragraph 204.

**Seventh Claim for Relief**

**(Violations of Connecticut Unfair Trade Practices Act § 42-110b(a))**

**(On Behalf of the Connecticut Unfair Business Practices Sub-Class Against All Defendants)**

205.     FactSet incorporates its answers to the preceding paragraphs as if fully set forth in this paragraph.

206.     FactSet admits that Connecticut Unfair Trade Practices Act ("CUPTA") was in effect at the time of Plaintiffs' allegations and admits that the quoted text in Paragraph 206 appears in CUTPA § 42-110b(a).  FactSet denies the remaining allegations in Paragraph 206.

207.    FactSet admits that it conducts business in the State of Connecticut.  FactSet denies the remaining allegations in Paragraph 207.

208.    FactSet denies all the allegations in Paragraph 208.

209.    FactSet denies all the allegations in Paragraph 209.

210.    FactSet denies all the allegations in Paragraph 210.

211.    FactSet denies all the allegations in Paragraph 211.

## Eighth Claim for Relief

### (Injunctive Relief)

### (On Behalf of the Injunctive Relief Class Against FactSet and the ABA)

212.    FactSet incorporates its answers to the preceding paragraphs as if fully set forth in this paragraph.

213.    FactSet admits that Plaintiffs seek injunctive relief.  FactSet denies the remaining allegations in Paragraph 213.

214.    FactSet denies all the allegations in Paragraph 214.

## Prayer for Relief

The remaining paragraphs of the SAC set forth a Prayer for Relief as to which no response is required.  To the extent any response is required, FactSet denies that Plaintiffs are entitled to the relief sought or any relief whatsoever from FactSet and further denies all allegations contained in the section of the SAC titled "Prayer for Relief."

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof as to any defense or issue that would otherwise rest on Plaintiffs or as to any element of Plaintiffs' remaining claims and reserving the right to amend this answer to assert any additional defenses when, and if, the course of investigation,

discovery, preparation for trial or otherwise it becomes appropriate to assert such defenses, FactSet asserts the following separate and distinct defenses.

## FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have failed to adequately allege a monopolization and/or conspiracy to monopolize claim.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because FactSet has not engaged in any anticompetitive conduct, and because Plaintiffs fail to allege a properly defined relevant market and cannot carry their burden to define a proper relevant market or prove FactSet has monopoly power in such a market.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because FactSet's alleged acts or omissions did not harm competition in any properly defined relevant market or, in the alternative, because any adverse effects on such competition were outweighed by the pro-competitive benefits arising from FactSet's actions or omissions.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they lack antitrust standing and/or did not suffer antitrust injury.

### SIXTH DEFENSE

Any damages that Plaintiffs allege to have suffered as a result of acts or omissions by FactSet are too remote, speculative, and/or uncertain to allow for recovery and such damages are not capable of ascertainment and allocation.

### SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because FactSet has not engaged in any anticompetitive conduct, and FactSet's conduct has been reasonable, procompetitive, and based on independent, legitimate business, and economic justifications, and therefore lawful.

### EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because FactSet's alleged conduct is protected under the Noerr-Pennington doctrine.

### NINTH DEFENSE

Plaintiffs' action is not properly maintainable as a class action.

### TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have failed to adequately state a claim under GBL § 349(a).

### ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have failed to adequately state a claim under CUTPA § 42-110b(a).

### TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because their alleged injuries are not legally cognizable.

## THIRTEENTH DEFENSE

Plaintiffs' claim for equitable relief, including for injunctive relief, is barred because Plaintiffs have an adequate remedy at law.

## FOURTEENTH DEFENSE

FactSet adopts by reference any defense, not otherwise expressly set forth herein, that is pleaded by any other Defendant in this action.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, FactSet demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, FactSet respectfully request entry of judgment granting the following relief:

(a) Dismissing the SAC in its entirety with prejudice;

(b) Awarding FactSet its costs of defending this action, including attorneys' fees, costs, and disbursements; and

(c) Granting such other and further relief as this Court may deem just and proper.


Dated:  September 8, 2023

*/s/ Jeffrey I. Shinder*
Jeffrey I. Shinder
CONSTANTINE CANNON LLP
335 Madison Avenue, Fl. 9
New York, NY 10017
Tel.: (212) 350-2700
Fax: (212) 350-2701
jshinder@constantinecannon.com

W. Stephen Cannon (*pro hac vice*)
Seth D. Greenstein (*pro hac vice*)
James J. Kovacs (*pro hac vice*)
CONSTANTINE CANNON LLP
1001 Pennsylvania Ave., NW
1300N
Washington, D.C. 20004
Tel.: (202) 204-3500
Fax: (202) 204-3501
scannon@constantinecannon.com
sgreenstein@constantinecannon.com
jkovacs@constantinecannon.com

*Attorneys for Defendant*
*FactSet Research Systems Inc.*