**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- X

DINOSAUR FINANCIAL GROUP, LLC,   :
HILDENE CAPITAL MANAGEMENT,   :
LLC, and SWISS LIFE INVESTMENT   :
MANAGEMENT HOLDING AG on behalf   :    Case No. 22-cv-1860-KPF
of themselves and all others similarly   :
situated,   :
  :
            Plaintiffs,   :
  :
      -against-   :
  :
S&P GLOBAL, INC. AMERICAN   :
BANKERS ASSOCIATION, and FACTSET   :
RESEARCH SYSTEMS INC.,   :
  :
            Defendants.   :
  :

-------------------------------------------------------- X

## ANSWER AND AFFIRMATIVE AND OTHER DEFENSES
## OF DEFENDANT AMERICAN BANKERS ASSOCIATION TO THE
## <u>SECOND AMENDED CLASS ACTION COMPLAINT</u>

Pursuant to Federal Rules of Civil Procedure 8 and 12, Defendant American Bankers

Association ("ABA"), by and through its undersigned attorneys, answers the Second Amended

Class Action Complaint ("Complaint") in the action captioned *Dinosaur Financial Group LLC et*

*al v. S&P Global, Inc., et al.*, and asserts its defenses.

ABA specifically denies that it engaged in any wrongdoing or anticompetitive conduct,

including any conspiracy to monopolize, any violation of the laws of the States of New York or

Connecticut or has otherwise participated in any unfair business practice.  ABA denies that any

Plaintiff has suffered a legally cognizable claim as a result of ABA's conduct.  ABA denies any

liability to Plaintiffs or any putative Plaintiff class or subclass and denies that there is any basis

for certification.  ABA expressly reserves the right to amend its answer, supplement its defenses

or to assert counterclaims or crossclaims.

The content of Headings, to the extent they assert facts or legal conclusions relating to ABA, are not allegations as to which an answer is required, but in all events ABA denies them. It repeats them only for the purpose of organizational clarity. All allegations not specifically admitted below are denied. This includes footnotes that are associated with paragraphs of the Complaint. Unless specifically admitted, denials in ABA's response to a given paragraph apply to any footnote cited therein. The admission below that the Complaint has quoted from a document, website or other written representation accurately is not an admission that the document is relevant, admissible or accurate. ABA is not required to respond to legal conclusions, but if a Court finds it is required to do so in part or in whole, ABA denies the legal conclusions set forth in the Complaint. The paragraph numbers in ABA's answer correspond to those in the Complaint.

## ANSWER

### I. INTRODUCTION

1.      To the extent the allegations in Paragraph 1 contain legal conclusions, no response is required. ABA denies that it conspired to eliminate competition in the market for using identifiers for United States financial instruments or employed a variety of exclusionary acts. ABA denies all remaining allegations in Paragraph 1.

2.      To the extent the allegations in Paragraph 2 contain legal conclusions, no response is required. ABA admits that CUSIP identifiers are identifiers used to uniquely identify certain types of financial instruments issued in the United States. Except as expressly admitted, ABA denies all remaining allegations in Paragraph 2.

3.      ABA admits that CUSIP is an acronym that stands for "Committee on Uniform Securities Identification Procedures" and that CUSIP identifiers are used to identify certain

financial instruments.  Except as expressly admitted, ABA denies all remaining allegations in Paragraph 3.

4.     ABA admits that CUSIP identifiers are nine-digit alphanumeric identifiers used to uniquely identify specific financial instruments and provide additional information, including the name of the issuing entity and the type of issue (which may characterize the issue as a debt or equity instrument).  CUSIP admits the structure of the CUSIP identifier was developed over 50 years ago.  ABA admits that the chart provides an example and description of a CUSIP for Amazon.com Inc common stock, which is taken from the CUSIP Global Services ("CGS") website.  To the extent the allegations in Paragraph 4 contain legal conclusions, no response is required.  Except as expressly admitted, ABA denies all remaining allegations in Paragraph 4.

5.     ABA admits that ABA owns copyright registrations for the CUSIP_DB which is the master database for the CUSIP identifier system and contains issued CUSIPs and information related to each CUSIPs' security issuance.  ABA also admits that the CUSIP_DB contains more than 60 data elements regarding more than 26 million unique financial instruments.  Except as expressly admitted, ABA denies all remaining allegations in Paragraph 5.

6.     ABA admits that three of the more than 60 elements in the CUSIP_DB associated with a given financial instrument are (i) the CUSIP identifier; (ii) the issuer name, and (iii) the type of issues.  Pursuant to ECF 107, no response is required concerning the copyright in a CUSIP identifier.  To the extent the allegations in Paragraph 6 contain legal conclusions, no response is required.  Except as expressly admitted, ABA denies all remaining allegations in Paragraph 6.

7.     ABA admits that ABA and CGS, a division of S&P Financial Services, entered an agreement whereby CGS served as the CUSIP Service Bureau with a license to assign CUSIP

identifiers to eligible securities and their issuers.  ABA also admits that it entered a Novation

Agreement whereby the delegation of licensing and management of the CUSIP identifier system

was transferred from CGS, a division of S&P Global Market Intelligence (as successor to S&P

Financial Services), to FactSet Research Systems Inc. through an asset purchase agreement.

CGS, now a division of FactSet, continues to manage the CUSIP identifier system.  To the extent

the allegations in Paragraph 7 contain legal conclusions, no response is required.  Except as

expressly admitted, ABA denies all remaining allegations in Paragraph 7.

8.      ABA admits that it helped establish X9 and that the CUSIP system became an

American National Standard in 1976 following the approval of the CUSIP standard for unique

securities identifiers by the X9 Standards Committee.  ABA also admits that the X9 Committee

has continued to approve the ANSI X9.6 (CUSIP) standard for unique securities identifiers.

Except as expressly admitted, ABA denies all remaining allegations in Paragraph 8.

9.      ABA admits that CUSIP identifiers are used to uniquely identify certain types of

financial instruments and that numerous types of entities may use CUSIP identifiers to process,

clear and settle trades.  ABA also admits that certain entities have entered Subscription

Agreement for access to and use of "CGS Data" as defined in those Agreements.  ABA admits

that in footnote 1, Plaintiffs purport to define a putative "Class" as referring to "CUSIP User

Class" in footnote 1, but denies that Plaintiffs have established or can establish the factual

prerequisites to class certification and/or maintenance of the alleged class pursuant to Rule 23 of

the Federal Rules of Civil Procedure.  To the extent the allegations in Paragraph 9 contain legal

conclusions, no response is required.  Except as expressly admitted, ABA denies all remaining

allegations in Paragraph 9.

10.     To the extent the allegations in Paragraph 10 contain legal conclusions, no response is required.  ABA admits that CGS Subscription Agreements preclude the unauthorized use of "CGS Data" as defined in the Agreements.  Except as expressly admitted, ABA denies all remaining allegations in Paragraph 10.

11.     To the extent the allegations in Paragraph 11 contain legal conclusions, no response is required.  ABA admits that in Footnote 2, Plaintiffs purport to define the term "all or substantially all of a compilation" to include "in the form and arrangement in which it is maintained on defendants' servers."  ABA admits it has copyrights in the CUSIP_DB.  ABA denies all remaining allegations in Paragraph 11.

12.     ABA denies all allegations in Paragraph 12.

13.     Plaintiffs' copyright claims were dismissed pursuant to ECF 107 and, on that basis, no response to the allegations in Paragraph 13 is required.  To the extent a response is required, ABA denies all allegations in Paragraph 13.

