| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | **MEMO ENDORSED** |

---------------------------------------------------------- X
DINOSAUR FINANCIAL GROUP LLC, :
HILDENE CAPITAL MANAGEMENT, : Case No. 22-cv-1860-KPF
LLC, and SWISS LIFE INVESTMENT :
MANAGEMENT HOLDING AG on behalf :
of themselves and all others similarly :
situated, :
 :
              Plaintiffs, :
 :
    -against- :
 :
S&P GLOBAL, INC. AMERICAN :
BANKERS ASSOCIATION, and FACTSET :
RESEARCH SYSTEMS INC., :
 :
             Defendants. :
 :
---------------------------------------------------------- X

## CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER

    This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties **do not consent** to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. Settlement discussions **have not** taken place.

3. The parties **have** conferred pursuant to Fed. R. Civ. P. 26(f) on **August 11, 2023**.

4. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed by **March 29, 2024**.

5. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than **30 days** from the date of this Order.

6. Discovery

    a. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

    b.  The parties are to discuss and submit a joint proposed Order governing the designation of materials as confidential in the above-captioned matter within **30 days** from the date of this Order.

    c.  The parties are to discuss provisions for the disclosure, discovery, or preservation of electronically stored information (ESI). Any agreement reached between the parties or dispute concerning any ESI protocol shall be filed within **30 days** from the date of this Order.

    d.  The parties are also to discuss protocols for asserting claims of privilege or of protection as trial-preparation material after such information is produced, pursuant to Federal Rule of Evidence 502. Any agreement reached between the parties concerning such protocols is to be filed within **30 days** from the date of this Order.

    e.  The parties are to discuss provisions for a stipulated order governing the disclosure and non-disclosure of certain information regarding experts and consultants. Any agreement reached between the parties or dispute concerning such a stipulation shall be filed within **30 days** from the date of this Order.

7. Interim Discovery Deadlines

    a.  Initial requests for production of documents **have already commenced**. Substantial completion of document production in response to requests for production shall be accomplished no later than **August 13, 2024**.

    b.  Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York shall be served by **60 days from the date of this Order**. No Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

    c.  Unless otherwise ordered by the Court, contention interrogatories pursuant to Rule 33.3(c) of the Local Civil Rules of the Southern District of New York **may not be served earlier than the deadline for the substantial completion of document production**. Interrogatories pursuant to Rule 33.3(c) **must be served no later than 30 days before the close of fact discovery**. No other interrogatories are permitted except upon prior express permission of the Court.

    d.  Depositions of fact and class witnesses, including third parties, shall be completed by **March 14, 2025**.

        i.  Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

        ii.  Notwithstanding Fed. R. Civ. P. 30(a), there may be up to 25 depositions each of Plaintiffs (collectively) and of Defendants (collectively) with no

>> more than 10 depositions of any Plaintiff or any Defendant. For purposes of the foregoing limits, a deposition of a former officer or employee of a party shall be considered a deposition of such party. These limits, however, shall not apply to any other third parties. Within 30 days of the completion of initial disclosures made pursuant to Fed. R. Civ. P. 26(a)(1), the Parties shall meet and confer regarding any requests for upward adjustments to the number of depositions of parties pursuant to this Paragraph. If the Parties cannot agree, the Parties shall follow the procedures set forth in Paragraph 10.
>
> iii. The parties will meet and confer regarding a stipulation to govern depositions, including a provision for remote depositions, by **December 15, 2023**.
>
> iv. There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

e. All fact and class discovery shall be completed within **March 14, 2025**.

f. Absent good cause shown, motions to compel fact discovery shall be filed by. **February 14, 2025.**

g. Requests to admit shall be served by **April 14, 2025**.

h. All non-class expert discovery, if any, including reports, production of underlying documents, and depositions, shall be **conducted in accordance with a schedule to be issued following a ruling on Plaintiffs' motion for class certification. The parties shall promptly meet and confer regarding a schedule for expert discovery upon the Court's ruling on Plaintiffs' class certification motion, and file a joint proposed schedule for expert discovery no later than 7 days after the Court's decision**.

i. Any of the deadlines in paragraphs 7(a) through 7(g) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 7(e).

8. Class certification shall be governed by the following deadlines:

   a. Plaintiffs' motion for class certification and supporting expert reports are due: **June 13, 2025**.

   b. Defendants' deadline to depose Plaintiffs' class certification experts: **July 24, 2025**.

   c. Defendants' opposition to class certification, including any motions to exclude expert testimony relating to class certification, and supporting expert reports are due: **September 11, 2025**.

    d. Plaintiffs' deadline to depose Defendants' class certification experts: **October 22, 2025**.

    e. Plaintiffs' reply in support of class certification, including any motions to exclude expert testimony relating to class certification: **November 10, 2025**.

    f. No later than **7 days after any ruling on Plaintiffs' motion for class certification**, the parties shall meet and confer on a schedule for potential expert disclosures, if any, including reports, production of underlying documents, and depositions, provided that expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) **the deadlines for** non-class expert discovery, if any, shall be **governed by the procedure** set forth in paragraph 7(h).

9. All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of United States District Courts for the Southern and Eastern Districts of New York, and the Court's Individual Rules of Practice in Civil Cases ("Individual Rules"), which are available at https://nysd.uscourts.gov/hon-katherine-polk-failla.

10. In the case of discovery disputes, parties should follow Local Civil Rule 37.2 with the following modifications. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party may submit a letter to the Court, no longer than three pages, explaining the nature of the dispute and requesting an informal conference. Such a letter must include a representation that the meet-and-confer process occurred and was unsuccessful. If the opposing party wishes to respond to the letter, it must submit a responsive letter, not to exceed three pages, within three business days after the request is received. Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, by order, by conference, or by telephone.

