**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

DINOSAUR FINANCIAL GROUP LLC,
HILDENE CAPITAL MANAGEMENT, LLC and
SWISS LIFE INVESTMENT MANAGEMENT
HOLDING AG, on behalf of themselves and all
others similarly situated,

        Plaintiffs,

               -v-

S&P GLOBAL, INC., AMERICAN BANKERS
ASSOCIATION, and FACTSET RESEARCH
SYSTEMS INC.,

        Defendants.

-------------------------------------------------------------x

Case No. 1:22-CV-1860 (KPF)

## STIPULATED PROTECTIVE ORDER

The Parties to the above-captioned matter (the "Litigation"), though their undersigned counsel of record, stipulate and agree under Rule 26(c) of the Federal Rules of Civil Procedure, and the Court hereby ORDERS upon a finding of good cause, that this Stipulated Protective Order shall govern the disclosure and use of confidential and privileged information in this Litigation.

This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. The terms of this Order shall apply to Parties, as well as to any Non-Parties that produce documents or testimony pursuant to any document request, notice of deposition, or subpoena issued in this Litigation or to whom disclosure of Protected Material is made pursuant to the terms of this Order. Non-Parties must be provided with a copy of this Order along with any document request, notice of deposition, or

subpoena issued to such Non-Party in this Litigation or at the time they receive Protected Material for the first time, whichever occurs first.

DEFINITIONS GENERALLY

1. <u>Parties</u>. The term "Party" means a plaintiff or defendant in this Litigation, including the officers, directors, principals, employees, consultants, and outside counsel acting on behalf of a corporate party. "Parties" means any combination of plaintiffs or defendants in this Litigation, including the officers, directors, principals, employees, consultants, and outside counsel acting on behalf of corporate parties.  For the avoidance of doubt, the term "Party" is limited to plaintiffs or defendants named in this Litigation.

2. <u>Non-Parties</u>. The term "Non-Party" means any individual, corporation, association, or other natural person or entity that is not a Party.

3. <u>Discovery Material</u>. The term "Discovery Material" means any documents, items, or other information (regardless of the medium or manner generated, stored, or maintained) including testimony transcripts, and tangible things that are produced or generated in disclosures or responses to discovery in this Litigation including but is not limited to, deposition testimony and transcripts, answers to interrogatories, responses to requests for admission, documents, and tangible things and any material produced, filed, submitted to the Court or any persons it directs, or served by any Party or Non-Party in this Litigation, or exchanged among the Parties, or any information included in such material.  The term "document" is intended to be comprehensive and includes any and all materials in the broadest sense contemplated by Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure, including electronically stored information, Local Rule 26.3(c)(2), and Federal Rule of Evidence 1001.

4. <u>Privilege</u>. The term "privilege" means the attorney-client privilege, the work-product doctrine, the common-interest doctrine, or any other privilege, protection, or immunity recognized by law.

5. <u>Confidential Material</u>. The term "Confidential Material" means information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). Before designating any Discovery Material as Confidential, the Designating Party's counsel shall make a good faith determination that the items or information warrants such protection.

6. <u>Highly Confidential Material</u>. The term "Highly Confidential Material" means extremely sensitive Confidential Information (regardless of how it is generated, stored, or maintained) that that the Producing Party (or Designating Party) reasonably and in good faith believes is Confidential as set forth in Paragraph 5 above, that (i) is the subject of reasonable efforts to maintain its secrecy; (ii) is sufficiently valuable and secret to afford potential or actual advantage over others; (iii) is of a nature that its disclosure to existing or potential customers or competitors would cause injury of the business, commercial, competitive, or financial interests of the Producing Party; (iv) is material or information in the possession of a Party concerning which said Party has an independent obligation of confidentiality to a Non-Party or (v) which law or contract requires the equivalent of "Highly Confidential" treatment as set forth in this Stipulated Protective Order.  Information and material that may be subject to this protection includes, but is not limited to, technical and/or research and development data, intellectual property, trade secrets, financial, marketing, and other sales data, and/or information having strategic commercial value pertaining to the Designating Party's trade or business.  Before designating any Discovery Material as Highly Confidential, the Designating Party's counsel shall make a good faith determination that the item or information warrants such protection.

