# CONSTANTINE CANNON LLP

WASHINGTON | NEW YORK | SAN FRANCISCO

January 19, 2024

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Room 618
New York, NY 10007

      Re:    *Dinosaur Financial Group LLC et al. v. S&P Global, Inc. et al.*,
             Case No. 22-cv-1860

Dear Judge Failla:

      Pursuant to Your Honor's Individual Rule 3.C, Defendant FactSet Research Systems Inc. ("FactSet") opposes Plaintiffs' Dinosaur Financial Group LLC, Swiss Life Investment Management Holding AG, and Hildene Capital Management LLC (collectively, "Plaintiffs") January 16, 2024 letter (ECF No. 129) to compel discovery of non-privileged documents concerning a 2009 investigation by the European Commission ("EC").

      **Background**.  In ruling on Defendants' motion to dismiss, the Court dismissed Plaintiffs' claim for "declaratory judgment that CUSIP numbers are neither copyrighted nor copyrightable." ECF No. 107 at 49.  Thereafter, Plaintiffs served FactSet with 61 Requests for Production ("RFPs"), including Request No. 37 seeking "[a]ll documents in which any defendant stated or implied to any person that CUSIP Identifiers are copyrighted, copyrightable, or subject to copyright protection" and Request No. 40 seeking "[a]ll documents concerning whether CUSIP Identifiers are copyrighted, copyrightable, or subject to copyright protection."  After the Parties met and conferred, FactSet, while not conceding admissibility or relevance, particularly in light of the Court's decision on the declaratory judgment claim, nonetheless agreed to search for and produce any non-privileged documents during the relevant time period, January 1, 2018 to August 23, 2023, containing statements regarding a purported copyright in, or copyrightability of, CUSIP Identifiers that do not concern the 2009 EC investigation.

      This compromise was insufficient for Plaintiffs.  *See* ECF No. 129 at 2 (seeking "communications concerning the EC investigation that specifically discuss whether CUSIP identifiers are copyrighted or copyrightable.").  In that 2009 investigation, the EC invoked distinct EU standards that are not applicable to U.S. antitrust law to contend that S&P charged "unfairly high" distribution fees for access to its US ISINs.[1]  *See also* ECF No. 107 at 38 ("the mere fact that Plaintiffs and other CUSIP Users are required to pay a fee to Defendants does not necessarily present an antitrust problem.").  Plaintiffs rejected FactSet's reasonable offer to

---

[1] *See* European Commission Press Release IP/11/1354, Antitrust: Commission makes Standard & Poor's commitments to abolish fees for US International Securities Identification Numbers binding (Nov. 15, 2011), https://ec.europa.eu/commission/presscorner/detail/en/IP_11_1354.

CONSTANTINE CANNON LLP

WASHINGTON | NEW YORK | SAN FRANCISCO

January 19, 2024
Page 2

produce responsive, ordinary course business documents during the relevant time period and instead ask the Court for access to irrelevant materials from a 2009 European investigation that concerned a different identifier and distinct EC standards.

**The Purported Documents Concerning Request No. 48 Are Irrelevant, Invoke Principles of International Comity, and Are Not Proportional to the Needs of This Case.** FactSet has already agreed to search for and produce any non-privileged internal and external documents from January 1, 2018 to August 23, 2023 discussing copyright or copyrightability in the CUSIP Identifier that do not concern the 2009 EC investigation. In line with Plaintiffs' requests, the search will include non-privileged statements by S&P or FactSet employees as well as non-privileged statements made between defendants. *See* ECF No. 129 at 1 (seeking "(1) documents containing non-privileged internal communications within FactSet's predecessor [S&P]; (2) communications between S&P and [ABA] . . ."). Plaintiffs fail to offer this Court any justification why the proposed discovery for Requests Nos. 37 and 40 is insufficient for their needs in this case. Plaintiffs' efforts to expand that universe of documents to include internal and external statements surrounding a 2009 EC investigation should be denied for the following reasons.

*First*, the 69-page Second Amended Complaint ("SAC") makes no mention of the 2009 EC investigation. As a result, Plaintiffs "have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." *In re Tenaris S.A. Sec. Litig.*, 2022 WL 905125, at *2 (E.D.N.Y. Mar. 28, 2022) (quoting *Barbara v. MarineMax, Inc.*, 2013 WL 1952308, at *2 (E.D.N.Y. May 10, 2013)). *Second*, in antitrust litigation, "courts generally limit discovery to the ambit of the applicable market." *See Radio Music License Comm., Inc. v. Glob. Music Rights, LLC*, 2020 WL 7636281, at *5 (C.D. Cal. Jan. 2, 2020) (collecting cases). Here, Plaintiffs allege a relevant geographic market of the United States, because "identifiers used for non-United States financial instruments are not used or useful to identify United States financial instruments." *See* ECF No. 87 at ¶¶ 126-27. Furthermore, Plaintiffs' remaining claims concern harm to competition, including exclusion of potential rivals, *only* in the United States. *See In re Rubber Chems. Antitrust Litig.*, 486 F. Supp. 2d 1078, 1083 (N.D. Cal. 2007) ("I fail to see the importance or relevance of the EC documents to this litigation in which plaintiff claims that [defendant] sought to exclude it from the U.S. market, not the European market.").[2]

