# JONES DAY

555 CALIFORNIA STREET, 26TH FLOOR • SAN FRANCISCO, CALIFORNIA 94104

TELEPHONE: +1.415.626.3939 • JONESDAY.COM

DIRECT NUMBER: +1.415.875.5712
CNMITCHELL@JONESDAY.COM

January 13, 2025

**MEMO ENDORSED**

VIA ECF

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Room 618
New York, NY 10007

> Re:    *Dinosaur Financial Group LLC, et al. v. S&P Global, Inc., et al.,* Case No. 22-CV-1860-KPF – Response to Letter Motion to Compel Common Interest Privileged Documents

Dear Judge Failla:

Pursuant to Local Rule 37.2 and Your Honor's Individual Rule 2.C,[1] American Bankers Association ("ABA") writes in response to Plaintiffs' January 8, 2025 letter motion to compel the production of documents properly withheld pursuant to common interest privilege between ABA, S&P Global, Inc. ("S&P"), and FactSet Research Systems Inc. ("FactSet") ("Letter"). At base, Plaintiffs incorrectly assert that ABA cannot maintain privilege over documents disclosed to co-defendants S&P and FactSet because, according to Plaintiffs, these communications were not made pursuant to a legal strategy in response to a specific legal risk common to Defendants. Not so. As ABA has explained many times, ABA, S&P and FactSet all share a common legal interest in the protection of ABA's intellectual property rights ("IPR"), defined to include "all intellectual property rights, proprietary rights, rights of publicity, and any and all other legal rights protecting the CUSIP Master File, each CUSIP Service," and CUSIP trademarks, including any improvements and "all copyrights, trademarks, service marks, trade secrets, patent rights, moral rights, sui generis rights in data and databases, and contract rights." Ex. 1, 9/15/14 Agreement between ABA and CUSIP Global Services ("CGS") (filed under seal), § 4(a); *see also* § 4(b) (requiring ABA and CGS to "protect and defend the IPR"). CGS was a division of S&P and then

---

[1] ABA notes that, despite Plaintiffs' assertion that the parties have engaged in "multiple meet-and-confers," Plaintiffs and ABA did not meet regarding Plaintiffs' Letter. ABA attended a single meet and confer concerning Defendant FactSet's documents on November 13, 2024, before Plaintiffs raised concerns about ABA's log. The exhibit attached to Plaintiffs' motion also does not reflect the most recent version of ABA's privilege log, served on December 31, 2024. Had Plaintiffs met and conferred with ABA prior to filing their Letter, ABA would have provided more information if asked, and has done so now. In addition to the response provided herein, ABA is contemporaneously serving an amended privilege log that revises certain entries to further clarify ABA's claims of common interest privilege in connection with contract negotiations with third parties regarding licensing of CGS Data. ABA has also downgraded certain documents previously withheld as privileged and has over 100 documents in queue to be produced to Plaintiffs.

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID
MELBOURNE • MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Page 2

FactSet at the times relevant to the privilege claims.[2]  Documents withheld on the basis of common interest privilege reflect communications in furtherance of these shared legal interests.

Not surprisingly, ABA, S&P, and FactSet regularly engage attorneys—including through joint engagements—to provide legal advice concerning the protection of ABA's IPR. While Plaintiffs state in conclusory manner that the privileged communications are "routine", and must not be privileged due to the "frequency of the communications, and the span of time over which these communications where exchanged," (Letter at 1) it is  precisely this longstanding shared legal interest in protecting and enforcing ABA's IPR that supports ABA's assertion of common interest privilege as to communications with S&P and FactSet.  *See Major League Baseball Properties, Inc. v. Salvino, Inc.*, 2003 WL 21983801, at *1 (S.D.N.Y. Aug. 20, 2003) (finding the common interest privilege applies because "MLBP and the Clubs have a common legal interest in enforcement of the Clubs' trademark rights, and the communications at issue were directly related to that interest."); *In re Rivastigmine Pat. Litig.*, No. 05 MD 1661 (HB) (JCF), 2005 WL 2319005, at *3 (S.D.N.Y. Sept. 22, 2005) (common interest "among parties engaged in a joint program of developing technology and obtaining patents for it.").

Contrary to Plaintiffs' assertion, ABA's communications with S&P and FactSet are entitled to protection from disclosure on the basis of common interest privilege where, as here, the parties share a common legal interest in an ongoing enterprise regarding a joint defense effort and legal strategy.  As Plaintiffs themselves recognize, pending litigation is not a requirement for assertion of common interest privilege.   Instead, common interest privilege may attach "where an interlocking relationship or limited common purpose necessitates disclosure to certain parties." *ACE Sec. Corp. v. DB Structured Prod., Inc.*, 55 Misc. 3d 544, 561 (N.Y. Sup. N.Y. Cty. 2016). In fact, common interest privilege does not require the parties to be co-litigants; instead the communication need only otherwise qualify for protection under the attorney-client privilege and be made for the purpose of furthering a legal interest or strategy common to the parties asserting it.  *Schaeffler v. U.S.*, 806 F.3d 34, 40 (2d Cir. 2015) ("Parties may share a 'common legal interest' even if they are not parties in ongoing litigation."); *Delgado v, Donald J. Trump for President, Inc.*, 2024 WL 3497598, at *2 (S.D.N.Y. July 22, 2024) (finding common legal interest among parties in "enforcing the confidentiality agreement against Plaintiff because they were third party beneficiaries to that agreement and had an explicit right to enforce its terms."); *see also San Diego Gas & Elec. Co. v. Morgan Stanley Senior Funding, Inc.*, 25 N.Y.S.3d 192, 193-94 (1st Dep't 2016) (finding common interest protected communications between parties that "shared a common interest in their desire to have [plaintiff] comply with its contractual obligations.").

