# Exhibit A




March 4, 2024

**By Email**

Sarah Bayer
Constantine Cannon LLP
1001 Pennsylvania Avenue NW, 1300N
Washington, D.C. 20004
jkovacs@constantinecannon.com

Caroline Mitchell
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
cnmitchell@jonesday.com

Alexander Southwell
Gibson Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, New York 10166
asouthwell@gibsondunn.com

Re: *Dinosaur Financial Group LLC et al. v. S&P Global, Inc. et al.*, Case No. 22-cv-1860

Counsel:

We write in response to your February 23, 2024 letter ("Ltr.") regarding Dinosaur Financial Group, LLC's ("Dinosaur"), Hildene Capital Management, LLC's ("Hildene"), and Swiss Life Investment Management Holding AG's ("Swiss Life," and collectively "Plaintiffs") responses and objections to Defendants' First Set of Requests for Production of Documents ("Requests" or "RFPs").

**Damages**. As we have repeatedly informed you, the calculation of damages—both in terms of how calculated and the amount—will be the subject of expert testimony. Thus, Plaintiffs' method of calculating damages may change during the discovery and expert phases of the case. With that clear understanding, Plaintiffs currently intend to compute damages based on the totality of the fees paid under the subscription agreements, subject to trebling, pre- and post- judgment interest, attorneys' fees, costs of the proceedings, and, if applicable, punitive damages. We note that discovery is in its early stages and the information required to calculate damages is in the possession, custody, or control of Defendants and has yet to be produced to Plaintiffs.

**You or Your**. Plaintiffs have agreed to produce documents and communications in their possession, custody, or control as defined by the Federal Rules of Civil Procedure but have not agreed to produce documents to the extent that Defendants definition of You or Your exceeds those bounds. To the extent Defendants have a different understanding than the above, we believe that understanding to be in error.

**Relevant Time Period**. To be clear, Plaintiffs' document requests to Defendants were not limited to "January 1, 2018 to the date of service of these Requests" as claimed by Defendants. Ltr. at 2. Plaintiffs' document requests are "continuing in nature," apply to "[a]ny documents or things created, discovered, obtained, or formulated up to and including the time of trial," and incorporate Defendants' duty to supplement their productions under Rule 26 of the Federal Rules of Civil Procedure. Plaintiffs' First Set of Requests for Production of Documents to Defendants, dated August 23, 2023, at 7. If Defendants are not in agreement that they are under a continuing duty to produce and supplement documents, please let us know promptly.

**Request Nos. 8 and 33**. Plaintiffs are still investigating whether there are potential go-get documents responsive to these requests. This is a time-consuming process that is well underway. We expect to have an update this month.

**Requests Nos. 22 and 23**. Plaintiffs confirm that they will produce "documents concerning licenses, distribution agreements, and fees between Plaintiffs and 'any person or entity that provides to CUSIP Users (pursuant to an agreement with CGS) CUSIP Identifiers or other identifiers of financial instruments used to identify United States financial instruments.'" Ltr. at 2-3. Plaintiffs further confirm that they do not intend to otherwise limit this response.

**Request No. 34**. Plaintiffs do not agree to produce institutional client statements. Based on Defendants' statements that they seek to investigate Plaintiffs' compliance with the terms of their Subscription Agreements, Plaintiffs do not believe that Defendants' interest in these documents is motivated by any legitimate need for the documents as part of this litigation. *See* Fed. R. Civ. Pro. 26 ("[P]arties may obtain discovery over any nonprivileged matter that is relevant to any party's claim or defense"). Nor have Defendants offered any valid explanation as to why they need Plaintiffs' institutional client statements to understand how Plaintiffs use CUSIP numbers. Plaintiffs have agreed to produce documents describing how they use CUSIP numbers pursuant to other RFPs. *See, e.g.*, Plaintiffs' Responses and Objections to the RFPs at 7 (agreeing to produce "documents describing Plaintiffs' terms of access and procedures for use of CUSIP identifiers") and 13 (agreeing to produce "documents sufficient to show each type or category of use" of "CGS Identifiers, CUSIP_DB content, or CGS Services"). The Request for institutional client statements is, among other things, duplicative and unduly burdensome.

**Requests Nos. 37 and 39**. Defendants claim that they are entitled to know whether Plaintiffs' "access" to CUSIPs and ISINs is "extra-contractual and/or in breach of the governing agreements." Ltr at 3. However, "the plain language of [Rule 26] does not provide for discovery of 'likely,' 'anticipated,' or 'potential' claims or defenses." *Lifeguard Licensing Corp. v. Kozak*, 2016 WL 3144049, at *3 (S.D.N.Y. May 23, 2016) (holding that defendant was not entitled to discovery of unpled defenses). Despite collectively alleging 49 defenses, none of FactSet, S&P, or ABA asserted breach of contract as a defense. *See* Dkt. Nos. 111 (Defendant S&P Global Inc.'s Answer and Affirmative Defenses to the Second Amended Class Action Complaint), 113 (Defendant FactSet Research System Inc.'s Answer and Affirmative Defenses to the Second Amended Class Action Complaint), 114 (Answer and Affirmative and Other Defenses of Defendant American Bankers Association to the Second Amended Class Action Complaint). Further, Plaintiffs are not aware of any authority supporting the argument that breach of contract is a viable defense to the antitrust and unfair business practices claims in this action.

Defendants also argue that "[w]here the data is being accessed is also relevant to issues such as whether it falls within the U.S. market." Ltr. at 3. This argument, however, misconstrues the relevant market. Whether an individual CUSIP User is situated in the United States or elsewhere when they use CUSIP numbers, that entity is using CUSIP numbers in the market for United States financial instruments. In addition, the agreements Defendants force CUSIP Users to sign specify jurisdiction over the CUSIP Users in federal court in New York, clearly recognizing that all use is subject to U.S. jurisdiction.

With respect to the request for "All Documents Concerning Your 'dollar bond portfolio,'" Defendants have yet to explain how and why the allegations in Paragraph 105 of the complaint put the dollar bond portfolios of Hildene and Dinosaur at issue. Indeed, Defendants' latest letter repeatedly and exclusively references Swiss Life's dollar bond portfolio. *Id.* With respect to Swiss Life, Swiss Life objects to producing the requested documents because, as stated above, Swiss Life has already agreed to produce documents reflecting how it obtains and uses CUSIP Identifiers, CUSIP_DB content, and CGS Services. We therefore reiterate our position that RFP 39 is overly broad, unduly burdensome, duplicative, and disproportionate to the needs of the case. Swiss Life invites Defendants to propose a reasonably narrowed version of this Request which it can consider.

Sincerely,

*/s/ Grant J. Bercari*                              */s/ Meg Slachetka*
Grant J. Bercari                                    Meg Slachetka