# Exhibit D

  

February 7, 2025

**VIA EMAIL**

Caroline N. Mitchell
JONES DAY
555 California Street
26th Floor
San Francisco, CA 94104
cnmitchell@jonesday.com

      Re:   *Dinosaur Financial Group LLC, et al. v. S&P Global Inc., et al.*,
             Case No. 22-cv-1860

Dear Caroline:

This responds to the American Bar Association's ("ABA") January 29, 2025, letter (the "ABA Letter") regarding Plaintiffs' damage theories and calculations. Once again, while subject to refinement and amendment in expert reports at the time set by the Court for such reports, Plaintiffs' damages caused by Defendants' violations of Section 2 of the Sherman Act equal the sum of the license payments Plaintiffs and the Class made to CGS. We will not further belabor the same points we have been msaking to the ABA for months regarding Plaintiffs' calculation of damages caused by Defendants' violations of the Sherman Act, most recently in our letter to Defendants dated January 6, 2025. Instead, this letter responds only to the ABA's arguments regarding (i) the definition of the Class and (ii) Plaintiffs' damages under their state-law claims.

The ABA Letter fails to address that the content of Defendants' documents is what enabled Plaintiffs to understand how Defendants' terminology impacts Defendants' understanding of the Class definition. Those documents make clear that the entities Defendants refer to as "distributors" are in fact CUSIP Users, not Third-Party Data Vendors ("TPDVs").[1] These CUSIP Users license CUSIPs from CGS only because CGS requires that they do so as a condition to obtaining CUSIP identifiers, often from TPDVs such as Bloomberg. These CUSIP Users necessarily use CUSIP identifiers in their business and include CUSIP identifiers only as a tangential part of the products and services they offer to customers, an activity that discovery from Defendants reveals that Defendants appear to regard as "distribution" of CUSIP identifiers. These CUSIP Users do not

---

[1] Capitalized terms are defined as in the Second Amended Complaint ("SAC").

perform commercial functions that resemble TPDVs in any way and therefore are appropriately included in the Class as CUSIP Users.

Plaintiffs provided Defendants with timely notice of the proposed amendment to the definition of the Class that was based on Defendants' documents[2] with more than two months remaining in the discovery period. Given that the evidence relevant to this issue is in the Defendants' possession, the ABA's claims of prejudice are without merit. In any event, Plaintiffs' experts continue to analyze these issues, and Defendants will have the opportunity to study our experts' reasoning and conclusions following receipt of their reports during expert discovery.

The ABA's arguments regarding Plaintiffs' damages under state law also are misplaced. Plaintiffs' computation of damages for their state law claims are disclosed in the SAC. First, Plaintiffs and members of the New York Unfair Business Practices Sub-Class have incurred damages caused by Defendants' violations of New York General Business Law § 349 equal to the sum of the unlawful and unfair license payments Plaintiffs and members of the New York Unfair Business Practices Sub-Class made and make to CGS. Plaintiffs and members of the New York Unfair Business Practices Sub-Class are entitled to recover such damages together with appropriate statutory remedies, including punitive damages, attorneys' fees and costs of suit. Second, Plaintiff Hildene and members of the Connecticut Unfair Trade Practices Sub-Class have incurred ascertainable losses caused by Defendants' violations of the Connecticut Unfair Trade Practices Act § 42-110(b) in the form of the payment of unlawful and unfair licensing payments Hildene and members of the Connecticut Unfair Trade Practices Sub-Class made and make to CGS. Hildene and members of the Connecticut Unfair Trade Practices Sub-Class are entitled to recover such damages, together with appropriate statutory remedies, including punitive damages, attorneys' fees and costs of suit.

We trust that this letter resolves the issues raised in the ABA Letter. To the extent you disagree, kindly articulate the basis for your disagreement.

Best regards,

*/s/ Leiv Blad*
Leiv Blad

cc: All Counsel of Record *(via email)*

---

[2] To be clear, Defendants "substantially completed" production of documents in August 2024, but have continued to make several rolling productions since then, including as recently as earlier today. Plaintiffs have diligently reviewed and analyzed these document productions as quickly as possible as they have been served.