UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------ X
DINOSAUR FINANCIAL GROUP LLC,              :
HILDENE CAPITAL MANAGEMENT,                :
LLC and SWISS LIFE INVESTMENT              :
MANAGEMENT HOLDING AG, on behalf           :
of themselves and all others similarly     :
situated,                                  :
                                           :
                 Plaintiffs,               :   Case Nos. 1:22-cv-1860-KPF
                                           :
        -against-                          :
                                           :
S&P GLOBAL, INC., AMERICAN                 :
BANKERS ASSOCIATION, and FACTSET           :
RESEARCH SYSTEMS INC.,                     :
                                           :
                 Defendants.               :
                                           :
                                           X
------------------------------------------------------
```

### STIPULATION REGARDING PRODUCTION OF ELECTRONICALLY STORED INFORMATION AND PAPER DOCUMENTS BY NON-PARTY KROLL BOND RATING AGENCY

The Parties to the above-captioned matter (the "Litigation"), and Non-Party Kroll Bond Rating Agency, LLC ("KBRA"), through their undersigned counsel of record, and subject to the approval of the Court, stipulate and agree that the following terms shall apply to KBRA's production of documents and other material responsive to the subpoena issued by American Bankers Association ("ABA") in this Litigation. Except as otherwise provided below, the terms of the Stipulated Protective Order entered on October 17, 2023 (ECF No. 125) will control.

1. The term "Attorneys' Eyes Only" shall be a designation applied to sensitive Highly Confidential Material (regardless of how it is generated, stored, or maintained) that KBRA reasonably and in good faith believes involves competitively sensitive information that could be used by a Party in this Litigation.

2. Material designated as "Attorney's Eyes Only" may be disclosed only to:

    a. Outside counsel (herein defined as any attorney at the Parties' outside law firms);

    b. Outside experts or consultants retained by outside counsel for purposes of this action, along with any principals and employees of the firms with which such experts or consultants are associated and who are directly involved and assisting in this litigation, provided they have signed a non-disclosure agreement in the form attached to the Stipulated Protective Order as Exhibit A;

    c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

    d. The Court and court personnel;

    e. Any person who previously authored, received or was authorized to and did review a copy of it;

    f. Any person preparing to provide, or providing, sworn testimony (whether in a deposition, hearing or at trial) may be shown or examined on any information, document or thing designated Confidential if one of the following conditions are met: (i) the witness's statements, communications, attendance, or actions are expressly mentioned, discussed, or referred to by actual name in the material as indicated on its face; (ii) the witness is an officer or designee testifying on behalf of a company pursuant to Federal Rule of Civil Procedure 30(b)(6), and the document's subject matter is the subject of a topic designated for the 30(b)(6) witness, and the examining Party has a good-faith basis to believe that the witness has knowledge of information in the document and the document produced by KBRA is the only source for the relevant information; (iii) the examining Party

has a good-faith basis to believe that the witness has or had lawful access to the document; (iv) the witness is a current employee of KBRA; (v) the witness is a former employee of KBRA and the examining Party has a good faith basis to believe the witness has or had lawful access to the specific material to be disclosed; or (vi) the person is otherwise permitted access under this Order. Absent an order of the Court, the Party wishing to use "Attorney's Eyes Only" material in an examination of a witness must notify KBRA and provide KBRA five business days to object. If no objections are made within five business days, the document or thing designated Confidential may be shown to the witness or the witness may be examined on it; and

g. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials.

3. Any material that KBRA designates as "Attorney's Eyes Only" shall be treated as "Protected Material" under the Stipulated Protective Order.

4. "Attorney's Eyes Only" material must be treated in accordance with the provisions of the Stipulated Protective Order unless and until a ruling from the Court determines otherwise.

5. For the avoidance of doubt, Paragraph 14 of the Stipulated Protective Order relating to the Designation of Protected Material shall also apply to material designated Attorneys'

Eyes Only.

6. For the avoidance of doubt, Paragraph 15 of the Stipulated Protective Order relating to Objections to Confidentiality Designations or Treatment shall also apply to material designated Attorney's Eyes Only.

7. For the avoidance of doubt, Paragraph 27 of the Stipulated Protective Order relating to the Production of Protected Material Without Designation shall also apply to material designated Attorneys' Eyes Only.

SO ORDERED.

Dated: March 7, 2025

                                                    Hon. Katherine Polk Failla
                                                    United States District Judge

Respectfully submitted,

By: */s/ David Kiernan*  
JONES DAY  
David C. Kiernan (*pro hac vice*)  
Craig E. Stewart (*pro hac vice* forthcoming)  
555 California Street, 26th Fl.  
San Francisco, CA 94104  
Tel.: (415) 626-3939  
Fax: (415) 875-5700  
dkiernan@jonesday.com  
cestewart@jonesday.com  

Alexander V. Maugeri  
Amanda L. Dollinger  
250 Vesey Street  
New York, NY 10281  
Tel.: (212) 326-3939  
Fax: (212) 755-7306  
amaugeri@jonesday.com  
adollinger@jonesday.com  

*Attorneys for Defendant*  
*American Bankers Association*

By: */s/ Leiv Blad*  
Leiv Blad  
Jeffrey Blumenfeld *pro hac vice*  
Meg Slachetka  
COMPETITION LAW PARTNERS PLLC  
1101 Pennsylvania Avenue NW  
Washington, DC 20004  
Telephone: (202) 742-4300  
leiv@competitionlawpartners.com  
jeff@competitionlawpartners.com  
meg@competitionlawpartners.com  
*Co-Lead Class Counsel*

By: */s/ Robert N. Kaplan*  
Robert N. Kaplan  
Gregory K. Arenson  
Elana Katcher  
KAPLAN FOX & KILSHEIMER LLP  
850 Third Ave., 14th Floor  
New York, NY 10022  
Telephone: (212) 687-1980  
rkaplan@kaplanfox.com  
garenson@kaplanfox.com  
ekatcher@kaplanfox.com  
*Co-Lead Class Counsel*

By: */s/ Ronald J. Aranoff*  
David H. Wollmuth  
R. Scott Thompson  
Ronald J. Aranoff  
Ryan A. Kane J  
Joshua M. Slocum  
WOLLMUTH MAHER & DEUTSCH LLP  
500 Fifth Avenue, 12th Floor  
New York, New York 10110  
Telephone: (212) 382-3300  
dwollmuth@wmd-law.com  
sthompson@wmd-law.com  
raranoff@wmd-law.com  
rkane@wmd-law.com  
jslocum@wmd-law.com  
*Co-Lead Class Counsel*