March 20, 2025

**SUBMITTED VIA E-MAIL**

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Room 618
New York, New York 10007
Failla_NYSDChambers@nysd.uscourts.gov

Re: *Dinosaur Financial Group LLC, et al. v. S&P Global, Inc., et al.*, Case No. 22-CV-1860

Dear Judge Failla:

      Pursuant to the Court's Civil Case Management Plan and Scheduling Order (the "Case Management Order") (ECF No. 116), Plaintiffs Dinosaur Financial Group LLC ("Dinosaur"), Hildene Capital Management, LLC ("Hildene"), and Swiss Life Investment Management Holding AG ("Swiss Life") (collectively, "Plaintiffs") and Defendants S&P Global, Inc. ("S&P"), the American Bankers Association ("ABA"), and FactSet Research Systems, Inc. ("FactSet") (collectively, "Defendants" and, together with Plaintiffs, the "Parties") respectfully submit this joint status letter in advance of the pretrial conference scheduled for March 25, 2025 at 10:00 a.m.

### A. All Existing Deadlines, Due Dates, and/or Cut-Off Dates

The Case Management Order provides for the following deadlines:

- The fact discovery cutoff was March 14, 2025.

- Counsel are to meet in person in New York for at least one hour to discuss settlement within 14 days following the close of fact discovery.

- Requests to admit must be served by April 14, 2025.

- Plaintiffs' motion for class certification and supporting expert reports are due by June 13, 2025.

- Defendants' deadline to depose Plaintiffs' class certification experts is July 24, 2025.

- Defendants' opposition to class certification, including any motions to exclude expert testimony relating to class certification, and supporting expert reports are due by September 11, 2025.

- Plaintiffs' deadline to depose Defendants' class certification experts is October 22, 2025.

- Plaintiffs' reply in support of class certification, including any motions to exclude expert testimony relating to class certification is November 10, 2025.

- Within 7 days after the Court's ruling on class certification, the Parties are to meet and confer regarding a schedule for potential expert disclosures, if any, including reports,

1

production of underlying documents, and depositions, provided that expert reports of the party with the burden of proof shall be due before those of the opposing party's experts.

### B.    Outstanding Motions

There are no outstanding motions before this Court. However, as explained in Section C, the parties seek an extension of certain of the deadlines set forth in Section A.

### C.    Discovery Status

***Party Discovery.***  The Parties have largely completed party fact discovery in advance of the fact discovery cutoff. The only fact discovery of the parties remaining is a small number of depositions that the Parties were unable to schedule prior to March 14, 2025. The Parties have agreed, subject to the Court's approval, that those depositions will take place in the next few weeks prior to April 18, 2025.[1]

***Third-Party Discovery***. Other than the third-party discovery concerning the proposed alteration of the class, which is addressed in the next paragraph, the Parties have largely completed third party discovery.

***Third-Party Discovery Concerning the Expanded Class.***  Following the Court's guidance during the March 3, 2025 hearing regarding Plaintiffs' proposed altered class definition, the Parties have been extensively meeting and conferring on an appropriate schedule for fact discovery concerning the "distributors" that Plaintiffs propose to include in their altered class definition. The Parties have reached the following agreement, subject to Court approval.

By April 25, 2025, Plaintiffs will provide Defendants with their amended class definition with the stipulation that the class definition in their motion to certify will either be the same or more restricted but shall not be more expansive. Plaintiffs represent that the class definition will not be a broad catchall placeholder class of every entity which signed a Distribution Agreement, but will represent in good faith the class they intend to seek certification, subject to any narrowing in light of ongoing discovery.

Following receipt of that class definition, Defendants will be permitted a 90-day period (until July 24, 2025) to take fact discovery limited to issues arising from that expanded class (i.e. the class of distributors), that will include but not be limited to taking discovery from up to 20 absent class members, with the number of absent class members from whom discovery is to be taken to be reasonably tailored to the class definition provided by Plaintiffs. However, Plaintiffs agree to meet-and-confer in good faith if, after receiving the amended class definition on April 25, Defendants believe discovery is reasonably needed from additional absent members. Plaintiffs may cross-notice any deposition noticed by Defendants but shall not otherwise be entitled to serve discovery (e.g. requests for production, interrogatories etc.). However, should an unexpected issue

---

[1] The Parties have agreed that the following depositions may be taken after the March 14, 2025 deadline but before April 18, 2025: the Rule 30(b)(1) depositions of Robert Nichols (ABA) and Brett Jefferson (Hildene), which will be completed by April 11, and the Rule 30(b)(6) depositions of Plaintiff Hildene and Defendants FactSet and S&P will be completed by April 18.

arise in the course of this additional discovery about which Plaintiffs wish to take some additional limited discovery, limited to issues arising from the expanded class definition, the parties will meet and confer in good faith on Plaintiffs' requested discovery.

The Parties agree that the schedule set forth in the Case Management Plan and Order (ECF No. 116), shall further be amended as follows: (i) Plaintiffs' motion for class certification and supporting expert reports are due: August 14, 2025; (ii) Defendants' deadline to depose Plaintiffs' class certification experts: September 24, 2025; (iii) Defendants' opposition to class certification, including any motions to exclude expert testimony, relating to class certification and supporting expert reports are due: November 12, 2025; (iv) Plaintiffs' deadline to depose Defendants' class certification experts: December 23, 2025; and (v) Plaintiffs' reply in support of class certification, including any motions to exclude expert testimony relating to class certification: January 12, 2026.

