June 3, 2025

Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov



Re:   *Dinosaur Financial Group v. S&P Global*, Case Nos. 1:22-cv-1860-KPF, 1:22-cv-1929-KPF

Dear Judge Failla:

Defendants S&P Global Inc., FactSet Research Systems Inc., and the American Bankers Association (collectively, "Defendants") respectfully request leave to serve interrogatories on the putative class members (the "Putative Class Members") on whom the Court authorized Defendants to serve discovery in light of Plaintiffs' amended class definition. Dkt. 198. The Court previously approved eight of the 10 interrogatories Defendants intend to serve, *see* Dkt. 148 at 5, and the two additional interrogatories are narrowly tailored and not burdensome. The Court's order already permits discovery from absent class members, Dkt. 198, but in an abundance of caution, Defendants seek the Court's express approval to serve the interrogatories in Exhibit A.

Defendants provided Plaintiffs with a draft of the interrogatories, to which Plaintiffs raised no objections and took no position. *See* Ex. B.

## I.   DEFENDANTS' DISCOVERY REQUEST FROM ABSENT CLASS MEMBERS IS PROPER.

The Court has recognized that absent class members may be subject to discovery. Dkt. 148 (granting Defendants' request to serve document requests, interrogatories, and deposition subpoenas on absent class members); *see also Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 70 (S.D.N.Y. 2020). Such discovery is proper when "(1) the discovery is not sought for any improper purpose, to harass, or to alter the membership of the class; (2) it is narrowly tailored to subjects which are plainly relevant; and (3) it does not impose an undue burden given the need for the discovery . . . and the availability of the same or similar discovery from a party." *Peloton*, 336 F.R.D. at 71.

## II.   THE DISCOVERY IS SOUGHT FOR A PROPER PURPOSE, NARROWLY TAILORED, AND NOT OTHERWISE AVAILABLE.

Defendants seek responses to 10 focused interrogatories. The Court previously authorized Defendants to take discovery from absent putative class members in December 2024, under Plaintiffs' previous class definition, and approved nine of the 10 interrogatories Defendants sought to serve. Dkt. 148 at 5. This present set of interrogatories is substantially similar to the prior set the Court approved. Specifically, Interrogatory Numbers 1–8 are identical to ones previously

1

approved by the Court. *Compare* Dkt. 140-2 *with* Ex. A. Interrogatory Numbers 9 and 10 are new and are not similar to the one interrogatory the Court previously denied.

The parties agree that discovery from Putative Class Members is proper, *see* Dkt. 198, and Plaintiffs do not oppose Defendants' present request, *see* Ex. B. Further, as with Defendants' prior class discovery request, the sought discovery will be instrumental to understanding who is in Plaintiffs' purported class and whether common facts and issues predominate. This discovery will also be important to developing the facts critical to the merits of Plaintiffs' claims. *See* Dkt. 140 at 2.

The interrogatories in Exhibit A are concise, do not require a lengthy response, and are directed at sophisticated corporate entities, not individual plaintiffs, minimizing any potential undue burden. The interrogatories seek highly relevant information that is narrow in scope and can be practically and efficiently obtained by interrogatory response. This type of limited discovery is not unduly burdensome. *See* Dkt. 148 at 5; *see also In re Caustic Soda Antitrust Litig.*, No. 1:19-cv-385(EAW/MJR), 2021 WL 9817565, at *2 n.3 (W.D.N.Y. Dec. 8, 2021) ("Because the subpoenaed [non-parties] here are solvent businesses and not individuals, the Court finds this scenario distinguishable from cases . . . in which courts more strictly limited discovery from absent *individual* class members.").

Finally, the information sought is not available from named Plaintiffs or Defendants' own records, as it concerns individual Putative Class Members' access to and use of financial identifiers and CGS data, which is unique to each Putative Class Member. Further, Defendants' records do not reveal which non-CGS identifiers or data sources individual Putative Class Members accessed.

\*\*\*

Defendants respectfully request that their unopposed motion for leave to serve interrogatories on the Putative Class Members be granted.

Respectfully submitted,

| /s/ Eric J. Stock | /s/ Jeffrey Shinder | /s/ David Kiernan |
|---|---|---|
| Eric J. Stock | Jeffrey I. Shinder | David C. Kiernan |
| GIBSON, DUNN & CRUTCHER LLP | SHINDER CANTOR LERNER | JONES DAY |
| 200 Park Avenue, 47th Fl. | 14 Penn Plaza, Suite 1900 | 555 California Street, 26th Fl. |
| New York, NY 10166 | New York, NY 10122 | San Francisco, CA 94104 |
| Tel.: (212) 351-2301 | Tel.: (646) 960-8601 | Tel.: (415) 626-3939 |
| Fax: (212) 716-0801 | jeffrey@scl-llp.com | Fax: (415) 875-5700 |
| estock@gibsondunn.com | | dkiernan@jonesday.com |
| | | |
| Attorneys for Defendant S&P Global Inc. | Attorneys for Defendant FactSet Research Sys., Inc. | Attorneys for Defendant American Bankers Association |

2

Application GRANTED.  Defendants may serve the interrogatories contained in Exhibit A (Dkt. #201-1) on the Putative Class Members.

The Clerk of Court is directed to terminate the pending motion at docket entry 201.

Dated:    June 11, 2025          SO ORDERED.
          New York, New York

                                 HON. KATHERINE POLK FAILLA
                                 UNITED STATES DISTRICT JUDGE