UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

DINOSAUR FINANCIAL GROUP, LLC, HILDENE CAPITAL MANAGEMENT, LLC, and SWISS LIFE INVESTMENT MANAGEMENT HOLDING AG on behalf of themselves and all others similarly situated,

               Plaintiffs,

  -against-

S&P GLOBAL, INC., AMERICAN BANKERS ASSOCIATION, and FACTSET RESEARCH SYSTEMS INC.,

               Defendants.

------------------------------------------------------- X

Case No. 1:22-cv-1860-KPF

## STIPULATION AND [PROPOSED] ORDER REGARDING REDACTION AND SEALING PROCESS FOR CLASS CERTIFICATION BRIEFING

WHEREAS, on September 14, 2023, the Court entered the Parties' Civil Case Management Plan and Scheduling Order (Dkt. 116);

WHEREAS, on March 21, 2025, the Court entered the Parties' Stipulation and Order Regarding Class Discovery and Amended Schedule (Dkt. 198) (the "March 21, 2025 Order"), which amended certain deadlines for class certification and expert disclosures, as follows:

    1.    Plaintiffs' motion for class certification and supporting expert reports are due August 14, 2025;

    2.    Defendants' opposition to class certification, including any motions to exclude expert testimony, relating to class certification and supporting expert reports are due November 12, 2025;

    3.    Plaintiffs' reply in support of class certification, including any motions to exclude

expert testimony relating to class certification are due January 12, 2026 (the dates set forth in paragraphs 1 through 3, together, are the "Filing Deadlines");

WHEREAS, non-parties, including nearly thirty absent putative class members, have produced substantial material and provided testimony in this action, including material that has been designated Confidential or Highly Confidential pursuant to the Protective Order dated October 17, 2023 (Dkt. 125) (the "Protective Order")[1];

WHEREAS, because of the substantial amount of pre-designated Confidential or Highly Confidential material likely to be involved in these filings, the party making the above filings may be including materials from adverse parties and/or non-parties marked Confidential or Highly Confidential and such parties and non-parties will not have the opportunity to review such filing prior to its due date, and in order to facilitate and streamline the process for redactions and sealing, Plaintiffs and Defendants (collectively, the "Parties") believe a modification of the procedures set forth in Rule 9(B) of the Court's Individual Rules of Practice in Civil Cases ("Individual Rules") is appropriate;

NOW, THEREFORE, the Parties hereby stipulate and agree, subject to the Court's approval, to the following proposed process for submitting proposed sealing and redactions for class certification briefing to the Court, and jointly request that the Court order as follows:

1. The filing parties will file their papers under seal on an interim basis by the Filing Deadlines;

2. The filing parties will serve unredacted papers on the receiving parties by the Filing

---

[1] To the extent certain non-parties have entered into additional stipulated protective orders providing for confidentiality designations other than Confidential or Highly Confidential (*see* Dkt. 159, 183, 191), such designations shall also be subject to the terms of this Stipulation and Order.

Deadlines;

3. Within three (3) weeks of the respective Filing Deadlines, the filing and receiving parties will exchange initial proposed redactions to their respective Confidential and Highly Confidential material included in the papers and exhibits. To the extent that any Party objects to a proposed redaction by any other Party, the Objecting Party shall state its objection in writing (e.g., by email) to the Designating Party that specifies the document or information challenged.[2] The Parties shall meet and confer to discuss the objection and make a good faith effort to resolve any dispute by agreement. Within four (4) weeks of the Filing Deadline, the receiving parties will transmit the following items to the filing parties (the "Redaction Deadline"):

   a. Final proposed redactions of all papers and exhibits subject to the filing;

   b. Highlighted copies of all papers and exhibits, with highlights corresponding to the proposed redactions;

   c. An insert for the filing parties' motion to seal containing the receiving parties' justification for the proposed redactions. For the avoidance of doubt, the burden remains on the party requesting that documents or materials remain sealed or redacted to justify such redaction or sealing to the Court.

4. The Redaction Deadlines are as follows:

   a. For Plaintiffs' motion for class certification: September 11, 2025

   b. For Defendants' opposition to class certification: December 10, 2025

   c. For Plaintiffs' reply in support of class certification: February 9, 2026

5. Within one (1) week of the Redaction Deadline, the filing parties will file a letter motion to seal, along with proposed redacted copies and highlighted copies, pursuant to the procedure outlined in Rule 9(B) of the Court's Individual Rules. The letter motion will include a

---

[2] Capitalized terms not otherwise defined herein are used as defined in the Protective Order.

description of the proposed redactions by filing and receiving parties, noting which if any are proposed by both sides, which proposed redactions the filing parties disagree with, and the respective redaction justifications of the filing and receiving parties. The deadlines for the letter motions to seal shall be as follows:

    a. For Plaintiffs' motion for class certification: September 18, 2025

    b. For Defendants' opposition to class certification: December 17, 2025

    c. For Plaintiffs' reply in support of class certification: February 16, 2026

6. Within seven (7) business days of the filing of the letter motion to seal, the receiving party may respond to the letter motion to seal either (i) to respond to the filing party's objections to redactions proposed by the receiving party, or (ii) to raise the receiving party's objections to redactions proposed by the filing party.

