# EXHIBIT 1

**WOLLMUTH MAHER & DEUTSCH LLP**
500 Fifth Avenue
NEW YORK, NEW YORK 10110

September 9, 2025

**By Email**

Ellison Snider
Shinder Cantor Lerner
14 Pennsylvania Plaza 19th Floor
New York, New York 10122
kpotts@scl-llp.com

Re:   *Dinosaur Financial Group LLC et al. v. S&P Global, Inc. et al.*, No. 22-cv-1860-KPF

Dear Ellison:

Pursuant to Paragraph 3 of the Stipulation and Order Regarding Redaction and Sealing Process for Class Certification Briefing ("Sealing Stipulation"), Plaintiffs object to Defendants' proposed redactions to the documents identified below.

Defendants' redactions do not satisfy the standards in Paragraph 9 of Judge Failla's Individual Rules or Second Circuit precedent. They are overbroad, not narrowly tailored, and conflict with the strong presumption of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The Second Circuit has made clear that this presumption is "of the highest" and that such materials "should not remain under seal absent the most compelling reasons." *Id.* at 123 (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)). Sealing is permissible only if "narrowly tailored" to protect higher values such as privacy, public safety, attorney-client privilege, or competitively sensitive business information. *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, 2023 WL 5054602, at *2 (S.D.N.Y. Aug. 8, 2023). To justify sealing based on competitive sensitivity, Defendants must show that the information sought to be redacted would reveal genuinely competitively sensitive material such as trade secrets or other proprietary material (*e.g.*, R&D strategies, customer lists, or revenue data). *See Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016).

The redactions Defendants submitted on September 4 and 9, 2025 do not meet this burden. They are facially overinclusive, extend well beyond legitimately sensitive business information, and contravene governing law and Judge Failla's rules. And Defendants have not provided any justification for such redactions. For example, Defendants seek to redact large swaths of information from Plaintiffs' brief which reflect Plaintiffs' characterizations of the facts and in no way implicate Defendants' competitively sensitive information (e.g., "falsely claims IP Rights over individual CUSIP Identifiers"). Plaintiffs will not consent to Defendants' indiscriminate approach to sealing.

Except for the limited highlighted redactions Plaintiffs counter-propose to the accompanying materials, Plaintiffs challenge each and every one of Defendants' proposed redactions to Plaintiffs' brief on the ground the redacted materials do not fall under the definition of Confidential or Highly Confidential material in the Stipulated Protective Order and do not contain competitively sensitive business information. *See* ECF 125 at § 16 ("Nothing in this Paragraph shall restrict the ability of any Party to challenge confidentiality designations based on categories of documents that share a readily identifiable common basis for the designation or the ability of any Party to contest such categorical ground); § 5 (defining Confidential Material); § 6 (defining Highly Confidential Material). Plaintiffs further challenge each of the redactions on the ground that disclosure of the redacted material would not cause a clearly defined, serious injury sufficient to establish good cause to justify redaction. Plaintiffs also challenge Defendants' redactions to communications with the named Plaintiffs, the named Plaintiffs' contracts, and the named Plaintiffs' deposition transcripts as Defendants do not have the right to unilaterally categorize these documents as confidential. *See, e.g.*, Ex. 00 (Plaintiffs' Brief) at page 17 (Defendants propose redacting "imposing severe operational risk to the End User's business").

Plaintiffs further challenge the following categories of redactions in the Exhibits.[1]

1. Materials that do not fall under the definition of Confidential or Highly Confidential material and that do not contain sensitive business information or would not cause a clearly defined, serious injury sufficient to establish good cause to justify redaction

| | | | |
|---|---|---|---|
| 02 - Powell Report | 07 - Exhibit 39 | 08 – ABA-0000004547 | 09 – PX204 |
| 11 - PX24 | 13 - PX159 | 16 - PX501 | 22 - PX13 |
| 23 - FRSI00125445 | 24 - FRSI00529126 | 26 - HCM-00571788 | 28 - PX50 |
| 29 - FRSI00454322 | 30 - FRSI00134772 | 33 - PX123 | 34 – Caryl Diane Poole – 02-07-2025 |
| 35 - FRSI00703185 | 36 - FRSI00117560 | 39 – PX108 | 40 – SPGI-0000009537 |
| 42 – PX352 | 43 – FRSI00243290 | 44 – PX29 | 45 – PX350 |
| 46 – PX26 | 47 – FRSI01235698 | 48 – FRSI00848546 | 49 – PX32 |
| 50 – PX34 | 51 – PX352 | 53 – FRSI00163032 | 54 – PX72 |
| 55 – PX118 | 56 – FRSI00170852 | 61 – PX67 | 62 – PX119 |
| 63 – PX430 | 64 – PX111 | 65 – FRSI00444955 | 66 – FRSI00134647 |
| 67 – HCM-00054824 | 69 – FRSI00108190 | 71 – PX205 | 72 – FRSI00145702 |
| 73 – FRSI00192921 | 74 – FRSI00197897 | 75 – PX144 | 76 – PX156 |
| 77 – PX169 | 78 – Schachter Report | 85 – FRSI00229577 | 86 – Elhauge Corrected Report |

---

[1] [1]If an Exhibit with Plaintiffs' proposed redactions is not included in the folder accompanying this letter Plaintiffs' position is that no redactions are justified.

2

2.  Communications with the named Plaintiffs, the named Plaintiffs' contracts and documents produced by Plaintiffs.

    a. 23 - FRSI00125445
    b. 26 - HCM-00571788
    c. 28 - PX50
    d. 30 - FRSI00134772
    e. 66 – FRSI00134647

3.  Deposition transcripts. The Stipulated Protective Order provides that "except in unique circumstances, an entire transcript will not ordinarily satisfy the criteria for Protected Material." § 23. There are no unique circumstances that justify the Defendants' overbroad designations. Thus, in addition to the fact that the materials contained in these documents do not meet the definitions of Confidential or Highly Confidential Materials and if disclosed would not cause a clearly defined serious injury, Defendants have facially failed to comply with this provision by designating all or substantially all of the following deposition transcripts as Protected Material.

    a. 05 - Gerard Faulkner - 02-11-2025
    b. 06 - Jeffrey Mitnick - 01-30-2025
    c. 14 - Scott J. Preiss - 02-05-2025
    d. 15 - 30(b)(6) FactSet Research
    e. 18 - Robert Nagle - 01-09-2025
    f. 19 - David Hunter - 01-14-2025
    g. 21 - Danielle Lane - 01-07-2025

For tomorrow's meet and confer, please be prepared to explain how each challenged redaction satisfies Second Circuit standards. For clarity, Plaintiffs do not object to redaction of personal identifiers such as phone numbers or bank account information included in Defendants' materials.

Sincerely,

/s/ *Grant Bercari*

Grant Bercari

cc: Defendants' counsel of record (*via email*)

3