UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DINOSAUR FINANCIAL GROUP LLC;
SWISS LIFE INVESTMENT
MANAGEMENT HOLDING AG; and
HILDENE CAPITAL MANAGEMENT, LLC,
*each on behalf of themselves and all
others similarly situated*,

                Plaintiffs,

-v.-

S&P GLOBAL, INC.; AMERICAN
BANKERS ASSOCIATION, and FACTSET
RESEARCH SYSTEMS INC.,

                Defendants.

22 Civ. 1860 (KPF)

**ORDER**

---

KATHERINE POLK FAILLA, District Judge:

    On August 14, 2025, the Court issued an Order in the above captioned case adopting the parties' proposed redaction and sealing protocols related to their class certification briefing. (Dkt. #214). Specifically, the August 14, 2025 Order allows the parties a certain amount of time after each brief was filed to confer, and then to file with the Court a letter motion to seal, along with proposed redacted copies and highlighted copies. (*Id.* at 3-4). The Court would then rule on whether the proposed redactions were appropriate.

    Before the Court is the first of those letter motions to seal (Dkt. #221), which Plaintiffs filed on September 18, 2025, and which relates to Plaintiffs' motion to certify a class and to appoint class counsel (Dkt. #215), their memorandum of law in support thereof (Dkt. #216), and a declaration of Ronald J. Aranoff also in support thereof (Dkt. #217).

Attached to Plaintiffs' motion to seal are three appendices. Appendix A lists the 113 redactions on which the parties agree. (Dkt. #221-1 ("Pl. App. A")). Appendix B lists 219 additional redactions that only Defendants seek, and it includes Plaintiffs' objections to each of Defendants' additional proposed redactions. (Dkt. #221-2 ("Pl. App. B")). Appendix C lists the discovery materials of nonparties designated as Confidential, Highly Confidential, or Attorneys' Eyes Only, which the parties agree should remain sealed. (Dkt. #221-3 ("Pl. App. C.")). Plaintiffs also emailed unredacted versions of the appendices to the Court.

After Plaintiffs filed their letter motion to seal, Defendants responded on September 29, 2025. (Dkt. #226). Attached to Defendants' response was an appendix, which reprinted the table of proposed redactions in Plaintiffs' Appendix B but added a column for Defendants to explain their responses to Plaintiffs' objections. (Dkt. #226-1 ("Def. App. B")). The Court construes Defendants' September 29, 2025 response as an additional motion to seal. Therefore, Plaintiffs' motion to seal includes requests (i) to redact what is listed in Appendix A and (ii) to seal what is listed in Appendix C. Defendants' motion to seal, in turn, includes a request to redact what is listed in Appendix B, a version of which both parties provided.

For the reasons set forth below, Plaintiffs' motion to seal is GRANTED, and Defendants' motion to seal is GRANTED IN PART and DENIED IN PART.

**DISCUSSION**

**A.    Applicable Law**

The common law and the First Amendment provide a presumption of public access to judicial documents. *See Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). In considering a motion to seal, courts in the Second Circuit apply a three-part test. *First*, courts determine if the document is, in fact, a "judicial document" to which the presumption of access attaches, meaning that it is "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119 (quoting *United States* v. *Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). *Second*, if the document is a judicial document, courts determine the weight of the presumption of access, which depends on its importance to the judicial function and its value to those monitoring the federal courts. *Id. Third*, courts balance competing considerations against that presumption of access. *Id.* at 120. Competing considerations may include, for example, privacy interests and the protection of competitively sensitive business information. *See, e.g.*, *Bernstein* v. *O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018).

**B.    Analysis**

The Court has reviewed the parties' proposed redactions and requests to seal. In short, the Court adopts all of the jointly proffered redactions and sealing requests and most of Defendants' additional redaction requests.

Under the first prong of the *Lugosch* test, the documents qualify as "judicial documents." *See Tropical Sails Corp.* v. *Yext, Inc.*, No. 14 Civ. 7582

(JFK), 2016 WL 1451548, at *3 (S.D.N.Y. Apr. 12, 2016) (holding that motions for class certification and related exhibits qualify as "judicial documents"). Therefore, a "presumption of access attaches." *See Lugosch*, 435 F.3d at 119.

On the second *Lugosch* prong, the presumption of access is highest for "materials filed in connection with dispositive motions." *Olson* v. *Major League Baseball*, 29 F.4th 59, 90 (2d Cir. 2022). Motions for class certification, like at issue here, are non-dispositive, and thus filings associated with them carry a lesser presumption of access. *Brown* v. *Maxwell*, 929 F.3d 41, 53 (2d Cir. 2019). But that presumption is "still substantial." *Id.* Whether the proposed redactions and sealing requests are appropriate depends on whether competing considerations outweigh this presumption. *See Lugosch*, 435 F.3d at 119-20.

The Court starts by considering the requests on which the parties agree, which requests are the subject of Plaintiffs' motion to seal (*see* Dkt. #221), and which are listed in Plaintiffs' Appendix A and Appendix C. In each instance, the Court finds that the potential harm caused by public disclosure of the material is greater than the weight of the presumption of access. *See Lugosch*, 435 F.3d at 119. Therefore, the Court grants Plaintiffs' motion as to these documents.

The agreed-upon redactions in Appendix A pertain to information that is confidential and competitively sensitive, which is "a legitimate basis to rebut the public's presumption of access to judicial documents." *See Sec. & Exchange Comm'n* v. *Telegram Grp. Inc.*, No. 19 Civ. 9439 (PKC), 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (collecting cases). And the agreed-

upon requests to seal in Appendix C all concern nonparty privacy interests, which often overcome the presumption of access. *See United States* v. *Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995).

