# EXHIBIT 37




1120 Connecticut Avenue, NW
Washington, DC 20036

1-800-BANKERS
www.aba.com

*World-Class Solutions,
Leadership & Advocacy
Since 1875*

J. Douglas Adamson
Executive Vice President
Phone: 202 663 5360
dadamson@aba.com

February 2, 2010

Elizabeth M. Murphy
Secretary
Securities and Exchange Commission
100 F Street, NE.
Washington, DC 20549–1090

**Re:**  S7-28-09; Proposed Rules for Nationally Recognized Statistical Rating Organizations; 74 Federal Register 63866 December 4, 2009.

Dear Ms. Murphy:

The American Bankers Association ("ABA") appreciates the opportunity to comment on the Securities and Exchange Commission's ("SEC") proposed 17g-7 rule for Nationally Recognized Statistical Rating Organizations, or "NRSROs." This letter is written in ABA's capacity as owner of CUSIP and all intellectual property rights in and to the CUSIP database ("Database").

Under the new proposed rule, the SEC will require each NRSRO to make publicly available on its internet website, on an annual basis, a consolidated report containing information about revenues of the NRSRO attributable to persons paying the NRSRO for the issuance or maintenance of a credit rating. The report would be required to provide the percent of net revenue attributable to providing services and products to a person other than credit ratings; the relative standing of the person in terms of its contribution to the NRSRO's net revenue as compared to all other persons who contributed to the NRSRO's net revenue; and the identity of all outstanding credit ratings issued by the NRSRO and paid by the person. Each outstanding credit rating would be required to be identified by the name of the obligor, security or money market instrument and, as applicable, CIK number, CUSIP or ISIN. The purpose of the proposed rule is to provide users of credit ratings with information to assist them in evaluating the potential risk to the integrity of the credit rating that arises from the conflict inherent when an NRSRO is paid to determine a credit rating for a specific obligor, security, or money market instrument.

While we support the SEC's attempts to provide transparency to this market, we wish to remind the SEC of ABA's intellectual property ownership of the CUSIP numbering system. Specifically, ABA holds U.S. copyright registration (certificate # TX 6-146-660) for the CUSIP database, which is a master file of CUSIP numbers and accompanying data elements. This registration, together with periodic update of registrations on file with the Copyright Office, by law, constitutes prima facie evidence of the validity of the copyright claim, 17 U.S.C. § 410(c), and covers all

CONFIDENTIAL

ABA-0000016200

copyrightable material in the file. The assignment of a CUSIP number as well as the selection and arrangement of database material are both editorial processes that involve discretion and judgment, and are therefore acts of authorship under the copyright laws. Accordingly, ABA retains the copyright in the selection and arrangement of data compiled in the data base as well as in the CUSIP numbers themselves. See, e.g., American Dental Association v. Delta Dental Plans Ass'n, 126 F.3d 977 (7th Cir. 1997) (individual code numbers used in taxonomy of dental services as well as compilation are copyrightable). ABA also holds a valid trademark registration in the word mark "CUSIP".

In response to the SEC's recent amendments to SEC Rule 17g-2, the licensee of the ABA's copyrights, CUSIP Global Services, is amending the commercial licenses that govern the conditions under which this type of copyrighted information may be made available by NSRSOs in order to comply with the new requirements.[1] We believe that the proposed amendments are both necessary and appropriate to protect the ABA's intellectual property in CUSIP in the wake of the SEC's revised rule. ABA has discussed fully these proposed amendments to the commercial licenses with SEC staff and the staff had no issue with the approach that we proposed.

Proposed Rule 17g-7 would appear to contemplate the use of CUSIP copyrighted materials on a view-only basis by the public. The ABA believes that the protections that will be put in place via amendments to the commercial licenses in response to the revised Rule 17g-2 should allow NRSROs to comply with proposed Rule 17g-7 but also provide sufficient protection to the ABA's intellectual property rights. As with the amendments to Rule 17g-2, we believe that the amendments to the commercial licenses by CUSIP Global Services are a necessary and appropriate response – otherwise the ABA's intellectual property will be placed at risk by the disclosures of copyrighted materials that are mandated by the SEC's proposed new Rule 17g-7.   We note that, as before, the protection of the ABA's intellectual property will depend on cooperation from the NRSROs, as they will need to work with CUSIP Global Services and maintain any necessary protections for this data, as required under license.

---

[1] As a practical matter, ABA does not charge license fees for reproduction of individual CUSIP numbers or for CUSIP numbers gathered from the public domain. Only when a significant number of CUSIP numbers are culled from the CUSIP database do we assert our IP rights. The copyright on the CUSIP database covers that portion of the CUSIP database where the names of rated securities or obligors are displayed together with the assigned CUSIP numbers.

CONFIDENTIAL

ABA-0000016201

We respectfully request that the SEC implement its proposal with full recognition of ABA's intellectual property rights. As we have repeatedly stated, the ABA will continue to work with the agency to ensure its objectives are accomplished and ABA's intellectual property rights as it relates to CUSIP are protected. Thank you for the opportunity to comment on the SEC's proposal.

Sincerely,

J. Douglas Adamson
Executive Vice President
American Bankers Association

CONFIDENTIAL

ABA-0000016202