January 30, 2026



Hon. Katherine Polk Failla
United States District Court Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Courtroom 618
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

Re:   *Dinosaur Financial Group LLC et al. v. S&P Global, Inc. et al.,* Case No. 1:22-cv-1860

Dear Judge Failla:

  Defendants S&P Global, Inc., the American Bankers Association ("ABA"), and FactSet Research Systems Inc. (collectively, "Defendants"), pursuant to the Stipulation and Order Regarding Redaction and Sealing Process for Class Certification Briefing, ECF No. 214, and its amendment, ECF No. 235, submit this letter motion to seal confidential information in materials filed in connection with Defendants' opposition to Plaintiffs' motion for class certification, including Defendants' motions to exclude the testimony of Einer Elhauge, Bettina Bergmann, and Frank Lenz, and all exhibits thereto. Defendants seek to seal sensitive business information—including confidential contract terms, confidential strategic business practices, and non-public financial information—the disclosure of which would cause concrete harm to the disclosing parties. As described below, Defendants' requested redactions, which Plaintiffs do not dispute, are narrowly tailored to protect competitively sensitive business information, confidential client data, and the privacy interests of nonparties, and they comport with the Court's prior ruling on sealing and redacting confidential information, ECF No. 229.

  This Court has already issued an order adopting most of Defendants' proposed redactions to Plaintiffs' opening class certification motion and associated filings, including "all of the jointly proffered redactions and sealing requests," which included requests to seal based on nonparty privacy interests, "and most of Defendants' additional redaction requests." ECF No. 229 at 3, 5. Specifically, the Court agreed with Defendants' redactions relating to contractual agreements with confidentiality clauses, strategic business practices, and financial information, finding that revealing such information would result in competitive harm to Defendants and nonparties. *Id.* at 5–6. The parties have followed the Court's prior order to narrow subsequent disputes regarding proposed redactions. *Id*.

  Pursuant to the stipulated process and timeline for sealing confidential information, *see* ECF Nos. 214 and 235, on January 7, 2026, Plaintiffs notified Defendants that they "do not intend to seek redactions or request sealing for documents filed by Defendants in support of their Daubert motions or opposition to class certification." On the same day, Defendants sent Plaintiffs the proposed redactions contained in Appendix A. Plaintiffs responded on January 16, 2026, that they "currently do not object to [Defendants'] proposed redactions."[1] Email correspondence RE:

---

[1] Redaction Nos. 449, 521, 547, and 555 were inadvertently omitted from the materials sent to Plaintiffs on January 7, 2026. However, these redactions simply repeat prior redactions on the same basis as those included in the materials already provided to Plaintiffs (*see e.g.*, Redaction Nos. 371, 385, and 421–22 (redacting the names of

1

Dinosaur, et al. v. S&P Global, et al. – Sealing and Redactions. Thus, there is no dispute between the parties on this motion.

Courts in this Circuit apply a three-part test to determine whether to seal or redact documents: (1) determine whether the document is a "judicial document" to which the presumption of access attaches (i.e., whether the document is "relevant to the performance of the judicial function and useful in the judicial process"); (2) if the document is a "judicial document," determine the weight of presumption of public access; and (3) balance the competing considerations against the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006), *see, e.g.*, ECF No. 229 at 3 (order on sealing of Plaintiffs' motion for class certification). Importantly, when "determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). And, although "a strong presumption of [public access] attaches to materials filed in connection with dispositive motions," motions for class certification are non-dispositive and the weight of the presumption is therefore lower. *See Olson v. Major League Baseball*, 29 F.4th 59, 90 (2d Cir. 2022).

As this Court previously concluded, motions for class certification and associated filings are non-dispositive "judicial documents" for which a "lesser presumption of access" attaches. ECF No. 229 at 3–4 (citing *Brown v. Maxwell*, 929 F.3d 41, 53 (2d Cir. 2019)).

For the third prong, "the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500-GHW, 2021 U.S. Dist. LEXIS 62974, at *10 (S.D.N.Y. Mar. 31, 2021) (quoting *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020)) (internal quotation marks omitted). For instance, "[t]he demonstration of a valid need to protect the confidentiality of proprietary business information, such as internal analyses, business strategies, or customer negotiations, may be a legitimate basis to rebut the public's presumption of access to judicial documents." *SEC v. Telegram Grp., Inc.*, No. 19-cv-9439 (PKC), 2020 U.S. Dist. LEXIS 106592, at *8 (S.D.N.Y. June 17, 2020) (collecting cases).