14.     Plaintiffs' Group Boycott and manipulation of the standard setting process claims were dismissed pursuant to ECF 107 and, on that basis, no response to the allegations regarding such claims in Paragraph 14 is required.  To the extent the allegations in Paragraph 14 contain legal conclusions, no response is required.  ABA denies all remaining allegations in Paragraph 14.

15.     Plaintiffs' Section 1 claims were dismissed pursuant to ECF 107 and, on that basis, no response to the allegations in Paragraph 15 is required.  To the extent a response is required, ABA denies all allegations in Paragraph 15.

16.     To the extent the allegations in Paragraph 16 contain legal conclusions, no response is required.  ABA denies all remaining allegations in Paragraph 16.

17.     Plaintiffs' breach of contract claims were dismissed pursuant to ECF 107 and, on that basis, no response to the allegations in Paragraph 17 is required.  To the extent a response is required, ABA denies all allegations in Paragraph 17.

18.     The allegations for injunctive relief as to the dismissed claims under 15 U.S.C. § 1 were dismissed pursuant to ECF 107 and, on that basis, no response to those allegations is required.  To the extent the allegations in Paragraph 18 contain legal conclusions, no response is required.  ABA denies all remaining allegations in Paragraph 18.

## II. JURISDICTION AND VENUE

19.     Plaintiffs' Section 1 and Copyright Act claims were dismissed pursuant to ECF 107 and, on that basis, no response as to allegations arising under Section 1 of the Sherman Act or the Copyright Act is required.  To the extent the allegations in Paragraph 19 contain legal conclusions, no response is required.  ABA denies all remaining allegations in Paragraph 19.

20.     Plaintiffs' Section 1 and Copyright Act claims were dismissed pursuant ECF 107 and, on that basis, no response as to allegations arising under Section 1 of the Sherman Act or the Copyright Act is required. To the extent the allegations in Paragraph 20 contain legal conclusions, no response is required.  ABA denies all remaining allegations in Paragraph 20.

21.     Plaintiffs' Section 1 and Copyright Act claims were dismissed pursuant ECF 107 and, on that basis, no response as to allegations arising under Section 1 of the Sherman Act or the Copyright Act is required. To the extent the allegations in Paragraph 21 contain legal conclusions, no response is required.  ABA denies all remaining allegations in Paragraph 21.

22.     Plaintiffs' Section 1 and Copyright Act claims were dismissed pursuant ECF 107 and, on that basis, no response as to allegations arising under Section 1 of the Sherman Act or the

Copyright Act is required. To the extent the allegations in Paragraph 22 contain legal conclusions, no response is required.  ABA denies all remaining allegations in Paragraph 22.

23.     Plaintiffs' Section 1 and Copyright Act claims were dismissed pursuant ECF 107 and, on that basis, no response as to allegations arising under Section 1 of the Sherman Act or the Copyright Act is required. To the extent the allegations in Paragraph 23 contain legal conclusions, no response is required.  ABA admits it transacts business in interstate commerce. Except as expressly admitted, ABA denies all remaining allegations in Paragraph 23.

24.     ABA denies all allegations in Paragraph 24.

25.     To the extent the allegations in Paragraph 25 contain legal conclusions, no response is required.  ABA admits it has transacted business in this District.  ABA denies all remaining allegations in Paragraph 25.

26.     To the extent the allegations in Paragraph 26 contain legal conclusions, no response is required.  ABA admits it has transacted business in this District.  Except as expressly admitted, ABA denies all remaining allegations in Paragraph 26.

## III. THE PARTIES

27.     To the extent the allegations in Paragraph 27 contain legal conclusions, no response is required.  ABA admits that Dinosaur Financial Group, LLC entered into a subscription agreement with CUSIP Global Services which includes a choice of law provision. As to the remaining allegations in Paragraph 27, ABA lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

28.     To the extent the allegations in Paragraph 28 contain legal conclusions, no response is required.  ABA admits that Hildene Capital Management LLC entered into a subscription agreement with CUSIP Global Services which includes a choice of law provision.

As to the remaining allegations in Paragraph 28, ABA lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

29.     To the extent the allegations in Paragraph 29 contain legal conclusions, no response is required.  ABA admits that Swiss Life Investment Management Holding AG entered into a subscription agreement with CUSIP Global Services which includes a choice of law provision.  As to the remaining allegations in Paragraph 29, ABA lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

30.     ABA admits the allegations in Paragraph 30.

31.     Upon information and belief, ABA admits the allegations in Paragraph 31.

32.     ABA admits that it initially delegated management of the CUSIP identifier system to CGS, a division of S&P Financial Services (later S&P Global Market Intelligence) until March 1, 2022 when FactSet acquired CGS and the related delegated management of the CUSIP identifier system.  Upon information and belief, FactSet has owned CGS since that date.  Except as expressly admitted, ABA denies all remaining allegations in Paragraph 32.

33.     Upon information and belief, ABA admits that FactSet provides financial data and financial data analytics to customers.  Upon information and belief, ABA also admits that FactSet is headquartered in Norwalk, Connecticut and maintains an office in this District.  ABA further admits that it entered a Novation Agreement whereby the delegation of management of CGS was transferred from S&P Global Inc. (hereafter, "S&P") to FactSet.  To the extent the allegations in Paragraph 33 contain legal conclusions, no response is required.  Except as expressly admitted, ABA denies all remaining allegations in Paragraph 33.

## IV. DEVELOPMENT OF THE CUSIP NUMBERING SYSTEM

34.     ABA admits that a standardized method for identifying financial instruments can facilitate the clearing and settlement of trades and other transactions using electronic trade systems.  ABA admits that it is beneficial for a financial instrument to have a unique identifier that electronic trading systems can read and process.  ABA admits that CUSIP identifiers are unique and that they may be used in the electronic trading of certain financial instruments in the United States.  Except as expressly admitted, ABA denies all remaining allegations in Paragraph 34.

35.     ABA admits that in 1964, the New York Clearing House Association tasked ABA with creating a system to uniquely identify each security issued in the United States and Canada to facilitate electronic processing.  ABA further admits that the CUSIP identifier system improved the speed and accuracy of processing securities and the transactions involving them. ABA lacks knowledge and information regarding the last sentence sufficient to form a belief as to its truth and on that basis, denies it.  Except as expressly admitted, ABA denies all remaining allegations in Paragraph 35.

36.     ABA admits that after the New York Clearing House tasked ABA with creating a system to uniquely identify each security, ABA worked with representatives from the Securities and Exchange Commission, the New York Stock Exchange, the American Stock Exchange, and other financial institutions to develop the CUSIP identifier system.  ABA further admits that the ABA established the Committee on Uniform Security Identification Procedures (CUSIP), among other things, to improve the speed and accuracy in the processing of securities and the transactions involving them.  Except as expressly admitted, ABA denies all remaining allegations in Paragraph 36.

37.     ABA admits that the NY Clearing House Association approached ABA to develop CUSIP in or around 1964, and that the first CUSIP directory of 1 million instruments was published in December 1968.  ABA further admits that in 1968, the CUSIP Bureau Service (CSB), the predecessor to CGS, was formed to administer the CUSIP identifier system. ABA also admits that it originally selected S&P to manage CSB and that management of CGS was transferred from S&P Global Inc. to FactSet Research Systems Inc.  Except as expressly admitted, ABA denies all remaining allegations in Paragraph 37.