11. All counsel must meet in person in New York for at least one hour to discuss settlement within 14 days following the close of fact discovery.

12. Before filing a summary judgment motion or a motion to exclude the testimony of merits experts, including without limitation under Rules 702-705 of the Federal Rules of Evidence and the *Daubert* v. *Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases, the moving party must file a pre-motion submission pursuant to Section 4(A) of the Court's Individual Rules. The submission shall be filed within 60 days of the close of expert discovery, or within 60 days of a decision on any motion for class certification, whichever is later, or earlier for good cause. Nothing herein precludes a party from seeking to exclude expert testimony submitted in support or opposition to class certification. Unless otherwise ordered by the Court, opposition to any such motion is to be filed four weeks after the motion is served on the opposing party, and a reply, if any, is to be filed two weeks after service of any opposition.

13. Unless otherwise ordered by the Court, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Fed. R. Civ. P. 26(a)(3) within 120 days of the close of expert discovery, or within 120 days of a decision on any motion for class certification, or within 120 days of a decision on any dispositive motion, whichever is latest. The parties shall also follow Paragraph 7 of the Court's Individual Rules, which paragraph identifies submissions that must be made at or before the time of the Joint Pretrial Order, including any motions *in limine*.

14. Joint requests to charge, joint proposed verdict forms, and joint proposed *voir dire* questions shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules. Jury instructions may not be submitted after the Joint Pretrial Order due date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A).

15. Unless the Court orders otherwise for good cause shown, the parties shall be ready for trial 60 days after the Joint Pretrial Order is filed.

16. This case **is** to be tried to a jury.

17. Counsel for the parties have conferred about the length of trial, but it is premature to predict with any accuracy at this time.

Counsel for the Parties:

**WOLLMUTH MAHER & DEUTSCH LLP**

By: /s/ *David H. Wollmuth*
David H. Wollmuth
500 Fifth Avenue, 12th Floor
New York, New York 10110
Telephone: 212.382.3300

*Counsel for Plaintiff Hildene Capital Management, LLC*

**GIBSON, DUNN & CRUTCHER LLP**

By: /s/ *Eric Stock*
Eric Stock
200 Park Avenue, 48th Floor
New York, New York 10166
Telephone: 212.351.3901

*Counsel for Defendant S&P Global*

**COMPETITION LAW PARTNERS PLLC**

By: /s/ *Leiv Blad*
Leiv Blad
1101 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: 202.742.4300

*Counsel for Plaintiffs Dinosaur Financial and Swiss Life*

**JONES DAY**

By: /s/ *David C. Kiernan*
David C. Kiernan (*pro hac vice*)
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: 415.626.3939

Alexander V. Maugeri
Amanda L. Dollinger
250 Vesey Street
New York, NY 10281
Telephone: 212.326.3939

*Counsel for Defendant American Bankers Association*

**KAPLAN FOX & KILSHEIMER LLP**

By: /s/ *Robert N. Kaplan*
Robert N. Kaplan
850 Third Avenue
New York, NY 10022
Telephone: 212.687.1980

*Counsel for Plaintiffs Dinosaur Financial and Swiss Life*

**CONSTANTINE CANNON LLP**

By: /s/ *Jeffrey I. Shinder*
Jeffrey I. Shinder
335 Madison Avenue, 9th Floor
New York, NY 10017
Telephone: 212.350.2700

*Counsel for Defendant FactSet Research Systems Inc.*

**TO BE FILLED IN BY THE COURT IF APPLICABLE:**

_____ shall file a motion for _____ no later than _____. Any opposition shall be filed by _____ and any reply shall be filed by _____. One courtesy copy of all motion papers, marked as such, shall be mailed or hand delivered to the Court by the movant at the time the reply is served. All courtesy copies should be three-hole punched, tabbed, and placed in binders as specified in the Court's Individual Rules.

The next pretrial conference is scheduled for ___`March 25, 2025`___ at ___`10:00 a.m.`___ in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007.

By Thursday of the week prior to that conference, the parties shall submit via e-mail (Failla_NYSDChambers@nysd.uscourts.gov) a joint letter, not to exceed three pages, regarding the status of the case. The letter should include the following information in separate paragraphs:

(1) A statement of all existing deadlines, due dates, and/or cut-off dates;

(2) A brief description of any outstanding motions;

(3) A brief description of the status of discovery and of any additional discovery that needs to be completed;

(4) A statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

(5) A statement of the anticipated length of trial and whether the case is to be tried to a jury;

(6) A statement of whether the parties anticipate filing motions for summary judgment, including the basis of any such motion; and

(7) Any other issue that the parties would like to address at the pretrial conference or any information that the parties believe may assist the Court in advancing the case to settlement or trial.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Unless the Court orders otherwise, parties engaged in settlement negotiations must proceed on parallel tracks, pursuing settlement and conducting discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail. Any application to modify or extend the dates herein (except as provided in paragraph 7(i)) shall be made in a written application in accordance with the Court's Individual Rules and must be made no fewer than two business days prior to the expiration of the date sought to be extended.

```
The parties are further advised that, given the extended discovery
schedules ought, the Court will not grant extensions of these
deadlines, absent extraordinary circumstances.
```

SO ORDERED.

_____
KATHERINE POLK FAILLA
United States District Judge

Dated:     September 14, 2023
           New York, New York