7. <u>Designating Party</u>. The term "Designating Party" means a Party or Non-Party that designates Discovery Material as "Confidential Material" or "Highly Confidential Material."

8. <u>Producing Party</u>.  The term "Producing Party" means a Party or Non-Party that produces Discovery Material in this Litigation.

9. <u>Receiving Party</u>.  The term "Receiving Party" means a Party or Non-Party that receives Discovery Material from a Producing Party or from a Receiving Party.

10. <u>Professional Vendors</u>.  Persons or entities that provide litigation support services of any type (including, but not limited to photocopying, videotaping, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) their employees and subcontractors.  Additionally, this term included auditors and tax professionals to the extent necessary to comply with legally mandated I.R.S. and S.E.C. reporting obligations directly related to this Litigation and includes insurers to the extent necessary to comply with the coverage terms for applicable insurance policies directly related to this Litigation.

11. <u>Protected Material</u>. The term "Protected Material" means Confidential Material and Highly Confidential Material collectively.

12. <u>Litigation</u>.  The term "Litigation" means this matter and all appeals, rehearings, remands, or trials of this action.

<u>GENERAL PROVISIONS</u>

13. <u>Scope</u>. This Stipulated Protective Order governs all Discovery Material.  However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information in the possession, custody or control of the Receiving Party prior to the

disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order as the court directs.  Nothing in this Order is intended to conflict with the applicable Local Rules.  Insofar as anything in this order does, the Local Rules will govern.

(a)     Designating Protected Material. A Designating Party may designate Discovery Material as Confidential or Highly Confidential and that material must be treated in accordance with the provisions of this Stipulated Protective Order unless and until a ruling from the Court determines otherwise.

(b)     A Designating Party shall not make confidentiality designations for an improper purpose (*e.g.* to impair case development or impose unnecessary burdens on other Parties). A Designating Party shall take care to limit any such designation to specific material that qualifies under the appropriate confidentiality designation. The Parties agree to work together on an as-needed (and by document or category or type of document) basis to address any potential over (or under) designation of Protected Material.

(c)     Protected Material shall include: (a) all copies, extracts, and complete or partial summaries prepared from or reflecting such Protected Material; (b) portions of deposition transcripts and exhibits thereto that contain, summarize, or reflect the content of such Protected Material; (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of such Protected Material; (d) written discovery questions and responses that contain, summarize or reflect the content of any such Protected Material.

14. <u>Designation of Protected Material</u>. A Party or Non-Party designating Discovery Material as Confidential Material or Highly Confidential Material in electronic or physical form that reasonably can be so marked shall mark each page or digital image of the document containing such material as "Confidential" or "Highly Confidential" in a manner as not to obliterate or obscure any written part of the Discovery Material.  If affixing the legend Confidential or Highly Confidential to each page or digital image is not reasonably possible, such as on native files, the Producing Party shall make best efforts to convey the designation in the most practicable way possible to give notice that the information is so designated. For Discovery Material produced in some form other than documentary or digital image, and for any tangible items such as recordings, photographs and things, the Designating Party shall mark the Discovery Material or its container in a prominent readily viewable place or its electronic file name as "Confidential" or "Highly Confidential."   If all or a portion of written discovery responses are entitled to protection under this Order, then the entire response may be designated as "Confidential" or "Highly Confidential," provided, however, following service of such responses and upon request of the Receiving Party, the Parties (and Non-Parties, to the extent applicable) will meet and confer regarding whether certain portions of those responses are not Protected Material and memorialize any agreement in writing.