*Third*, documents sent by S&P to the EC are protected under the principles of international comity. *See* Commission Regulation 773/2004, art. 16a, 2004 O.J. (L 123) 18 (prohibiting use of documents outside of EU and member state proceedings). Courts "presented with similar disputes, uphold[] the application of the EC's confidentiality requirements for documents created as part of EC investigations, even after such investigations have been

---

[2] While disagreeing with Plaintiffs' relevant market allegations, FactSet has agreed, for some RFPs, to search for and produce responsive, non-privileged documents concerning foreign, putative class members that entered into a CUSIP licensing agreement to access information for United States securities.

CONSTANTINE CANNON LLP

WASHINGTON | NEW YORK | SAN FRANCISCO

January 19, 2024
Page 3

terminated." *In re Interest Rate Swaps Antitrust Litig.*, 2018 WL 5919515, at *3 (S.D.N.Y. Nov. 13, 2018) (denying EC discovery and citing cases); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 13147214, at *3 (N.D. Cal. Apr. 26, 2011) (denying a motion to compel production of Japan Fair Trade Commission and EC-related documents). Plaintiffs' reliance on *In re Cathode Ray Tube (CRT) Antitrust Litigation* is misplaced, as that case concerned an ongoing global price-fixing conspiracy. 2015 WL 13756255, at *3 (N.D. Cal. Oct. 22, 2015). Moreover, Plaintiffs' claim that the ABA made one unrelated public statement in 2010 regarding the copyrightability of the CUSIP Identifier is a red herring and irrelevant to S&P's or FactSet's continuing confidentiality obligations under European law. ECF No. 129 at 3. Furthermore, the protective order in this case does not circumvent or vitiate the nondisclosure requirements imposed by European law. *See id.* (citing no authority).

    *Fourth*, Plaintiffs allege monopolization in the United States and claims of unfair competition under the laws of New York and Connecticut. There is no nexus between this case and a nearly 15-year-old EC investigation concerning a distinct market and an investigation brought under EU competition laws. Moreover, copyright law varies by geography. *See Levitin v. Sony Music Entm't*, 101 F. Supp. 3d 376, 384 (S.D.N.Y. 2015) ("[A]cts constituting copyright infringement under foreign law do not constitute a violation of the U.S. Copyright Act."). The substantive law of copyrightability and sui generis protection of databases under European law materially differs from United States law. *See generally* Directive 96/9/EC of the European Parliament of the Council of the European Union, 1996 O.J. (L 77) 20. As a result, any statements made to the EC or in conjunction with an EC investigation are irrelevant and not "probative of the genuine views" of any party regarding copyrightability or enforcement in the United States. *See* ECF No. 129 at 2.

    *Finally*, documents from nearly a decade before the start of the alleged class period, March 4, 2018, are irrelevant and not proportional to Plaintiffs' needs in this case. FactSet's agreement concerning Requests Nos. 37 and 40 is more than sufficient to test Plaintiffs' theories concerning alleged misrepresentations of a copyright in the CUSIP Identifier during the relevant time period.

    For these reasons, FactSet respectfully requests that the Court deny Plaintiffs' motion to compel. If the Court believes an informal conference would help resolve the Parties' discovery dispute concerning Plaintiffs' Request No. 48, FactSet will make itself available at the Court's convenience.

CONSTANTINE CANNON LLP

WASHINGTON | NEW YORK | SAN FRANCISCO

January 19, 2024
Page 4

                      Respectfully submitted,

                      */s/ James J. Kovacs*
                      James J. Kovacs
                      W. Stephen Cannon
                      Seth D. Greenstein
                      CONSTANTINE CANNON LLP
                      1001 Pennsylvania Ave., NW
                      1300N
                      Washington, D.C. 20004
                      Tel.: (202) 204-3500
                      Fax: (202) 204-3501
                      jkovacs@constantinecannon.com
                      scannon@constantinecannon.com
                      sgreenstein@constantinecannon.com

                      Jeffrey I. Shinder
                      CONSTANTINE CANNON LLP
                      335 Madison Avenue, Fl. 9
                      New York, NY 10017
                      Tel.: (212) 350-2700
                      Fax: (212) 350-2701
                      jshinder@constantinecannon.com