*Schaeffler*, cited by Plaintiffs, (Letter at 2) supports Defendants' assertion of common interest privilege, rather than undermines it as Plaintiffs suggest.  There, the Court recognized that

---

[2] For decades, ABA has contracted with CGS to have CGS assign CUSIP identifiers for individual securities and to license of those CUSIP identifiers and a carefully curated set of related data elements concerning securities in the U.S. and other jurisdictions it serves.  Taken together, these data are called the CUSIP Master File, or CGS Data.

JONES DAY

Page 3

the "dispositive issue" is whether the parties' common interest "was of a sufficient legal character to prevent waiver by the sharing of those communications." *Schaeffler*, 806 F.3d at 40-43. *See also In re Velo Holdings Inc.*, 473 B.R. 509, 515-516 (S.D.N.Y. Bankr. 2012) (finding common interest privilege applies where companies formulated a legal strategy aimed that was "grounded in the parties' commercial relationship" and aimed to prevent the termination of certain contracts with third parties).

Despite Plaintiffs' implication to the contrary, that the parties also share a common business interest is not grounds to assert waiver of privilege. "A financial interest of a party, no matter how large, does not preclude a court from finding a legal interest shared with another party where the legal aspects materially affect the financial interests." *Schaeffler*, 806 F.3d at 42; *see also Strougo v. BEA Assocs.*, 199 F.R.D. 515, 520 (S.D.N.Y. 2001) ("The fact that there may be an overlap of a commercial and legal interest for a third party does not negate the effect of the legal interest in establishing a community of interest."); *Royal Park Investments SA/NA v. HSBC Bank USA Nat'l Ass'n*, 2017 WL 9991531, at *1 (S.D.N.Y. Jan. 26, 2017) ("The mere fact that business was one purpose of the advice [ ] does not rid the communication of an actual legal nature."). Importantly, both ABA and FactSet engage in the at issue discussions with the understanding that these communications are in furtherance of a common legal interest and that the communications are protected from disclosure pursuant to that common legal interest. *See* Ex. 2, Declaration of Tab Stewart; *see also* Dkt. 153-1, Declaration of Jeffrey Mitnick.

That the Defendants' shared legal interest in preservation and enforcement of ABA's IPR supports a finding of common interest privilege is obvious from even a cursory review of ABA's privilege log entries. For instance, more than 120 of the documents included on Plaintiffs' Exhibit 1 (ECF 152-1) involve communications specifically concerning "contract negotiations" or "licensing negotiations" with third parties concerning the licensing of CGS Data, which are situations where such protections are clearly necessary and implicate CGS and ABA's joint interest in ensuring adequate protection of ABA's IPR. Further, notably included among the documents alleged by Plaintiffs to be non-privileged and thus subject to disclosure are more than 400 instances of communications with outside counsel at Patterson Belknap Webb & Tyler LLP and Simpson Thacher & Bartlett LLP, both firms engaged by ABA and/or CGS to provide legal advice concerning CUSIP contract negotiations with third parties, licensing issues, and regulatory matters relevant to CGS and ABA. Without the ability to share legal advice freely with ABA, S&P, and FactSet, outside counsel would have been hindered in their ability to represent defendants' common legal interests in ABA's IPR without waiving privilege. *See* Ex. 2, Stewart Decl. at ¶ 11.

Sincerely,

  */s/ Caroline N. Mitchell*
Caroline N. Mitchell
JONES DAY

The Court is in receipt of Plaintiffs' motions to compel. (Dkt. #151, 152). The first of these motions is directed at Defendant FactSet Research Systems Inc. ("FactSet), and alleges that FactSet wrongfully withheld communications with non-attorney third parties, as well as provided incomplete privilege assertions over communications with Defendant American Bankers Associate ("ABA"). (Dkt. #151). The second of these motions targets emails exchanged between Defendants ABA, S&P Global, Inc. ("S&P"), and FactSet that were withheld under the common-interest doctrine. (Dkt. #152). The Court is also in receipt of the letters filed by Defendant FactSet (Dkt. #153) and Defendant ABA (Dkt. #155) in opposition. For the reasons stated in Defendants' letters, Plaintiffs' motions to compel are hereby DENIED.

Beginning with Plaintiffs' first motion to compel, the Court agrees with Defendant FactSet that certain correspondence with financial advisors, investment bankers, and accounts were properly withheld as privilege. Defendant FactSet has represented to the Court that it only withheld those communications with FactSet or S&P's agents that were made for the purpose of obtaining legal advice, including when "deal counsel enlisted the assistance of other deal consultants to help them effectively render legal advice to FactSet." (Dkt. #153 at 1). The Court agrees with Defendants that these documents, including the referenced clawed back document (*id.* at 2), are covered by the attorney-client privilege. With regards to Defendant FactSet's communications with its public relations firm, the Court finds such documents were properly withheld to the extent that such communications advise on responses to legal or regulatory issues. (*Id.* at 2).

Moreover, the Court is persuaded by Defendant FactSet and Defendant ABA's arguments regarding the common interest privilege. In particular, the Court took note of Defendant ABA's representation that it has now served an amended privilege log that revises certain entries to further clarify ABA's claims of common interest privilege. (Dkt. #155 at 1 n.1). While it would have been useful for Plaintiffs to have this information earlier, the Court is in agreement with Defendants that the parties shared a common legal interest in an ongoing enterprise — specifically, the protection of intellectual property rights. (*Id.* at 2; *see also* Dkt. #153 at 3).

The Clerk of Court is directed to terminate the pending motions at docket entries 151 and 152.

Dated:    January 22, 2025          SO ORDERED.
          New York, New York

                                    HON. KATHERINE POLK FAILLA
                                    UNITED STATES DISTRICT JUDGE