### D.    Settlement Discussions

The Parties have not yet engaged in settlement discussions. The Parties seek an extension of their deadline to meet in person in New York to discuss settlement until August 23, 2025, which is thirty days after July 24, 2025, the date the Parties propose for the completion of non-party discovery concerning the expanded class definition. The Parties do not request a settlement conference at this time.

### E.    Anticipated Length of Trial / Jury Trial

This action is to be tried before a jury. Counsel for the Parties believe that it is premature to predict the length of such trial with any accuracy at this time.

### F.    Anticipated Motions for Summary Judgment

Defendants anticipate filing a motion for summary judgment. While Defendants believe that it is premature to describe the full content of such a motion at this time, Defendants expect the motion to be based on, among other things, Plaintiffs' inability to prove (1) monopoly power in the relevant market; (2) a restraint of trade or cognizable harm to competition; (3) cognizable injury to Plaintiffs as to the federal and state law claims; (4) the existence of a conspiracy; (5) applicability of the Sherman Act under the Foreign Trade Antitrust Improvements Act; and/or (6) applicability of the alleged state laws.

Plaintiffs anticipate filing a motion for summary judgment. While Plaintiffs believe that it is premature to describe the full content of such a motion at this time, Plaintiffs intend to seek summary judgment on at least certain of Defendants' affirmative defenses and justifications, including: (a) Plaintiffs' claims are barred by the *Noerr-Pennington* doctrine; (b) Plaintiffs' claims are barred by laches; (c) Plaintiffs claims are barred by waiver, quasi-estoppel, or estoppel; (d) Plaintiffs are not third-party beneficiaries of any contract between Defendants and third parties; (e) Plaintiffs' claims are barred as a result of federal copyright law; (f) Defendants' defense of free riding; and (g) Defendants' defense of refusal to deal.

### G.    Other Issues to Address

The Parties do not currently have any other issues that the Parties would like to address at the pretrial conference, or any further information that the Parties believe may assist the Court in advancing the case to settlement or trial.

Respectfully submitted,

| | |
|---|---|
| WOLLMUTH MAHER & DEUTSCH LLP | GIBSON, DUNN & CRUTCHER LLP |

By: /s/ Ronald J. Aranoff
    Ronald J. Aranoff
    Ryan A. Kane
    Joshua M. Slocum
    Lyndon M. Tretter
    500 Fifth Avenue, 12th Floor
    New York, New York 10110
    Telephone: (212) 382-3300
    raranoff@wmd-law.com
    rkane@wmd-law.com
    jslocum@wmd-law.com
    ltretter@wmd-law.com

By: /s/ Eric J. Stock
    Eric J. Stock
    200 Park Avenue, 47th Floor
    New York, New York 10166
    Telephone: (212) 351-2301
    estock@gibsondunn.com

*Counsel for Defendant S&P Global, Inc.*

COMPETITION LAW PARTNERS PLLC

By: /s/ Leiv Blad
    Leiv Blad
    Jeffrey Blumenfeld
    Meg Slachetka
    601 Pennsylvania Avenue NW
    Washington, DC  20004
    Telephone: (202) 742-4300
    leiv@competitionlawpartners.com
    jeff@competitionlawpartners.com
    meg@competitionlawpartners.com

JONES DAY

By: /s/ David C. Kiernan
    David C. Kiernan (*Pro Hac Vice*)
    Caroline N. Mitchell (*Pro Hac Vice*)
    Paul Hines (*Pro Hac Vice*)
    555 California Street, 26th Floor
    San Francisco, California 94104
    Telephone: (415) 875-5745
    dkiernan@jonesday.com
    cnmitchell@jonesday.com
    phines@jonesday.com

    Amanda L. Dollinger
    Alexander V. Maugeri
    250 Vesey Street
    New York, New York 10281
    Telephone: (212) 326-3939
    adollinger@jonesday.com
    amaugeri@jonesday.com

*Counsel for Defendant American Bankers Association*

KAPLAN FOX & KILSHEIMER LLP

By: /s/ Robert N. Kaplan
    Robert N. Kaplan
    Gregory K. Arenson
    Elana Katcher
    800 Third Avenue, 38th Floor
    New York, NY 10022
    Telephone: (212) 687-1980
    rkaplan@kaplanfox.com
    garenson@kaplanfox.com
    ekatcher@kaplanfox.com

*Class Counsel for Plaintiffs*

SHINDER CANTOR LERNER LLP

By: /s/ Jeffrey I. Shinder
    Jeffrey I. Shinder
    Ellison A. Snider (*Pro Hac Vice*)
    14 Penn Plaza, 19th Floor
    New York, NY 10122
    Telephone: (646) 960-8601
    jeff@scl-llp.com
    esnider@scl-llp.com

James J. Kovacs (*Pro Hac Vice*)
Keagan H. Potts (*Pro Hac Vice*)
600 14th Street NW, 5th Floor
Washington, DC 20005
Telephone: (646) 960-8601
james@scl-llp.com
kpotts@scl-llp.com

CONSTANTINE CANNON LLP

W. Stephen Cannon (*Pro Hac Vice*)
Seth D. Greenstein (*Pro Hac Vice*)
Patrick Kennedy (*Pro Hac Vice*)
1001 Pennsylvania Avenue NW, 1300N
Washington, DC 20004
Telephone: (202) 204-3500
scannon@constantinecannon.com
sgreenstein@constantinecannon.com
pkennedy@constantinecannon.com

Sarah Bayer (*Pro Hac Vice*)
6 East 43rd Street, 26th Floor
New York, NY 10017
Telephone: (212) 350-2700
sbayer@constantinecannon.com

*Counsel for Defendant FactSet Research Systems, Inc.*