7. Non-parties are neither filing nor receiving parties. Non-party material that is designated Confidential or Highly Confidential pursuant to the Protective Order shall be maintained under seal, and the filing party shall include in its filing motion a request to seal such material. Within three (3) weeks of the filing of any brief or supporting document that includes non-party Confidential or Highly Confidential material, the filing party shall provide to each affected non-party: (i) a copy of this Stipulation and Order, (ii) notice of the non-party's Confidential or Highly Confidential material that has been provisionally filed under seal, and (iii) a proposed statement for inclusion in the filing motion justifying the sealing of such material. The non-party may notify the filing party if the non-party wishes to (i) edit or supplement the proposed statement justifying sealing and/or (ii) de-designate material as confidential.

**SO STIPULATED.**

Dated: August 13, 2025

*/s/ Ronald J. Aranoff*
Ronald J. Aranoff
Ryan A. Kane
Joshua M. Slocum
Lyndon M. Tretter
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue, 12th Floor New York, New York 10110
Telephone: (212) 382-3300
raranoff@wmd-law.com
rkane@wmd-law.com
jslocum@wmd-law.com
ltretter@wmd-law.com


*/s/ Leiv Blad*
Leiv Blad
Jeffrey Blumenfeld pro hac vice
Meg Slachetka
COMPETITION LAW PARTNERS PLLC
601 Pennsylvania Avenue NW
Washington, DC 20004
Telephone: (202) 742-4300
Email: leiv@competitionlawpartners.com
jeff@competitionlawpartners.com
meg@competitionlawpartners.com

*/s/ Robert N. Kaplan*
Robert N. Kaplan
Gregory K. Arenson Elana Katcher
KAPLAN FOX & KILSHEIMER LLP
800 Third Ave., 38th Floor New York, NY 10022 Telephone: (212) 687-1980 Email: rkaplan@kaplanfox.com
garenson@kaplanfox.com
ekatcher@kaplanfox.com

*Attorneys for Plaintiffs Dinosaur Financial*

*/s/ Eric J. Stock*
Eric J. Stock
Esther Lifshitz
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue New York, NY 10166 Tel.: (212) 351-2301
Fax: (212) 716-0801
estock@gibsondunn.com
elifshitz@gibsondunn.com

*Attorneys for Defendant S&P Global Inc.*


*/s/ Jeffrey I. Shinder*
Jeffrey I. Shinder
Ellison A. Snider (Pro Hac Vice) 14 Penn Plaza, 19th Floor
New York, NY 10122
Telephone: (646) 960-8601
jeff@scl-llp.com
esnider@scl-llp.com

W. Stephen Cannon Seth D. Greenstein
CONSTANTINE CANNON LLP
1001 Pennsylvania Ave., NW 1300 N Washington, D.C. 20004
Tel.: (202) 204-3500
Fax: (202) 204-3501
scannon@constantinecannon.com
sgreenstein@constantinecannon.com

*Attorneys for Defendant FactSet Research Systems, Inc.*

| | |
|---|---|
| *Group, LLC, Hildene Capital Management, LLC, and Swiss Life Investment Management Holding AG, on behalf of themselves and all others similarly situated* | */s/ David C. Kiernan*<br>David C. Kiernan (*pro hac vice*)<br>Craig E. Stewart (*pro hac vice*)<br>Caroline M. Mitchell (*pro hac vice*)<br>Paul C. Hines (*pro hac vice*)<br>JONES DAY<br>555 California St., 26th Fl. San Francisco, CA 94104<br>Tel.: (415) 626-3939<br>Fax: (415) 875-5700<br>dkiernan@jonesday.com<br>cestewart@jonesday.com<br><br>Michelle K. Fischer (pro hac vice)<br>901 Lakeside Avenue<br>Cleveland, OH 44114<br>Tel.: (216) 586-3939<br>Fax: (216) 579-0212<br>mfischer@jonesday.com<br><br>Alexander V. Maugeri Amanda L. Dollinger 250 Vesey Street<br>New York, NY 10281<br>Tel.: (212)326-3939<br>Fax: (212) 755-7306<br>amaugeri@jonesday.com<br>adollinger@jonesday.com<br><br>*Attorneys for Defendant American Bankers Association* |

**SO ORDERED**.

Dated:_____              _____
                              Hon. Katherine Polk Failla
                              United States District Judge