Next, the Court turns to the disputed proposed redactions, which are listed in both Plaintiffs' and Defendants' Appendix B, and which are the subject of Defendants' motion to seal. (*See* Dkt. #226). For the most part, the Court sides with Defendants and holds that the disputed redactions should be adopted. Specifically, the Court grants Defendants' request to redact the text in the following rows of Defendants' Appendix B: 2, 4-13, 15, 17, 19-20, 22-28, 30-32, 34, 36-40, 42, 46-64, 65 (first clause, before the ellipsis), 66-76, 79-82, 85-89, 92-94, 99-100, 102-06, 108-09, 111, 115a-i, 116a-g, 117a-c, 117e-h, 118a-g, 119a-d, 120a-i, 121a-c, 121e-k, 122-33, 138-48, 150-53, 155-59, 162-64, 166-73, 175-94, 196-219. The Court has determined that, with regard to these proposed redactions, Defendants' privacy interest outweighs the interest in public access, at least at this stage in the litigation.

A substantial portion of Defendants' proposed redactions relates to contractual agreements. (*See, e.g.*, Def. App. B ¶ 5-6, 9-13). Those contractual agreements are only made available to entities who have filled out a "Use of Service Statement" and met with a CGS employee. (Dkt. #226 at 2). The agreements also include confidentiality clauses, indicating their confidential nature. (*Id.*). In this way, Defendants are right to distinguish the instant case from a sister court's holding in *Saks Inc.* v. *Attachmate Corp.*, No. 14 Civ. 4902 (CM), 2015 WL 1841136, at *18 (S.D.N.Y. Apr. 17, 2015) (explaining that the

5

agreements at issue simply "spell[ ] out ... rights and ... responsibilities" and are thus "not ... secret document[s]"). (*See also* Dkt. #226 at 2). Especially at this nondispositive stage in the litigation, Defendants' proposed redactions of materials discussing the confidential agreements are "essential to preserve higher values and ... narrowly tailored to serve" Defendants' interests. *In re Keurig*, No. 14 MD 2542 (VSB), 2023 WL 196134, at *6 (internal quotation marks omitted) (quoting *Lugosch*, 435 F.3d at 120).

Most of Defendants' remaining proposed redactions relate to strategic business practices and financial information. (*See* Dkt. #226 at 3-5). The Court holds that Defendants' interest in redacting the material outweighs the presumption of access in most instances. Courts in this District often grant requests to seal or redact information related to strategic business practices and financial information. *See, e.g.*, *Louis Vuitton Malletier S.A.* v. *Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (permitting redactions of "specific business information and strategies"); *GoSmile, Inc.* v. *Levine*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (redacting "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"); *Graczyk* v. *Verizon Commc'ns, Inc.*, No. 18 Civ. 6465 (PGG), 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (noting that "courts in this Circuit routinely permit parties to redact sensitive financial information," and collecting cases). Here, Defendants have sufficiently shown that revealing such information will result in competitive harm. (*See* Dkt. #226 at 3-4).

Of course, there are some proposed redactions for which Defendants were unable to make a "particular and specific demonstration of fact showing" that redaction is warranted. *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009). In many of those instances, Defendants' themselves appear to revoke their redaction requests. (*See* Def. App. B ¶ 3, 14, 16, 18, 21, 35, 43-45, 65 (second clause, after the ellipsis), 83-84, 90, 95-96, 98. 101, 110, 112-14, 117d, 121d, 134-37, 149, 154, 160-61, 165, 174, 195). There are still others where Defendants sustain their redaction request, but the Court finds redaction unnecessary because the information is not confidential or competitively sensitive. (*See* Def. App. B ¶ 1, 29, 33, 41, 77-78, 91. 97, 107). But, for the most part, the Court holds that Defendants have shown that their privacy interests outweigh the presumption of public access with regard to most of their redaction requests at the class certification stage.

## CONCLUSION

The Court GRANTS Plaintiffs' redaction requests, which are those listed in Plaintiffs' Appendix A. Further, the Court GRANTS the Plaintiffs' request to file under seal the discovery materials of non-parties designated as Confidential, Highly Confidential, or Attorneys' Eyes Only, which are listed in Plaintiffs' Appendix C.

The Court GRANTS in part and DENIES in part Defendants' redaction requests, which are listed in Defendants' Appendix B. Specifically, the Court GRANTS Defendants' request to redact the text in the following rows of Defendants' Appendix B: 2, 4-13, 15, 17, 19-20, 22-28, 30-32, 34, 36-40, 42,

7

46-64, 65 (first clause, before the ellipses), 66-76, 79-82, 85-89, 92-94, 99-100, 102-06, 108-09, 111, 115a-i, 116a-g, 117a-c, 117e-h, 118a-g, 119a-d, 120a-i, 121a-c, 121e-k, 122-33, 138-48, 150-53, 155-59, 162-64, 166-73, 175-94, 196-219.  The Court DENIES Defendants' request to redact the text in the other rows of Defendants' Appendix B.

Plaintiffs are directed to refile their Memorandum of Law and the Declaration of Ronald J. Aranoff (Dkt. #216, 217) on the public docket, with the above items redacted.  Regarding the documents for which the Court has granted Plaintiffs' sealing request, Plaintiffs may file a single page marked "SEALED" on the public docket in place of any sealed exhibit.

Finally, the Court extends to the parties its hope that the parties use this Order to narrow any subsequent disputes regarding proposed redactions.

The Clerk of Court is further directed to terminate the pending motion at docket entry 221.

SO ORDERED.

Dated:  October 21, 2025
        New York, New York

                                       KATHERINE POLK FAILLA
                                       United States District Judge