Second Circuit courts consistently redact confidential information based on a finding that the need to protect proprietary business information prevails over the presumption of public access. *Id.* The same is true here. Defendants' significant privacy interests in the information for which redaction is sought outweigh the public dissemination of this material. These privacy interests are described below and are largely the same as those the Court found sufficient to justify Defendants' redactions to Plaintiffs' motion for class certification and related filings.

*First*, Defendants seek to redact confidential agreements, *see* Opp. Exs. 17, 25, 29, as well as confidential materials revealing the terms of such agreements, *see* Opp. Exs. 6, 34, 49, 52, 55–58, 63; Elhauge Daubert Ex. 1, 12, 21; Bergmann Daubert Ex. 2; Lenz Daubert Exs. 2–4, 9. "[T]his Court routinely recognizes" such confidential agreements "as justifying protection from the public

---

nonparties and nonparty employees)) to which Plaintiffs did not object in their January 16, 2026 response. Redaction Nos. 561 and 562 were also inadvertently omitted.

view when used in litigation." *Capri Sun GmbH v. Am. Bev. Corp.*, No. 1:19-cv-01422 (PAE), 2021 U.S. Dist. LEXIS 121094, at *4 (S.D.N.Y. June 4, 2021) (collecting cases). Making these confidential agreements and their terms public would competitively or commercially disadvantage Defendants and their business partners. *Id.*; *see also Fairstein v. Netflix, Inc.*, 2023 WL 6164293, at *4 (S.D.N.Y. Sept. 21, 2023) (granting motion to seal exhibits that included contracts finding them to be "proprietary and confidential materials about business operations that, if disclosed, have the potential to harm [defendant's] competitive standing."). Several of these agreements are CGS agreements and, as this Court has noted, the confidential nature of these agreements is indicated by confidentiality clauses and the fact that they are only made available to entities after meeting with a CGS employee and completing a Use of Service Statement. ECF No. 229 at 5–6. Defendants' proposed redactions to confidential agreements and materials discussing the same are "'essential to preserve higher values and . . . narrowly tailored to serve' Defendants' interests." *Id.* at 6 (quoting *In re Keurig*, No. 14 MD 2542 (VSB), 2023 WL 196134, at *6) (internal quotation marks omitted) (quoting *Lugosch*, 435 F.3d at 120).

*Second*, Defendants have proposed measured redactions to documents, correspondence, and deposition testimony concerning Defendants' strategic business decisions, including CGS's strategies and policies related to sales, client communications, licensing strategy, and compliance investigations. *See* Opp. Exs. 18, 27, 51–53; Elhauge Daubert Ex. 1; Bergmann Daubert Ex. 5–6. These redactions justifiably aim to shield "advertising expenditures and plans," "merchandising strategies, polic[i]es and sales," and "enforcement policies and investigation information." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F.Supp.3d 485, 511 (S.D.N.Y. 2015). Public disclosure of such "specific business information and strategies . . . 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit.'" *Id.* (quoting *Encycl. Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F.Supp.2d 606, 614 (S.D.N.Y. 1998).

*Third*, Defendants propose narrow redactions to confidential documents, communications, and deposition testimony concerning Defendants' highly sensitive financial information and deliberations regarding financial decisions, including details on pricing, revenues, and royalties. *See* Opp. Ex. 5–7, 52, 60; Elhauge Daubert Exs. 1, 7, 11, 18. "[D]etailed financial information concerning a privately held business, not previously disclosed to the public, will in most cases warrant confidential treatment." *N. Star IP Holdings, LLC v. Icon Trade Servs., LLC*, 710 F.Supp.3d 183, 211 (S.D.N.Y. 2024) (quoting *Closed Joint Stock Co. "CTC Network" v. Actava TV, Inc.*, No. 15-CV-8681 (GBD) (BCM), 2016 U.S. Dist. LEXIS 46713, 2016 WL 1264942, at *3 (S.D.N.Y. Mar. 28, 2016)) (internal quotation marks omitted).

*Fourth*, Defendants propose modest redactions to a CGS invoice that indicates the CGS Data that a nonparty client uses, identifies the nonparty, and discloses Defendants' bank account numbers. *See* Opp. Ex. 59. This document has been narrowly redacted to cover only "sensitive client information and proprietary business information, including *inter alia*, the company's billing rates and project pricing, as well as details of specific projects completed for several clients." *Hesse v. Sungard Sys. Int'l*, No. 12 Civ. 1990 (CM)(JLC), 2013 U.S. Dist. LEXIS 7289, at *6 (S.D.N.Y. Jan. 14, 2013).