38.     ABA admits that, according to the Federal Register, in February and March 1971 the SEC proposed to begin using CUSIP identifiers in its operations and in connection with certain reporting forms, EDP systems used in the analysis of securities and in the publication of certain directories.  Except as expressly admitted, ABA denies all remaining allegations in Paragraph 38.

39.     ABA admits that the SEC published a proposed rule in the Federal Register on December 2, 1971 that provided for the use of CUSIP identifiers on Form 3.  ABA admits that in 1971 the SEC adopted a rule providing for the use of CUSIP identifiers for form N-1R.  ABA admits that CGS has stated that "in 1972, all clearing corporations began using CUSIPs, making them the preferred identifiers for brokerage firms."  ABA also admits that in 1975, the Federal Reserve Bank's automated book entry system began using CUSIPs to accelerate the transfer of United States Treasury Securities.  Except as expressly admitted, ABA denies all remaining allegations in Paragraph 39.

40.     ABA admits that it established X9 in 1974, several years after ABA granted a license to CGS.  ABA also admits that, in 1974, the American National Standards Institute (ANSI) approved the scope of activity for the X9 Standards Committee on Banking, as

"Standardization for Facilitating Banking Operations," and that the X9 Standards Committee operated as part of the ABA.  ABA also admits that CUSIP was ratified by the X9 Standards Committee in 1976 as a national standard for identifying financial instruments.  Except as expressly admitted, ABA denies all remaining allegations in Paragraph 40.

41.     ABA admits that CUSIP numbers are an element of certain International Securities Identification Numbers (ISINs) and that ISINs are 12-character alphanumeric codes that can identify U.S. financial instruments traded on markets outside the U.S.  ABA lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 41 and, on that basis, denies them.

42.     To the extent the allegations in Paragraph 42 contain legal conclusions, no response is required.  As to the remaining allegations in Paragraph 42, ABA lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

## V. S&P ENLISTED THE THIRD-PARTY DATA VENDORS TO JOIN ITS PLOT TO IMPOSE ITS UNLAWFUL LICENSING SCHEME ON CUSIP USERS.

### A. S&P Changed Its Business Model from Subscription to a Licensing Scheme.

43.     ABA admits that CUSIP identifiers were previously distributed in physical books, which contain information about each financial instrument that was linked to a CUSIP identifier. This information included the issuer number, issuer name, and issue name.  Except as expressly admitted, ABA lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 43 and, on that basis, denies them.

44.     ABA admits that S&P sold subscriptions to books and issued paper updates to the books during the year, that subscribers were required to return the books and paper updates, and that continuing subscribers would receive the next year's book and subsequent updates.  ABA also admits that the subscription model allowed S&P to attempt to control the dissemination of

the books and that similar policies remained in place for subscriptions to CD-ROMs that later
replaced the books.  Except as expressly admitted, ABA denies all remaining allegations in
Paragraph 44.

45.     ABA admits that CGS distributes data electronically.  ABA lacks knowledge or
information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45
and, on that basis, denies them.

46.     ABA admits that the language quoted in Paragraph 46 appears in S&P's Annual
Report (10-K) dated February 8, 2022 as to the S&P Global Market Intelligence segment, and in
FactSet's Annual Report (Form 10-K) dated October 21, 2022.  Except as expressly admitted,
ABA lacks knowledge or information sufficient to form a belief as to the truth of all remaining
allegations in Paragraph 46 and, on that basis, denies them.

47.     ABA denies all allegations in Paragraph 47.

48.     ABA admits that the CUSIP_DB reflects a compilation of over 60 pieces of
information, including, the CUSIP identifier, the issuer name, type of issuer, and many other data
fields, including:  Activity Date, ADR Program Type, Auditor, CFI Codes (ISO and U.S.),
Currency, Depository Eligible Indicator, Domicile, Exchange Traded (Multiple
Tickers/Exchanges), Financial Advisor, Form, Fund (Open/Closed End, Investment Policy,
Income Distrib. Policy – Load/No Load), Initial Public Offering Indicator Issue Status,
Ownership Restrictions Payment Status, Ticker Symbol (Multiple Tickers/Exchanges), Type of
Preferred Dividend Income, Underwriter, and Warrant (Type, Underlying Assets, Call/Put
Indicator).  ABA admits that the CUSIP_DB is copyrighted by ABA.  ABA lacks knowledge or
information sufficient to form a belief as to the truth of the allegations in the first and second

sentence of Paragraph 48 and, on that basis, denies them.  Except as expressly admitted, ABA

denies all remaining allegations in Paragraph 48.

**B. Third-Party Data Vendors Provide CUSIP Users with a Data Feed that Does Not Include the CUSIP_DB Compilation.**

49.     ABA lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 49 and, on that basis, denies them.

50.     ABA lacks knowledge or information sufficient to form a belief as to the truth of

all remaining allegations in Paragraph 50 and, on that basis, denies them.

51.     ABA lacks knowledge or information sufficient to form a belief as to the truth of

all remaining allegations in Paragraph 51 and, on that basis, denies them.

**C. S&P Secured the Third-Party Data Vendors' Agreement to Boycott CUSIP Users Who Refused to Enter License Agreements with S&P.**

52.     ABA lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 52 and, on that basis, denies them.

53.     Plaintiffs' Section 1 claims were dismissed pursuant to ECF 107 and, on that

basis, no response to allegations arising under Section 1 of the Sherman Act—including

Plaintiffs' allegations concerning a "boycott"—is required.  ABA lacks knowledge or

information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 53

and, on that basis, denies them.

54.     ABA lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 54 and, on that basis, denies them.

55.     Plaintiffs' Section 1 claims were dismissed pursuant to ECF 107 and, on that

basis, no response to allegations arising under Section 1 of the Sherman Act—including

Plaintiffs' allegations concerning a "group boycott"—is required.  ABA lacks knowledge or

information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 55 and, on that basis, denies them.

56.     Plaintiffs' Section 1 claims were dismissed pursuant to ECF 107 and, on that basis, no response to allegations arising under Section 1 of the Sherman Act—including Plaintiffs' allegations concerning a "boycott"—is required.  ABA lacks knowledge or information sufficient to form a belief as to the truth of the alleged communication in January 2021 and, on that basis, denies it, including the assertions in footnote 4.  To the extent the allegations in Paragraph 56 contain legal conclusions, no response is required.  Except as expressly admitted, ABA denies all remaining allegations in Paragraph 56.

57.     Plaintiffs' Section 1 claims were dismissed pursuant to ECF 107 and, on that basis, no response to allegations arising under Section 1 of the Sherman Act—including Plaintiffs' allegations concerning a "group boycott"—is required.  ABA lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 57 and, on that basis, denies them.

58.     ABA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and, on that basis, denies them.

59.     Plaintiffs' Section 1 claims were dismissed pursuant to ECF 107 and, on that basis, no response to allegations arising under Section 1 of the Sherman Act—including Plaintiffs' allegations concerning a "group boycott"—is required.  ABA lacks knowledge or information sufficient to form a belief as to the truth as to any remaining allegations in Paragraph 59 and, on that basis, denies them.

**D. S&P's Unlawful Agreements with Third-Party Data Vendors and with CUSIP Users Excluded All Competition and Innovation from the CUSIP Use Market.**

60.     ABA denies all allegations in Paragraph 60.

61.     ABA admits that CUSIP identifiers are available from independent public sources other than the CUSIP_DB.  To the extent the allegations in Paragraph 61 contain legal conclusions, no response is required.  Except as expressly admitted, ABA denies all remaining allegations in Paragraph 61.