15. <u>Objections to Confidentiality Designations or Treatment</u>. A Party may at any time, in good faith, in the manner prescribed by the Federal Rules of Civil Procedure and the Local Rules, object to the designation of any document or specific information as "Confidential Material" or "Highly Confidential Material" by stating its objection in writing (*e.g.*, by e-mail) to the Designating Party that specifies by Bates (document control) number, or with other sufficient identifying information if not Bates numbered, the document or information challenged.  All objections shall

include a statement of the legal or factual basis for each objection. The Parties (and Non-Parties, to the extent applicable) shall meet and confer within 14 days to discuss the objection and make a good faith effort to resolve any dispute by agreement or stipulation.  If the Parties (and Non-Parties, to the extent applicable) cannot reach agreement as to the designation, the objecting Party may move the Court for an order determining whether such material has been properly designated. The Designating Party or Non-Party shall bear the burden of persuading the Court that the designated material is either Confidential Material or Highly Confidential Material. Pending a decision from the Court, the challenged documents shall be treated as having been properly designated by the Producing Party. Nothing in this Paragraph shall restrict the ability of any Party to challenge confidentiality designations based on categories of documents that share a readily identifiable common basis for the designation or the ability of any Party to contest such categorical challenges on any ground.

16. Nothing in this Order prohibits a Party from producing responsive material for inspection under Federal Rule of Civil Procedure 34, under such terms and conditions as may be mutually agreeable to the Parties if a Producing Party chooses to respond via inspection.  In the event of an inspection, the Producing Party, at its own election, may wait to designate documents as Confidential or Highly Confidential once the Receiving Party identifies which documents it requires produced without waiving in any way the Producing Party's right to make such designations.

## DISCLOSURE OF PROTECTED MATERIAL

17. Confidential Material. Confidential Material may be disclosed only to:

      a.      Any officer, director, or employee of a Party providing material assistance in the conduct of this Litigation;

b.      The Parties' internal counsel, and their legal, investigative, technical, administrative, and other support staff, engaged in the conduct of this Litigation;

c.      The Parties' Counsel of Record, which shall mean the Parties' outside counsel who have appeared on behalf of a Party in the Litigation, and the attorneys, paralegals, clerical and support personnel working under the direct supervision of such counsel who are directly involved in or assisting in this Litigation (including Professional Vendors);

d.      The Court and all persons assisting the Court in the Litigation, including clerks, special masters, mediators, court reporters and videographers and their staff;

e.      Persons retained as consultants, mediators, mock jurors, or experts by any Party for the purposes of this Litigation, and principals and employees of the firms with which consultants or experts are associated and who are directly involved and assisting in this Litigation;

f.      A person whom the Confidential Material itself indicates, or the Receiving Party otherwise has a good-faith basis to believe, was the author, creator, producer, addressee, source, custodian, or recipient of the document;

g.      Any person whose statements, communications, attendance, or actions are expressly mentioned, discussed, or referred to by actual name in the Material or indicated on its face. However, Parties relying solely on this section shall redact portions of the Confidential Material neither related to the witness nor reasonably necessary to understand the portion of the document related to the witness;

h.      Any person noticed or called to testify as a witness at a deposition, hearing, mediation, trial, or other proceeding in the Litigation, and any person assisting

in the preparation, defense, or examination of the witness, provided that one of the following conditions are met: (i) the witness is an officer or designee testifying on behalf a company pursuant to Federal Rule of Civil Procedure 30(b)(6), and the document's subject matter is the subject of a topic designated for the 30(b)(6) witness; or (ii) the examining Party has a good-faith basis to believe that the witness has or had lawful access to the document containing the Confidential Material; or (iii) the witness is a current employee of the Producing Party or entity; or (iv) the witness is a former employee of the Producing Party or entity and the examining Party has a good-faith basis to believe that person has knowledge of information in the document or had lawful access to the specific material to be disclosed; or (v) the person is otherwise permitted access under this  Order. Absent any of these circumstances or order of the Court, the Party wishing to use Confidential Material in an examination of a witness must obtain consent from the Producing Party. Notwithstanding this Subparagraph, in no event will Confidential Material be disclosed to a person working for a competitor of the Disclosing Party or otherwise in a position to take competitive advantage of it simply because the person is "assisting in the preparation, defense, or examination of the witness"; and

    i.    Any person hereafter agreed to in writing by the Producing Party or by further order of the Court.