*Fifth*, Defendants propose appropriate redactions to deposition testimony concerning a confidential complaint and proceedings before a foreign government authority. *See* Bergmann Daubert Ex. 2; *see also Iqvia Inc. v. Medimpact Healthcare Systems, Inc. et al.*, No. 3:21-cv-2081,

3

ECF No. 44, at 2 (S.D. Cal. Mar. 22, 2022) (sealing documents and references thereto that were submitted in confidential foreign arbitration proceedings); ECF No. 131 at 5 (order on motion to compel) (noting that "the Court takes seriously the confidentiality obligations imposed by EC regulations").

Lastly, numerous of Defendants' exhibits are confidential testimony or documents of nonparties, s*ee* Opp. Exs. 8–11, 15–17, 19–21, 24, 30–31, 33, 35–40, 42–45, 48, 60, 61; Elhauge Daubert Exs. 6, 8–10, 15; Bergmann Daubert Ex. 7, or materials containing identifying information or competitively sensitive information of nonparties, including the extent and nature of their use of CGS Data and compliance with licensing terms, *see* Opp. Exs. 7, 22, 32, 51; Elhauge Daubert Ex. 1, 19–20. As this Court has acknowledged, "nonparty privacy interests . . . often overcome the presumption of access." ECF No. 229 at 5 (citing *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995); *Secs. and Exch. Comm'n v. Telegram Grp. Inc.*, No. 19-cv-9439 (PKC), 2020 U.S. Dist. LEXIS 106592, at *9 (S.D.N.Y. June 17, 2020). Furthermore, the sealing stipulation and order for class certification briefing mandates that confidential nonparty materials be maintained under seal unless the nonparty de-designates that material as confidential. ECF No. 214 ¶ 7. Appendix B contains nonparties' confidentiality justifications.

Defendants' proposed redactions to the opposition brief and Defendants' motions to exclude the testimony of Einer Elhauge, Bettina Bergmann, and Frank Lenz are based on these same grounds, as the redacted quotations or statements primarily derive from the exhibits relating to the corresponding briefs as described above.

Accordingly, Defendants respectfully request that the Court grant the proposed redactions and seal their confidential information, as well as the confidential information of nonparties.

Respectfully submitted,

| */s/ Eric J. Stock* | */s/ Jeffrey I. Shinder* | */s/ David C. Kiernan* |
|---|---|---|
| Eric J. Stock | Jeffrey I. Shinder | David C. Kiernan |
| GIBSON, DUNN & CRUTCHER LLP | SHINDER CANTOR LERNER | JONES DAY |
| 200 Park Avenue, 47th Fl. | 14 Penn Plaza, Suite 1900 | 555 California Street, 26th Fl. |
| New York, NY 10166 | New York, NY 10122 | San Francisco, CA 94104 |
| Tel.: (212) 351-2301 | Tel.: (646) 960-8601 | Tel.: (415) 626-3939 |
| Fax: (212) 716-0801 | jeffrey@scl-llp.com | Fax: (415) 875-5700 |
| estock@gibsondunn.com | | dkiernan@jonesday.com |
| Attorney for Defendant S&P Global, Inc. | Attorney for Defendant FactSet Research Systems Inc. | Attorney for Defendant American Bankers Association |

The Court has reviewed Defendants' above motion to seal (Dkt. #274-275), certain portions of materials filed in connection with their opposition to Plaintiffs' motion for class certification, including Defendants' motions to exclude the testimony of Einer Elhauge, Bettina Bergmann, and Frank Lenz (Dkt. #236-247, 249).  The Court further understands, from both Defendants' representations and Plaintiffs' failure to file an opposition by the agreed upon deadline (see Dkt. #235), that Plaintiffs do not oppose Defendants' motion.

The Court appreciates that given the Court's October 21, 2025 Order (Dkt. #229), the parties have narrowed their disputes on the issue of redactions.  For the reasons set forth in the Court's October 21, 2025 Order, Defendants' motion to seal is GRANTED.  The Court agrees with Defendants that the material they have identified satisfies the test for sealing set forth by the Second Circuit in *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

Defendants are directed to refile the relevant documents on the public docket on or before **March 25, 2026,** with the above items redacted.  Defendants may file a single page marked "SEALED" on the public docket in place of any sealed exhibit.

The Clerk of Court is directed to terminate the pending motions at docket entries 274 and 275.

Dated:     February 19, 2026         SO ORDERED.
           New York, New York

                                     *Katherine Polk Failla*

                                     HON. KATHERINE POLK FAILLA
                                     UNITED STATES DISTRICT JUDGE