62.     ABA lacks knowledge or information sufficient to form a belief as to the truth as to the allegations in Paragraph 62 and, on that basis, denies them.

63.     To the extent the allegations in Paragraph 63 contain legal conclusions, no response is required.  ABA denies all allegations in Paragraph 63.

## VI. DEFENDANTS' LICENSING SCHEME HAS NO LAWFUL BASIS BECAUSE CUSIP USERS DO NOT COPY ALL OR SUBSTANTIALLY ALL OF THE CUSIP_DB COMPILATION.

64.     ABA admits that it owns registered Copyright TX-614-6660 titled "CUSIP_DB" in which ABA claims authorship of "additions and rev. compilation of database material" and the protections that copyright provides, as well as other copyrights related to the CUSIP identifier system.  To the extent the allegations in Paragraph 64 contain legal conclusions, no response is required.  Except as expressly admitted, ABA denies all remaining allegations in Paragraph 64.

65.     ABA admits that the CUSIP_DB may contain more than 60 data elements regarding more than 26 million unique financial instruments.  ABA lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 65 and, on that basis, denies them.

66.     ABA admits that Copyright TX-614-6660 is a registration of copyright in compilation.  To the extent the allegations in Paragraph 66 contain legal conclusions, no response is required.  Except as expressly admitted, ABA denies all remaining allegations in Paragraph 66.

67.     ABA lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning what CUSIP users do or do not want, receive, use or copy and, on that basis, denies such allegations.  To the extent the allegations in Paragraph 67 contain legal conclusions, no response is required.  ABA denies all remaining allegations in Paragraph 67.

68.     To the extent the allegations in Paragraph 68 contain legal conclusions, no response is required.  Upon information and belief, ABA admits that the language quoted in Paragraph 68 appears in a prior version of a CGS Subscription Agreement.  ABA denies all remaining allegations in Paragraph 68.

69.     Upon information and belief, ABA admits that the language quoted in Paragraph 69 appears in versions of the CGS Subscription Agreement.  To the extent the allegations in Paragraph 69 contain legal conclusions, no response is required.  ABA denies all remaining allegations in Paragraph 69.

70.     Upon information and belief, ABA admits that versions of the Services Attachment have given a subscriber entity the option to access data from the entire CUSIP_DB.  To the extent the allegations in Paragraph 70 contain legal conclusions, no response is required.  ABA denies all remaining allegations in Paragraph 70, including footnote 5.

71.     ABA admits that Plaintiffs purport to exclude the group described in Paragraph 71 from their alleged class but denies that Plaintiffs have established or can establish the factual prerequisites to class certification and/or maintenance of the alleged class pursuant to Rule 23 of the Federal Rules of Civil Procedure.  ABA admits that entities, including financial institutions, voluntarily enter into a direct agreement to access data from the CUSIP_DB.  To the extent the allegations in Paragraph 71 contain legal conclusions, no response is required.  Except as expressly admitted, ABA denies all remaining allegations in Paragraph 71.

72.     ABA admits that the Services Attachment offers subscribers the option of obtaining an electronic data feed or bulk download of an element of the data in the CUSIP_DB and that, pursuant to the Services Attachment, entities select among these options.  ABA denies all remaining allegations in Paragraph 72.

73.     Upon information and belief, ABA admits that the named Plaintiffs elected to receive an electronic feed or bulk download of certain information originating from the CUSIP_DB.  Except as expressly admitted, ABA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73 and, on that basis, denies them.

74.     To the extent the allegations in Paragraph 74 contain legal conclusions, no response is required.  ABA denies all remaining allegations in Paragraph 74.

75.     ABA admits that the language quoted in Paragraph 75 appears in the November 10, 2010 letter to Chairman Mary Shapiro cited in footnote 7, but denies each of the statements in the quoted text.  ABA lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 75, including footnote 6, and, on that basis, denies them.

**VII. DEFENDANTS FALSELY CLAIMED TO CUSIP USERS AND THE UNITED STATES GOVERNMENT THAT THE LICENSE WAS NECESSARY BECAUSE THE CUSIP NUMBERS ARE COPYRIGHTED.**

76.     Plaintiffs' Copyright Act claims were dismissed pursuant to ECF 107, and, on that basis, no response to allegations arising under the Copyright Act is required.  ABA denies all allegations in Paragraph 76.

77.     Plaintiffs' Copyright Act claims were dismissed pursuant to ECF 107, and, on that basis, no response to allegations arising under the Copyright Act is required.  ABA admits that in a February 2, 2010 letter to Elizabeth Murphy of the SEC, J. Douglas Adamson, an Executive

Vice President of the ABA made many statements, including that "ABA retains the copyright in the selection and arrangement of data compiled in the data base as well as in the CUSIP numbers themselves" and also that, "[a]s a practical matter, ABA does not charge license fees for reproduction of individual CUSIP numbers or for CUSIP numbers gathered from the public domain.  Only when a significant number of CUSIP numbers are culled from the CUSIP database do we assert our IP rights. The copyright on the CUSIP database covers that portion of the CUSIP database where the names of rated securities or obligors are displayed together with the assigned CUSIP numbers."  Except as expressly admitted, ABA denies all remaining allegations in Paragraph 77.

78.     Plaintiffs' Copyright Act claims were dismissed pursuant to ECF 107 and, on that basis, no response to allegations arising under the Copyright Act is required.  ABA admits that the SEC considered a rule, 17g-7, in early 2010 and that the letter represented that the rule would have required "each NRSRO to make publicly available on its internet website, on an annual basis, a consolidated report containing information about revenues of the NRSRO attributable to persons paying the NRSRO for the issuance or maintenance of a credit rating."  ABA further admits that under that proposed rule, each outstanding credit rating, as described in the letter, "would be required to identify, as applicable, the CIK number, CUSIP or ISIN."  ABA admits that in the February 2, 2010 letter cited in footnote 8, J. Douglas Adamson made the quoted statement to Elizabeth Murphy, with the exception that "[rating agency]" is substituted in the quote for what Mr. Adamson actually said, which is "NRSRO."  ABA lacks knowledge or information sufficient to form a belief as to the truth of the claimed reason for the proposed rule and on that basis denies it.  Except as expressly admitted, ABA denies all remaining allegations in Paragraph 78.

79.     ABA admits that the quoted language, without the bracketed language and without emphasis appears in a February 2, 2010 letter from J. Douglas Adamson to Elizabeth Murphy at the SEC.  ABA admits that the letter stated that in response to "recent amendments to SEC Rule 17g-2," CGS was amending the commercial licenses that governed the conditions under which ABA's copyrighted information would be made available to NSRSOs.  Except as expressly admitted, ABA denies all remaining allegations in Paragraph 79.

80.     Plaintiffs' Copyright Act claims were dismissed pursuant to ECF 107 and, on that basis, no response to allegations arising under the Copyright Act is required.  ABA admits that the Financial Industry Regulatory Authority ("FINRA") is a self-regulatory organization that regulates member broker-dealers.  Except as expressly admitted, ABA lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 80 and, on that basis, denies them.

81.     ABA lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 81 and, on that basis, denies them.

82.     ABA denies all allegations in Paragraph 82.

83.     ABA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and, on that basis, denies them.

84.     To the extent the allegations in Paragraph 84 contain legal conclusions, no response is required.  ABA lacks knowledge or information sufficient to form a belief as to the truth of the assertion that it appears as quoted in any Use of Service Statement.  This language varies across versions of the Statement.  ABA denies all remaining allegations in Paragraph 84.