18. <u>Highly Confidential Material</u>. Unless otherwise indicated in this Stipulated Protective Order, Highly Confidential Material may be disclosed only to:

    a.    No more than four designated internal counsel for each Party responsible for this Litigation;

9

b.      The Parties' Counsel of Record, and the attorneys, paralegals, and clerical and support personnel working under the direct supervision of such counsel who are directly involved in or assisting in this Litigation (including Professional Vendors);

c.      The Court and all persons assisting the Court in the Litigation, including clerks, special masters, mediators, court reporters, and videographers and their staff;

d.      Persons retained as consultants, mediators, mock jurors, or experts by any Party for the purposes of this Litigation and principals and employees of the firms with which consultants or experts are associated and who are directly involved and assisting in this Litigation to whom disclosure is reasonably necessary for this Litigation;

e.      A person whom the Highly Confidential Material itself indicates, or the Receiving Party otherwise has a good-faith basis to believe, was the author, creator, producer, addressee, source, custodian or recipient of the document;

f.      Any person noticed or called to testify as a witness at a deposition, hearing, mediation, trial, or other proceeding in the Litigation, provided that one of the following conditions are met: (i) the witness's statements, communications, attendance, or actions are expressly mentioned, discussed, or referred to by actual name in the material as indicated on its face; (ii) the witness is an officer or designee testifying on behalf a company pursuant to Federal Rule of Civil Procedure 30(b)(6), and the examining Party has a good-faith basis to believe that person has knowledge of information in the document or the document's subject matter is the subject of a topic designated for the 30(b)(6) witness; (iii) the examining Party has a good-faith basis to believe that the witness has or had lawful access to the document containing the Highly

Confidential Material; (iv) the witness is a current employee of the Producing Party or entity; or (v) the witness is a former employee of the Producing Party or entity and the examining Party has a good-faith basis to believe the witness has or had lawful access to the specific material to be disclosed; or (vi) the person is otherwise permitted access under this  Order. Absent any of these circumstances or order of the Court, the Party wishing to use Highly Confidential Material in an examination of a witness must obtain consent from the Producing Party; and

g.      Any person to whom disclosure is agreed to in writing by the Producing Party or as further ordered by the Court.

19. Before any Protected Material is disclosed to any person who received the Protected Material as a result of this Litigation and who is not employed by the Producing Party, such person shall be provided with a copy of this Stipulated Protective Order and shall execute the Acknowledgment and Agreement to be Bound attached as Exhibit A. These requirements do not apply to an employee of the Producing Party or to persons identified in Paragraphs 17(d) and 18(c). The Parties shall cooperate and use reasonable efforts to obtain such Acknowledgements from witnesses in advance of their testimony. It is permissible for a single person to sign on behalf of a law firm, a Professional Vendor, a consulting firm or an expert firm, provided that such person acknowledges that his or her signature binds that person's whole organization. Outside counsel shall retain the original copies of executed Acknowledgment forms and need not disclose who has executed them during this Litigation, unless the Court orders otherwise.

20. Nothing in this Stipulated Protective Order shall limit the ability of any Party or Non-Party to disclose to any person its own Protected Material or to use such materials in any way it chooses.

21. <u>Limited Purpose</u>. Unless otherwise agreed-to by the Parties or further ordered by the Court, documents produced in this Litigation, including Protected Material, may be used only to prosecute, defend, or attempt to settle this Litigation, and may not be used in any other Litigation, proceeding, arbitration, or, without limitation, for any purpose unconnected to this Litigation except as to such documents that in the possession, custody, or control of the Party intending to use them through a means other than their production in this Litigation or have been subsequently introduced into the public record through lawful means, including to the extent a document is properly filed on the public docket for this Litigation.  Any Party may use such publicly filed documents, as filed, for any purpose.