85.     Plaintiffs' Copyright Act claims were dismissed pursuant to ECF 107 and, on that basis, no response to allegations arising under the Copyright Act is required.  ABA lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85, and, on that basis, denies them.

86.     ABA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and, on that basis, denies them.

87.     ABA lacks knowledge or information sufficient to form a belief as to the truth of all allegations in Paragraph 87 and, on that basis, denies them.

88.     ABA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and, on that basis, denies them.

89.     ABA denies the allegations in Paragraph 89.

90.     ABA admits upon information and belief that the fee is based, along with other factors, on the number of data records accessed in the electronic data feed or bulk download to that user.  Upon information and belief, ABA further admits that CGS has offered entities multiple options including "under 500 securities" and "greater than 40,000 securities."  ABA denies all remaining allegations in Paragraph 90.

91.     To the extent the allegations in Paragraph 91 contain legal conclusions, no response is required.  ABA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and, on that basis, denies them.

92.     Plaintiffs' Copyright Act claims were dismissed pursuant to ECF 107, and, on that basis, no response to allegations arising under the Copyright Act is required.  To the extent the allegations in Paragraph 92 contain legal conclusions, no response is required.  ABA denies all remaining allegations in Paragraph 92.

93.     Plaintiffs' Copyright Act claims were dismissed pursuant to ECF 107, and, on that basis, no response to allegations arising under the Copyright Act is required.  In addition, the

allegations in the first three sentences of Paragraph 93 are legal conclusions for which no response is required. ABA denies all remaining allegations in Paragraph 93.

94.     ABA admits that ISINs are standardized identifiers for international financial transactions involving certain financial instruments. ABA also admits that certain ISINs are based on a CUSIP identifier. To the extent the allegations in Paragraph 94 contain legal conclusions, no response is required. ABA lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 94, and, on that basis, denies them.

**VIII. DEFENDANTS THREATEN LITIGATION AND LOSS OF CUSIP NUMBERS IF A FINANCIAL INSTITUTION REFUSES TO SIGN A LICENSE.**

95.     ABA denies the allegations in Paragraph 95 to the extent those allegations relate to ABA's practices. To the extent the allegations are directed to other parties, ABA lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

96.     Plaintiffs' Copyright Act claims were dismissed pursuant to ECF 107 and, on that basis, no response to allegations arising under the Copyright Act is required. To the extent the allegations in Paragraph 96 contain legal conclusions, no response is required. ABA denies the allegations in the first sentence of Paragraph 96 to the extent those allegations relate to ABA's practices. To the extent the allegations are directed to other parties, ABA lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them. Except as expressly admitted, ABA denies all remaining allegations in Paragraph 96.

97.     ABA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and, on that basis, denies them.

98.     ABA denies the allegations in Paragraph 98.

99.     ABA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and, on that basis, denies them.

100.     To the extent the allegations in Paragraph 100 contain legal conclusions, no response is required.  ABA denies all remaining allegations in Paragraph 100.

101.     To the extent the allegations in Paragraph 101 contain legal conclusions, no response is required.  ABA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and, on that basis, denies them.

102.     ABA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and, on that basis, denies them.

103.     ABA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and, on that basis, denies them.

104.     ABA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 and, on that basis, denies them.

105.     ABA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 and, on that basis, denies them.

106.     ABA specifically denies the allegations in the first sentence of Paragraph 106 to the extent that sentence applies to ABA.  ABA lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 106 and, on that basis, denies them.

107.     Plaintiffs' Section 1 claims were dismissed pursuant to ECF 107 and, on that basis, no response to allegations arising under Section 1 of the Sherman Act—including Plaintiffs' allegations concerning a "boycott"—is required.  ABA lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and, on

that basis, denies them.

108.     Plaintiffs' Section 1 claims were dismissed pursuant to ECF 107 and, on that

basis, no response to allegations arising under Section 1 of the Sherman Act—including

Plaintiffs' allegations concerning a "boycott"—is required.  ABA lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and, on

that basis, denies them.

109.     ABA lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 109 and, on that basis, denies them.

110.     ABA lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 110 and, on that basis, denies them.

111.     ABA admits that S&P is a credit rating agency.  Except as expressly admitted,

ABA lacks knowledge or information sufficient to form a belief as to the truth of all remaining

allegations in Paragraph 111 and, on that basis, denies them.

## IX. DEFENDANTS ALSO MANIPULATED THE STANDARD-SETTING PROCESS TO ELIMINATE THE REMOTE CHANCE THAT X9 WOULD ADOPT ANOTHER NUMBERING SYSTEM AS A STANDARD.

112.     Plaintiffs' claims based on standard setting were dismissed pursuant to ECF 107

and, on that basis, no response is required.  To the extent an answer is required, ABA admits

that: (i) in 2001, Accredited Standards Committee X9 ("X9") separated from the ABA; (ii) prior

to that date, X9 operated within the ABA; (iii) ABA and CGS are two of the more than 50 voting

members of the X9 Accredited Standards Committee; (iv) the current Chair of the X9 Policy and

Procedures Committee is Tab Stewart of the ABA; (v) Mr. Stewart also serves as ABA's

representative on X9D2, the CUSIP Working Group; (vi) Karin Flynn is the current Chief

Financial Officer of ABA; and (vii) Scott Preiss is the current Managing Director and Global

Head of CGS and previously chaired a subcommittee of X9.  Except as expressly admitted, ABA denies all remaining allegations in Paragraph 112.

113.    Plaintiffs' claims based on standard setting were dismissed pursuant to ECF 107 and, on that basis, no response is required.  To the extent an answer is required, ABA admits that Bloomberg introduced an alternative identifier known as the Financial Instrument Global Identifier ("FIGI").  ABA admits that FIGI was approved as an American National Standard by the X9 Committee on July 29, 2021.  ABA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 113 and, on that basis, denies them.  ABA denies all remaining allegations in Paragraph 113.

114.    Plaintiffs' claims based on standard setting were dismissed pursuant to ECF 107 and, on that basis, no response is required.  To the extent an answer is required, ABA denies all allegations in Paragraph 114.

## X. IN THE ALTERNATIVE, IF CUSIP NUMBERS ARE FOUND TO BE PROTECTED BY COPYRIGHT, DEFENDANTS ARE VIOLATING THE ABA'S COMMITMENT TO X9 TO LICENSE ON FRAND TERMS.

115.    Plaintiffs' breach of contract claim was dismissed pursuant to ECF 107 and, on that basis, no response to allegations related to alleged breach of contract is required.  To the extent the allegations in Paragraph 115 contain legal conclusions, no response is required.  ABA denies all remaining allegations in Paragraph 115.

116.    ABA admits that the language quoted in Paragraph 116 is found in X9's procedures.  Plaintiffs' breach of contract claim was dismissed pursuant to ECF 107 and, on that basis, no response to allegations related to alleged breach of contract is required.  ABA denies all remaining allegations in Paragraph 116.

117.    Plaintiffs' breach of contract claim was dismissed pursuant to ECF 107, and, on that basis, no response to allegations related to alleged breach of contract is required.  To the

extent the remaining allegations in Paragraph 117 contain legal conclusions, no response is required.  ABA denies all remaining allegations in Paragraph 117.

118.    Plaintiffs' breach of contract claim was dismissed pursuant to ECF 107 and, on that basis, no response to allegations related to "FRAND" terms and conditions is required, including footnote 9.  To the extent the remaining allegations in Paragraph 118 contain legal conclusions, no response is required.  ABA denies all remaining allegations in Paragraph 118.