22. All Protected Material shall be kept in a secure location that is under the control of a person authorized by this Stipulated Protective Order to receive such information. The Receiving Party shall use commercially reasonable measures to protect the Protected Material from breach, unauthorized access, or improper disclosure.

<u>USE OF PROTECTED MATERIAL BY A PARTY IN THIS LITIGATION</u>

23. <u>Depositions</u>. From the date of a deposition until sixty (60) business days after receipt of a final deposition transcript, such transcript shall be deemed Highly Confidential Material in accordance with this Stipulated Protective Order unless the Parties otherwise agree. Absent a timely written designation (or other agreement between the Parties as to timing) of some or all of the final transcript as Confidential Material or Highly Confidential Material, this presumptive designation shall lapse, unless and until there is a designation pursuant to Paragraph 27. The Parties agree that, except in unique circumstances, an entire transcript will not ordinarily satisfy the criteria for Protected Material. The designation by a Party or Non-Party of a transcript, exhibit, videotape, or recording (or any portion of these) as Confidential Material or Highly Confidential Material

12

shall be made in writing and served upon all Counsel of Record and the relevant court reporter. Any designation of a transcript (or portion thereof) shall be treated as a designation of the deposition's videotape or recording, or portion thereof, and vice-versa.

24. <u>Filings</u>. This Stipulated Protective Order does not, by itself, authorize the filing of any document under seal. Any Party wishing to file a document containing Protected Material in connection with a motion, brief, or other submission to the Court shall seek permission to seal or redact such material by following the procedures set forth in Rule 9 of the Court's Individual Rules of Practice in Civil Procedures concerning electronic filings under seal.

<u>REQUEST FOR CURE OF UNAUTHORIZED DISCLOSURES</u>

25. Any Party or Non-Party (or counsel to any Party or Non-Party) that becomes aware of any unauthorized disclosure of Protected Material or any breach of this Stipulated Protective Order by it or someone acting at its direction shall promptly give notice, through counsel it is working with, if any, to the Party or Non-Party that produced or supplied the Protected Material of such circumstances, including a reasonable description of the circumstances that led to the unauthorized disclosure. Upon receipt of such notice, the Party or Non-Party that produced or supplied the Protected Material may seek such other relief as is appropriate. In any event, the Party or Non-Party affiliated with whoever made the unauthorized disclosure shall immediately use its best efforts to retrieve such information and to prevent further disclosure.  If a Producing Party determines that its own Protected Information has been disclosed in an unauthorized way by another Party or Non-Party, it should provide notice to whoever made the unauthorized disclosure.  If there is disagreement, they should meet-and-confer.  If the Party or Non-Party receiving notice agrees it made such a disclosure, it shall immediately use its best efforts to retrieve such information and to prevent further disclosure and shall provide a reasonable

description of the circumstances that led to the unauthorized disclosure. The Party or Non-Party whose information was used in an unauthorized way may seek such other relief as is appropriate, including but not limited to raising a disagreement about who made the disclosure with the Court.

<u>SUBPOENAS COMMANDING PRODUCTION OF PROTECTED MATERIAL</u>

26. If any Party has obtained Protected Material under the terms of this Stipulated Protective Order and receives discovery in another proceeding, a subpoena, civil investigative demand, or other compulsory process commanding the production of such Protected Material, the Party shall promptly notify the counsel of record for the Designating Party or Non-Party, in writing (including, but not limited to, by e-mail). Within ten (10) days of receiving such notice, the Designating Party or Non-Party shall inform the subpoenaed Party either that it does not object to production of the Protected Material or that it will seek court protection to prevent the production. Upon timely notice by the Designating Party or Non-Party of the intention to seek court protection, such Protected Material may not be disclosed without either (i) the consent of the Designating Party or (ii) a court order. The Designating Party or Non-Party shall bear the burden and expense of seeking protection for its Protected Material.