119.    ABA admits that X9 is an ANSI Accredited Standards organization, and that the language quoted appeared in the 2014 and 2020 ANSI X9 CUSIP Standards.  Plaintiffs' breach of contract claim was dismissed pursuant to ECF 107 and, on that basis, no response to allegations related to alleged breach of contract is required.  ABA denies all remaining allegations in Paragraph 119.

120.    Plaintiffs' breach of contract claim was dismissed pursuant to ECF 107 and, on that basis, no response to allegations related to alleged breach of contract is required.  ABA admits that CGS's website has represented that CGS seeks to charge fair, reasonable and non-discriminatory license fees for providing the convenience and functionality of access to information originating from an accurate, up-to-date and dynamic commercial database compiled and maintained by CGS.  ABA further admits that CGS also represents on its website that end-user customers are asked to complete a Use of Service Statement that allows CGS to determine the appropriate fees for that end-user customer.  ABA further admits that CGS also represents on its website that CGS's Use of Service Statement helps achieve the objective of ensuring "that end-user customers are treated in a fair, reasonable and non-discriminatory fashion and that the license fees are always directly associated with access to and usage of CGS Data."  ABA denies

that this language "confirms" any action by ABA.  ABA denies all remaining allegations in

Paragraph 120, including that the link in footnote 10 leads to the quoted language.

121.    Plaintiffs' breach of contract claim was dismissed pursuant to ECF 107, and, on

that basis, no response to allegations related to alleged breach of contract is required.  To the

extent the allegations in Paragraph 121 contain legal conclusions, no response is required.  ABA

denies all remaining allegations in Paragraph 121.

122.    ABA admits that Bloomberg created the Financial Instruments Global Identifier

(FIGI).  Plaintiffs' breach of contract claim was dismissed pursuant to ECF 107 and, on that

basis, no response to allegations related to alleged breach of contract is required.  ABA denies all

remaining allegations in Paragraph 122.

123.    Plaintiffs' breach of contract claim was dismissed pursuant to ECF 107 and, on

that basis, no response to allegations related to alleged breach of contract is required.  ABA

denies all remaining allegations in Paragraph 123.

124.    ABA admits that CGS was previously managed by S&P, and is now managed by

FactSet, on behalf of ABA.  Plaintiffs' breach of contract claim was dismissed pursuant to

ECF 107, and, on that basis, no response to allegations related to alleged breach of contract is

required.  To the extent the allegations in Paragraph 124 contain legal conclusions, no response

is required.  ABA denies all remaining allegations in Paragraph 124.

125.    Plaintiffs' breach of contract claim was dismissed pursuant to ECF 107 and, on

that basis, no response to allegations related to alleged breach of contract is required.  To the

extent the allegations in Paragraph 125 contain legal conclusions, no response is required.  ABA

denies that Plaintiffs have established the prerequisites to certification and/or maintenance of the

alleged class pursuant to Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs or any

purported Class members are owed damages.  ABA denies all remaining allegations in Paragraph 125.

## XI. RELEVANT MARKET AND DEFENDANTS' MARKET POWER

126.    ABA denies all allegations in Paragraph 126.

127.    ABA lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 127 and, on that basis, denies it.

128.    ABA denies all allegations in Paragraph 128.

129.    ABA denies all allegations in Paragraph 129.

130.    ABA denies all allegations in Paragraph 130.

131.    ABA denies all allegations in Paragraph 131.

132.    ABA denies all allegations in Paragraph 132.

133.    ABA admits that the CGS website acknowledges that CUSIP identifiers can be collected from publicly available data.  ABA denies all remaining allegations in Paragraph 133.

## XII. CLASS ACTION ALLEGATIONS

134.    ABA admits that Plaintiffs purport to seek relief on behalf of the alleged classes and sub-classes but denies that Plaintiffs have established or can establish the prerequisites to certification and/or maintenance of the alleged classes pursuant to Rule 23 of the Federal Rules of Civil Procedure.  ABA denies all remaining allegations in Paragraph 134.

135.    ABA admits that Plaintiffs purport to seek relief on behalf of the class described in Paragraph 135 but denies that Plaintiffs have established or can establish the prerequisites to certification and/or maintenance of the alleged class pursuant to Rule 23 of the Federal Rules of Civil Procedure.  ABA denies all remaining allegations in Paragraph 135.

136.    ABA admits that Plaintiffs purport to seek relief on behalf of the class described in Paragraph 136 but denies that Plaintiffs have established or can establish the prerequisites to certification and/or maintenance of the alleged class pursuant to Rule 23 of the Federal Rules of Civil Procedure.  ABA denies all remaining allegations in Paragraph 136.

137.    ABA admits that Plaintiffs purport to seek relief on behalf of the sub-class described in Paragraph 137 but denies that Plaintiffs have established or can establish the prerequisites to certification and/or maintenance of the alleged sub-class pursuant to Rule 23 of the Federal Rules of Civil Procedure.  ABA denies all remaining allegations in Paragraph 137.

138.    ABA admits that Hildene purports to seek relief on behalf of the sub-class described in Paragraph 138 but denies that it has established or can establish the prerequisites to certification and/or maintenance of the alleged sub-class pursuant to Rule 23 of the Federal Rules of Civil Procedure.  ABA denies all remaining allegations in Paragraph 138.

139.    ABA admits that the entities and individuals referenced in Paragraph 139 are not part of any class that could assert the claims asserted in the Second Amended Complaint and further denies that Plaintiffs have established or can establish the prerequisites to certification and/or maintenance of the alleged classes and sub-classes pursuant to Rule 23 of the Federal Rules of Civil Procedure.  ABA denies all remaining allegations in Paragraph 139.

140.    ABA admits that Plaintiffs purport to seek relief on behalf of the classes and sub-classes described in Paragraph 140 but denies that Plaintiffs have established or can establish the prerequisites to certification and/or maintenance of the alleged classes and sub-classes pursuant to Rule 23 of the Federal Rules of Civil Procedure.  ABA denies that Plaintiffs or any purported class or sub-class members are owed damages.  ABA denies all remaining allegations in Paragraph 140.

141.    ABA denies all allegations in Paragraph 141.

142.    ABA denies all allegations in Paragraph 142.

143.    ABA denies all allegations in Paragraph 143.

144.    ABA denies all allegations in Paragraph 144.

145.    ABA admits all Plaintiffs are represented by counsel at the firms listed in the first sentence of Paragraph 145.  ABA lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 145 and, on that basis, denies them.

146.    ABA denies all allegations in Paragraph 146.

147.    To the extent Paragraph 147, including subparts (a) through (n), contain legal conclusions, no response is required.  Pursuant to ECF 107, no response is required regarding subparts (a), (i) and (k) of this paragraph.  ABA denies all remaining allegations in Paragraph 147.

148.    To the extent the allegations in Paragraph 148 contain legal conclusions, no response is required.  ABA denies all remaining allegations in Paragraph 148.

149.    To the extent the allegations in Paragraph 149 contain legal conclusions, no response is required.  ABA lacks knowledge or information sufficient to form a belief as to what Plaintiffs do and do not know and, on that basis, denies the allegations.  ABA denies that this action can be maintained as a class action.  ABA denies all remaining allegations in Paragraph 149.