<u>PRODUCTION OF PROTECTED MATERIAL WITHOUT DESIGNATION</u>

27. The production of Discovery Material without a designation as Confidential, or Highly Confidential, shall not be deemed a waiver or impairment of any claim of protection or the confidential nature of any such material. Upon a Party or Non-Party's discovery that its information was not correctly designated, that Party or Non-Party shall provide written notice to the other Parties that the information was not appropriately designated. The Producing Party shall then have fourteen (14) business days in which to re-designate the information and produce a replacement copy of the re-designated document with an appropriate confidentiality mark. The document shall be produced with an overlay load file referencing the original Bates number and

14

including a metadata field indicating the confidential status of the document. If the reproduced document is stamped with a new Bates number, or with other sufficient identifying information if not Bates numbered, the load file shall include a cross-reference field to the original Bates number or the other identifying information provided. If an inadvertently omitted Confidential or Highly Confidential designation is first claimed by the Producing Party during the course of a deposition, hearing or proceeding in which such Protected Material is disclosed as though no designation had been made, the claimed Protected Material must be treated immediately going forward as though that Confidential or Highly Confidential designation had been previously made.  To the extent a designation occurs during the course of a deposition, the Parties will use best efforts to ensure that the deponent may view a version of the Confidential or Highly Confidential Material.  The Producing Party of such Protected Material shall then have fourteen (14) business days in which to re-designate the information and produce a replacement copy of the re-designated document with appropriate confidentiality mark.

28. Additionally, upon notice from a Producing Party or Non-Party that any Protected Material has not been appropriately designated and upon receipt of the re-produced document with the appropriate confidentiality stamp, the Receiving Party shall return or destroy all incorrectly marked Protected Materials in their possession, custody, or control. Upon notice, the Receiving Party shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, or notes that were generated based upon such material before its re-designation shall immediately be treated in conformity with any such re-designation. The Receiving Party shall thereafter treat the documents consistent with the designated level of confidentiality. No Party is deemed to violate this Stipulated Protective Order if, prior to notification of any designation, Protected Material has been disclosed or used in a manner inconsistent with the later designation. If such Protected

Material became a part of the public record or a deposition prior to notice of request to change its designation, it is the responsibility of the Party or Non-Party who changed the designation to take all steps necessary to correct the designation, including working with Court reporters, videographers and moving the Court, if necessary, for appropriate relief.

29. Regardless of when the re-designation occurs, the Receiving Parties may challenge the re-designation under the procedures set forth in Paragraph 15 herein.

**PRODUCTION OF PRIVILEGED, PROTECTED,
OR OTHER MATERIAL IMMUNE FROM DISCOVERY**

30. The inadvertent production by any Party or Non-Party of any documents or material constituting or containing attorney-client privileged information, attorney work product or other information privileged or protected from disclosure ("Privileged Material"), as well as challenges to any such claim of privilege or work-product, shall be governed by Rule 26 of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence. Without waiving the ability to challenge a clawback of purportedly Privileged Material, a Party who discovers that it may have received inadvertently disclosed or produced Privileged Material must notify the Producing Party as soon as practicable but in no event later than 10 calendar days after such discovery. A Party who is notified or discovers that it may have received Privileged Material must comply with Fed. R. Civ. P. 26(b)(5)(B).

**MISCELLANEOUS PROVISIONS**

31. Nothing contained in this Stipulated Protective Order shall be construed as an admission that any document or information, or any testimony relating to such document or information, is or would be relevant or admissible in evidence in this Litigation or in any other proceeding.