## XIII. THE ANTICOMPETITIVE EFFECTS OF DEFENDANTS' CONDUCT

150.    ABA denies all allegations in Paragraph 150.

151.    ABA admits that Bloomberg is the Registration Authority and Certified Provider of the Financial Industry Global Identifier (FIGI) standard.  ABA admits that Peter Warms of

Bloomberg wrote to the SEC on October 10, 2017, in the letter cited in footnote 11, and it includes the quoted language that appears in Paragraph 151. ABA denies the allegations in Paragraph 151 about the sequence and purpose of that language. ABA denies all remaining allegations in Paragraph 151.

152.     ABA denies the allegations in Paragraph 152.

153.     To the extent the allegations in Paragraph 153 contain legal conclusions, no response is required. ABA lacks knowledge or information sufficient to form a belief as to what unidentified "contracts" contain and, on that basis, denies that allegation. ABA denies all remaining allegations in Paragraph 153.

154.     ABA admits that Marc Joffe is identified as the author of the article cited in Paragraph 154, footnote 12 and that the Reason Foundation website identifies him as a Senior Policy Analyst at that organization. ABA admits that the Municipal Securities Rulemaking Board maintains a public information site for municipal bonds called the Electronic Municipal Market Access ("EMMA"). To the extent the allegations in Paragraph 154 contain legal conclusions, no response is required. ABA denies all remaining allegations in Paragraph 154.

155.     ABA admits that the language quoted in Paragraph 155 appears on the EMMA website, as cited in footnote 13. Except as expressly admitted, ABA denies all remaining allegations in Paragraph 155.

156.     ABA admits that the language quoted in Paragraph 156 is in the article cited in Paragraph 154, footnote 12. Except as expressly admitted, ABA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 and, on that basis, denies them.

157.     ABA denies all allegations in Paragraph 157.

158.    ABA denies all allegations in Paragraph 158.

159.    ABA denies all allegations in Paragraph 159.

160.    ABA denies all allegations in Paragraph 160.

161.    ABA denies all allegations in Paragraph 161.

162.    ABA denies all allegations in Paragraph 162.

## XIV. CLAIMS FOR RELIEF

### First Claim for Relief

**(Declaratory Judgment Under the Declaratory Judgment Act, 28 U.S.C. § 2201 and the United States Copyright Act of 1976, 17 U.S.C. § 101 et seq.)**

**(On Behalf of the CUSIP User Class Against All Defendants)**

163.  This Claim for Relief was dismissed pursuant to ECF 107, and, on that basis, no response is required.

164.    This Claim for Relief was dismissed pursuant to ECF 107, and, on that basis, no response is required.

165.    This Claim for Relief was dismissed pursuant to ECF 107, and, on that basis, no response is required.

166.    This Claim for Relief was dismissed pursuant to ECF 107, and, on that basis, no response is required.

167.    This Claim for Relief was dismissed pursuant to ECF 107, and, on that basis, no response is required.

### Second Claim for Relief

**(Monopolization in Violation of Section 2 of the Sherman Act, Unlawful Maintenance of Monopoly Power)**

**(On Behalf of the CUSIP User Class Against S&P and FactSet)**

168-174.  The Claim for Relief set forth in these paragraphs is not stated against ABA and, on that basis, ABA is not responding to these allegations.

## Third Claim for Relief

### (Conspiracy to Monopolize in Violation of Section 2 of the Sherman Act)

### (On Behalf of the CUSIP User Class Against All Defendants)

175.    ABA repeats and incorporates by reference its responses to Paragraphs 1 through 174 as if fully set forth here.

176.    ABA denies all allegations in Paragraph 176.

177.    ABA denies all allegations in Paragraph 177.

178.    ABA denies all allegations in Paragraph 178.

179.    ABA denies all allegations in Paragraph 179.

180.    ABA denies all allegations in Paragraph 180.

181.    ABA denies all allegations in Paragraph 181.

182.    ABA denies all allegations in Paragraph 182.

## Fourth Claim for Relief

### (Group Boycott in Violation of Section 1 of the Sherman Act)

### (On Behalf of the CUSIP User Class Against All Defendants)

183.  This Claim for Relief was dismissed pursuant to ECF 107, and, on that basis, no response is required.

184.    This Claim for Relief was dismissed pursuant to ECF 107, and, on that basis, no response is required.

185.    This Claim for Relief was dismissed pursuant to ECF 107, and, on that basis, no response is required.

186.    This Claim for Relief was dismissed pursuant to ECF 107, and, on that basis, no response is required.

187.    This Claim for Relief was dismissed pursuant to ECF 107, and, on that basis, no response is required.

188.    This Claim for Relief was dismissed pursuant to ECF 107, and, on that basis, no response is required.

189.    This Claim for Relief was dismissed pursuant to ECF 107, and, on that basis, no response is required.

<u>**Fifth Claim for Relief in the Alternative**</u>

**(Breach of Contract)**

**(On Behalf of the CUSIP User Class Against All Defendants)**

190.    This Claim for Relief was dismissed pursuant to ECF 107, and, on that basis, no response is required.

191.    This Claim for Relief was dismissed pursuant to ECF 107, and, on that basis, no response is required.

192.    This Claim for Relief was dismissed pursuant to ECF 107, and, on that basis, no response is required.

193.    This Claim for Relief was dismissed pursuant to ECF 107, and, on that basis, no response is required.

194.    This Claim for Relief was dismissed pursuant to ECF 107, and, on that basis, no response is required.

195.    This Claim for Relief was dismissed pursuant to ECF 107, and, on that basis, no response is required.

196.     This Claim for Relief was dismissed pursuant to ECF 107, and, on that basis, no response is required.

197.     This Claim for Relief was dismissed pursuant to ECF 107, and, on that basis, no response is required.

**Sixth Claim for Relief**

**(Violations of New York General Business Law § 349(a))**

**(On Behalf of the New York Unfair Business Practices Sub-Class Against All Defendants)**

198.     ABA repeats and incorporates by reference its responses to Paragraphs 1 through 197 as if fully set forth here.

199.     ABA admits that the New York General Business Law ("GBL") has, in some form, been in effect at the time relevant to this lawsuit.  ABA admits that the language of Section 349(a) states that "Deceptive acts or practices in the conduct of any business, trade or commerce in the furnishing of any service in this state are hereby declared unlawful."  ABA denies all remaining allegations in Paragraph 199.

200.     ABA admits that it transacts business in New York.  ABA denies all remaining allegations in Paragraph 200.

201.     ABA denies all allegations in Paragraph 201.

202.     ABA denies all allegations in Paragraph 202.

203.     ABA denies all allegations in Paragraph 203.

204.     ABA denies that Plaintiffs or any purported class or sub-class members are owed damages and denies all remaining allegations in Paragraph 204.

## Seventh Claim for Relief

### (Violations of Connecticut Unfair Trade Practices Act § 42-110b(a))

### (On Behalf of the Connecticut Unfair Business Practices Sub-Class Against All Defendants)

205.    ABA repeats and incorporates by reference its responses to Paragraphs 1 through 204 as if fully set forth here.

206.    ABA admits that the quoted language appears in the statute.  Except as expressly admitted, ABA denies all remaining allegations in Paragraph 206.

207.    ABA admits that it transacts business in the State of Connecticut.  Except as expressly admitted, ABA denies all remaining allegations in Paragraph 207.