32. Nothing contained in this Stipulated Protective Order shall affect the rights of the Parties or Non-Parties to object to discovery, nor shall it relieve a Party or Non-Party of its obligation to properly

respond or object to discovery requests, nor shall it preclude any Party or Non-Party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

33. Nothing contained in this Stipulated Protective Order shall be construed as authorizing or requiring a Party to disobey any law, including any court order, or any information request or subpoena from any federal or state regulatory agency.

34. The Parties reserve all rights to apply to the Court for any order modifying this Stipulated Protective Order.  Any Party or Non-Party requiring further confidentiality protection may petition the Court for a separate order governing disclosure of its information.

35. Nothing contained in this Stipulated Protective Order shall affect the ability of the Parties to alter by agreement the time periods set forth in this Stipulated Protective Order.

36. When serving subpoenas on Non-Parties, a copy of this Stipulated Protective Order shall be included with the subpoena.

37. The provisions of this Stipulated Protective Order shall survive the conclusion of the Litigation and remain in effect until all affected Designating Parties agree otherwise in writing or the Court otherwise directs.

38. The Parties recognize and agree that a breach of this Order may cause irreparable harm and may warrant injunctive relief, although any harm and the appropriate remedy will be assessed under the governing case law.

<u>CONCLUSION OF LITIGATION</u>

39. Final Disposition of this Litigation shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, or trials of this action, including

17

the time limits for filing any motions or applications for extension of time pursuant to applicable law.  Within sixty (60) calendar days of Final Disposition, all documents and copies of all Discovery Material (other than exhibits of record) produced or supplied by a Party or Non-Party that contain Protected Material shall be either returned to the Party or Non-Party who produced or supplied the Protected Material, as the case may be, or destroyed. Upon request of the Producing Party who supplied the Protected Material, all Counsel of Record who received such Protected Material shall certify compliance herewith and, if the Protected Material is to be returned to the Producing Party rather than destroyed, shall return the same to counsel for the Producing Party.  If the Receiving Party and the Producing Party agree to the return of such Protected Material, the cost of the return shall be borne by the Producing Party absent an agreement of the Parties otherwise.

40. Notwithstanding the above requirements to return or destroy documents, Counsel of Record may retain (1) attorney work product, (2) papers served in connection with this Litigation, (3) transcripts and exhibits, (4) correspondence (not to include the production of documents made in conjunction with correspondence), (5) legal memoranda and (6) a complete set of all documents filed with the Court, including those filed under seal. No recipient of Protected Material is expected to search disaster recovery or backup systems to comply with Paragraph 39. Any related Protected Material shall continue to be protected under this Stipulated Protective Order.

41. This Stipulated Protective Order may be signed in counterparts.

<u>GOOD CAUSE SHOWN</u>

42. Fed. R. Civ. P. 26(c) requires parties to show good cause for the entry of a protective order by the Court.  To establish good cause for this protective order, to protect the public interest, and to allow for future judicial review or public challenges, the Parties stipulate to the following facts,

and that the following principles provide a basis upon which documents and information in this Litigation may be determined to be subject to this protective order. Discovery in this matter is likely to require production of detailed financial information, including financial analyses, business plans, and other sensitive company information, as well as internal documents  of privately held corporations that the Parties have kept confidential in the normal course of business and disclosure of which could injure their business operations.

"Discovery will also call for production of internal documents that contain non-public strategies, trade secrets, confidential research, development information and financial information that is competitively sensitive and that warrants issuance of a protective order, consistent with Federal Rule of Civil Procedure 26(c)(1)(G).  Additionally, the production of the documents and information governed by this Order could involve information of third parties to whom a duty of confidentiality is owed to protect against injury caused by its dissemination.  Good cause also exists because, if such information were produced without a protective order in place, then, among other things:  third parties' privacy rights protected under statutory and common law principles could be violated; third parties could be exposed to embarrassment, theft, fraud, or harassment; and the Producing Party could be accused of breaching a statutory, contractual, or common law duty to protect private and/or proprietary information from public disclosure.