208.    ABA denies all allegations in Paragraph 208.

209.    ABA denies all allegations in Paragraph 209.

210.    ABA denies all allegations in Paragraph 210.

211.    ABA denies all allegations in Paragraph 211.

## Eighth Claim for Relief

### (Injunctive Relief)

### (On Behalf of the Injunctive Relief Class Against FactSet and the ABA)

212.    ABA repeats and incorporates by reference its answers to Paragraphs 1 through 211 as if fully set forth here.

213.    ABA admits that Plaintiffs purport to seek injunctive relief as described in Paragraph 213.  ABA denies that any relief is warranted.  ABA denies all remaining allegations in Paragraph 213.

214.    ABA admits that Plaintiffs purport to seek injunctive relief as described in Paragraph 214.  ABA denies that any relief is warranted.  ABA denies all remaining allegations in Paragraph 214.

## ANSWER TO PRAYER FOR RELIEF

ABA denies that Plaintiffs are entitled to the relief sought or any relief whatsoever from ABA.  ABA denies all allegations in the Prayer for Relief

## ANSWER TO JURY DEMAND

ABA admits that Plaintiffs purport to request a trial by jury.

## AFFIRMATIVE DEFENSES

ABA sets forth below its affirmative defenses.  Each defense is asserted as to all claims against ABA.  By setting forth these affirmative defenses, ABA does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the Plaintiffs.  Moreover, nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiffs' allegations.

ABA reserves the right to amend or supplement its affirmative defenses and raise counterclaims or third party claims as additional facts concerning its defenses become known to it.  ABA also reserves the right to assert any and all defenses on which ABA does not bear the burden of proof.

As separate and distinct affirmative defenses, ABA alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims on behalf of themselves and the purported classes and sub-classes fail to state a claim on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

All or some of Plaintiffs' claims on behalf of themselves and the purported classes and sub-classes are barred by the doctrine of laches, in that Plaintiffs have unreasonably delayed efforts to enforce their rights, if any.

## THIRD AFFIRMATIVE DEFENSE

All or some of Plaintiffs' claims on behalf of themselves and the purported classes and sub-classes are barred because they lack standing to assert some or all of their claims and/or to seek some of the relief requested.

## FOURTH AFFIRMATIVE DEFENSE

All or some of Plaintiffs' claims on behalf of themselves and the purported classes and sub-classes are barred by the applicable statutes of limitations.

## FIFTH AFFIRMATIVE DEFENSE

All or some of Plaintiffs' claims on behalf of themselves and the purported classes and sub-classes are barred because the damages sought by Plaintiffs on behalf of themselves and the purported classes and sub-classes are speculative.

## SIXTH AFFIRMATIVE DEFENSE

All or some of Plaintiffs' claims on behalf of themselves and the purported classes and sub-classes are barred because Plaintiffs and each purported class member's damages, if any, were not caused by ABA.

## SEVENTH AFFIRMATIVE DEFENSE

All or some of Plaintiffs' claims on behalf of themselves and the purported classes and sub-classes are barred because they have not suffered and will not suffer any injury that is cognizable under the antitrust laws.

## EIGHTH AFFIRMATIVE DEFENSE

All or some of Plaintiffs' claims on behalf of themselves and the purported classes and sub-class are barred because defendants have not caused harm to competition in any plausible relevant market.

### NINTH AFFIRMATIVE DEFENSE

All or some of Plaintiffs' claims on behalf of themselves and the purported classes and sub-classes are barred because ABA's alleged activities do not give rise to antitrust liability, because they did not result in adverse effects on competition or, in the alternative, any such effects were outweighed by the pro-competitive benefits of the activities.

### TENTH AFFIRMATIVE DEFENSE

All or some of Plaintiffs' request for equitable relief on behalf of themselves and the purported classes and sub-classes are barred under the doctrine of adequacy of remedy at law.

### ELEVENTH AFFIRMATIVE DEFENSE

All or some of Plaintiffs' claims on behalf of the purported classes and subclasses are not properly maintained as a class action.

### TWELFTH AFFIRMATIVE DEFENSE

All or some of Plaintiffs' claims on behalf of themselves and the purported classes and sub-classes are barred because ABA has at all times and in all relevant matters acted reasonably, lawfully and pro-competitively.  ABA was serving legitimate business purposes, had economic justifications for its action, undertook conduct justified by the rule of reason and in furtherance of trade, in good faith, and with the purpose and effect of promoting, encouraging, or increasing competition.

### THIRTEENTH AFFIRMATIVE DEFENSE

All or some of Plaintiffs' claims on behalf of themselves and the purported classes and sub-classes are barred or unavailing as a result of the federal Copyright Laws.

## FOURTEENTH AFFIRMATIVE DEFENSE

All or some of Plaintiffs' claims on behalf of themselves and the purported classes and sub-classes are barred in whole or in part by the *Noerr-Pennington* doctrine and the First Amendment to the U.S. Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

All or some of Plaintiffs' claims on behalf of themselves and the purported classes and sub-classes are barred because Plaintiffs are not third-party beneficiaries to any contract between ABA and another party.

## SIXTEENTH AFFIRMATIVE DEFENSE

All or some of Plaintiffs' claims on behalf of themselves and the purported classes and sub-classes are barred, in whole or in part, to the extent that they released their claims.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims on behalf of themselves and the purported classes and sub-classes are barred, in whole or in part, due to waiver, quasi-estopped, and/or estoppel because of Plaintiffs' ratification of, or acquiescence, agreement or consent to Defendants' conduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate any and all losses and/or damages claimed.

## NINETEENTH AFFIRMATIVE DEFENSE

ABA adopts by reference any defense, not otherwise expressly set forth herein, that is pleaded by any other Defendants in this action.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

ABA has not completed its investigation of the facts of this case and discovery is just commencing. The defenses asserted herein are based on ABA's knowledge, information, and

belief at this time.   ABA reserves the right to raise any additional defenses, counterclaims, crossclaims, and third-party claims not asserted herein of which it becomes aware through discovery or other investigation and/or to modify, amend, or supplement any defense contained herein at any time.

## **PRAYER FOR RELIEF**

ABA prays as follows:

1.   The Plaintiffs take nothing by reason of their complaint and that judgment is rendered in favor of ABA;

2.   That the Court dismiss the Complaint in its entirety, with prejudice;

3.   That ABA be awarded its cost of suit and attorneys' fees incurred in this action (including all costs and fees associated with collecting, processing, and reviewing documents including electronically stored information), to the maximum extent permitted by law; and

4.   For such other relief as the Court deems proper.

## **DEMAND FOR JURY**

ABA hereby demands trial by jury in this action on all matters triable to a jury.

Dated:  September 8, 2023

/s/ David C. Kiernan

David C. Kiernan (*pro hac vice*)
Craig E. Stewart (*pro hac vice*)
JONES DAY
555 California St., 26th Fl.
San Francisco, CA 94104
Tel.: (415) 626-3939
Fax: (415) 875-5700
dkiernan@jonesday.com
cestewart@jonesday.com

Michelle K. Fischer (*pro hac vice*)
901 Lakeside Avenue
Cleveland, OH 44114
Tel.: (216) 586-3939
Fax: (216) 579-0212
mfischer@jonesday.com

Alexander V. Maugeri
Amanda L. Dollinger
250 Vesey Street
New York, NY 10281
Tel.: (212) 326-3939
Fax: (212) 755-7306
amaugeri@jonesday.com
adollinger@jonesday.com

*Attorneys for Defendant American Bankers Association*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 8, 2023, I caused the foregoing to be electronically filed with

the Clerk of Court and served upon all counsel of record via the CM/ECF system.

_/s/ David C. Kiernan_

*Attorney for Defendant American Bankers Association*