This confidentiality agreement does not bind the Court or any of its personnel.  The Court can modify this stipulation at any time.  The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation.  Any party wishing to make redacted or sealed submissions shall comply with Rule 9 of this Court's Individual Rules of Civil Procedure.

SO ORDERED.

Dated: October 17, 2023
       New York, New York

_____
Hon. Katherine Polk Failla
United States District Judge

19

Dated: October 16, 2023                                   Respectfully submitted,


By:  /s/ Ronald J. Aranoff                                By:  /s/ Leiv Blad
David H. Wollmuth                                         Leiv Blad
R. Scott Thompson                                         Jeffrey Blumenfeld *pro hac vice*
Ronald J. Aranoff                                         Meg Slachetka
Ryan A. Kane                                              COMPETITION LAW PARTNERS PLLC
Joshua M. Slocum                                          1101 Pennsylvania Avenue NW
WOLLMUTH MAHER & DEUTSCH LLP                              Washington, DC  20004
500 Fifth Avenue, 12th Floor                             Telephone: (202) 742-4300
New York, New York 10110                                 Email: leiv@competitionlawpartners.com
Telephone: (212) 382-3300                                jeff@competitionlawpartners.com
dwollmuth@wmd-law.com                                    meg@competitionlawpartners.com
sthompson@wmd-law.com
raranoff@wmd-law.com
jslocum@wmd-law.com                                       *Co-Lead Class Counsel*


*Co-Lead Class Counsel*
                                                          By:  /s/ Robert N. Kaplan
                                                          Robert N. Kaplan
By:     /s/ Eric J. Stock                                 Gregory K. Arenson
Eric J. Stock                                             Elana Katcher
Alexander H. Southwell                                    KAPLAN FOX & KILSHEIMER LLP
Esther Lifshitz                                           850 Third Ave., 14th Floor
GIBSON, DUNN & CRUTCHER LLP                               New York, NY 10022
200 Park Avenue                                           Telephone: (212) 687-1980
New York, NY 10166                                        Email: rkaplan@kaplanfox.com
Tel.: (212) 351-2301                                      garenson@kaplanfox.com
Fax: (212) 716-0801                                       ekatcher@kaplanfox.com
estock@gibsondunn.com
asouthwell@gibsondunn.com
elifshitz@gibsondunn.com                                  *Co-Lead Class Counsel*


*Attorneys for Defendant S&P Global Inc.*
                                                          By:/s/ Jeffrey Shinder
By:     /s/ David Kiernan                                 Jeffrey I. Shinder
David C. Kiernan *pro hac vice*                           CONSTANTINE CANNON LLP
Craig E. Stewart *pro hac vice forthcoming*              335 Madison Avenue, Fl. 9
JONES DAY                                                 New York, NY 10017
555 California St., 26th Fl.                              Tel.: (212) 350-2700
San Francisco, CA 94104                                  Fax: (212) 350-2701
Tel.: (415) 626-3939                                      jshinder@constantinecannon.com
Fax: (415) 875-5700
dkiernan@jonesday.com
cestewart@jonesday.com

Michelle K. Fischer *pro hac vice*
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114
Tel.: (216) 586-3939
Fax: (216) 579-0212
mfischer@jonesday.com

Alexander V. Maugeri
Amanda L. Dollinger
JONES DAY
250 Vesey Street
New York, NY 10281
Tel.: (212) 326-3939
Fax: (212) 755-7306
amaugeri@jonesday.com
adollinger@jonesday.com

*Attorneys for Defendant American
Bankers Association*

W. Stephen Cannon
Seth D. Greenstein
James J. Kovacs
CONSTANTINE CANNON LLP
1001 Pennsylvania Ave., NW 1300N
Washington, D.C. 20004
Tel.: (202) 204-3500
Fax: (202) 204-3501
scannon@constantinecannon.com
sgreenstein@constantinecannon.com
jkovacs@constantinecannon.com

*Attorneys for Defendant FactSet Research Systems,
Inc*