

March 25, 2026

*By ECF*
The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
40 Foley Square, Courtroom 618
New York, New York 10007

Re:     *Dinosaur Financial Group LLC, et al. v. S&P Global, Inc., et al.*, No. 22-cv-1860

**Subject: Plaintiffs' Motion to Seal Related to Plaintiffs' Reply in Support of Their Motion for Class Certification and Appointment of Class Counsel, Plaintiffs' *Daubert* Motion Oppositions, and Plaintiffs' Affirmative *Daubert* Motions**

Dear Judge Failla:

We represent Plaintiffs Dinosaur Financial Group LLC, Hildene Capital Management, LLC, and Swiss Life Investment Management Holding AG (collectively "Plaintiffs"). Pursuant to the Stipulation and Order Regarding Redaction and Sealing Process for Class Certification Briefing (ECF No. 214) ("Sealing Stipulation"), as amended (ECF Nos. 235, 261), Plaintiffs submit this letter motion to seal portions of their papers filed in connection with their reply in support of Plaintiffs' class certification motion, opposition to Defendants' motions to exclude the testimony of Dr. Bettina Bergmann, Professor Einer Elhauge, and Mr. Frank Lenz, and Plaintiffs' motions to exclude the testimony of Professor Jorge L. Contreras and Dr. Lauren J. Stiroh.

The parties have met and conferred and have been able to resolve their areas of disagreement. All Plaintiffs' proposed redactions are subsumed within Defendants' proposed redactions, and Plaintiffs do not oppose Defendants' proposed redactions. Appendix A contains the full set of Defendants' proposed redactions and Defendants' justifications for them. As shown in Appendix A, Defendants have requested to redact or seal 150 items.[1]

There are specific redaction requests that relate to either (1) non-party identifying information or (2) non-party materials. Among others, these are entries 2, 4, 17, 23, 24, 27, 60, 120, 121, 122, 129, and 130 in Appendix A. The non-party's statement justifying the sealing of this material is in Appendix B. The parties request that these non-party materials remain confidential.

---

[1] Pursuant to the Sealing Stipulation and Rules 9.B.i. and ii. of this Court's Individual Rules of Practice in Civil Cases, we are emailing to chambers a link to access a .zip file with a highlighted copy and a redacted copy of the items listed on Appendix A.

***Plaintiffs' Position***

Plaintiffs do not oppose Defendants' request to redact the materials listed on Appendix A for the reasons described below.

***Defendants' Position***

Defendants seek to seal sensitive business information contained in Plaintiffs' Reply Memorandum of Law in Support of Their Motion for Class Certification and Appointment of Class Counsel ("Pls' Reply"), motions to exclude the testimony of Jorge Contreras and Lauren Stiroh, and oppositions to Defendants' motions to exclude the testimony of Einer Elhauge, Frank Lenz, and Bettina Bergmann, and exhibits to each (together, "Plaintiffs' Reply Papers").

Counsel for Defendants met and conferred with counsel for Plaintiffs on March 16, 2026 to discuss Plaintiffs' objections to Defendants' initial redactions and narrow disputes. As a result of this meet and confer and subsequent correspondence, the Parties have reached agreement regarding all proposed redactions in Appendix A.

Defendants' proposed redactions to Plaintiffs' Reply Papers are narrowly tailored to protect the same categories of confidential information the Court has already twice held warrant sealing or redaction in this matter: confidential agreements and contractual terms, confidential strategic business practices and compliance-related information, non-public financial information, confidential client and nonparty information, and materials designated confidential by nonparties pursuant to Protective Orders. *See* ECF Nos. 229 (adopting most of Defendants' proposed redactions to Plaintiffs' opening class certification motion and associated filings), 313 (finding that the material Defendants sought to seal satisfied the Second Circuit's standard under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and granting Defendants' motion to seal); *see also* ECF Nos. 125 (Nonparties), 137 (Bloomberg), 159 (Xignite), 183 (amended Bloomberg), and 191 (Kroll).

In resolving a motion to seal, courts in the Second Circuit (1) evaluate whether the document is a judicial document (i.e., whether "the item filed [is] relevant to the performance of the judicial function and useful in the judicial process"); (2) determine the weight given to the presumption of public access to such documents; and (3) weigh the competing considerations against the public dissemination of the document, or parts thereof, such as "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 119–20.

Defendants' proposed redactions to Plaintiffs' Reply Papers do not present any new sealing issues. Rather, they protect the same categories of confidential information that were at issue in the opening and opposition papers. Indeed, several of the proposed redactions concern the same or materially similar information that this Court has already permitted the parties to redact.[2]

---

[2] *See, e.g.*, Pls' Reply, Exs. 89, 90, 96, 98 104; Pls' Opp'n to Defs' Mot. to Exclude the Testimony of Pls' Expert Frank Lenz ("Pls' Lenz Opp'n"), Ex. B; Pls' Opp'n to Defs' Mot. to Exclude the Testimony of Professor Einer Elhauge ("Pls' Elhauge Opp'n"), Exs. A, F, G, H, J; Pls' Opp'n to Defs' Mot. to Exclude the Testimony of Dr. Bettina Bergmann ("Pls' Bergmann Opp'n"), Exs. I and J; Mem. of Law in Support of Pls' Mot. to Exclude Testimony of Dr. Lauren J. Stiroh ("Pls' Stiroh *Daubert*"), Exs. 1, 3, 4; Mem. of

*Confidential agreements*.  Defendants again seek to redact confidential agreements and confidential materials revealing the terms of such agreements.  *See, e.g.*, Pls' Reply, Exs. 91, 98, 102, 119; Pls' Bergmann Opp'n, Exs. 128–29.  Such agreements are often sealed when used in litigation to avoid the competitive and commercial disadvantages that public disclosure would cause to Defendants and their business partners.  *See, e.g.*, *Capri Sun GmbH v. Am. Bev. Corp.*, No. 1:19-cv-01422 (PAE), 2021 U.S. Dist. LEXIS 121094, at *4 (S.D.N.Y. June 4, 2021) (collecting cases); *Fairstein v. Netflix, Inc.*, 2023 WL 6164293, at *4 (S.D.N.Y. Sept. 21, 2023).  Defendants' redactions to confidential contracts and materials discussing these contracts are "'essential to preserve higher values and . . . narrowly tailored to serve' Defendants' interests." ECF No. 229 at 6 (quoting *In re Keurig*, No. 14 MD 2542 (VSB), 2023 WL 196134, at *6).

*Strategic confidential business decisions and strategies*.  As before, Defendants redact materials concerning Defendants' confidential strategic business decisions concerning licensing, sales, client communications, and auditing. *See, e.g.*, Pls' Reply, Exs. 91, 94, 101–102, 115–116; Pls' Contreras *Daubert*, Ex. D. These redactions are justified because they protect the disclosure of "specific information and strategies" that "'may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F.Supp.3d 485, 511 (S.D.N.Y. 2015) (quoting *Encycl. Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F.Supp.2d 606, 614 (S.D.N.Y. 1998)).

*Sensitive confidential financial information*.  Next, Defendants' redactions address highly sensitive financial information, including confidential discussions regarding pricing, revenue, and royalty and testimony regarding the same.  *See, e.g.*, Pls' Reply, Exs. 91, 102, 115; Pls' Elhauge Opp'n, Ex. P; Pls' Stiroh *Daubert*, Ex. 2. Such "detailed financial information" warrants confidential treatment.  *N. Star IP Holdings, LLC v. Icon Trade Servs., LLC*, 710 F.Supp.3d 183, 211 (S.D.N.Y. 2024) (quoting *Closed Joint Stock Co. "CTC Network," v. Actava TV, Inc.*, No. 15-CV-8681 (GBD) (BCM), 2016 U.S. Dist. LEXIS 46713, 2016 WL 1264942, at *3 (S.D.N.Y. Mar. 28, 2016)).

*Nonparty materials*.  Finally, Defendants seek to seal nonparty testimony, documents deemed confidential by the nonparties, and confidential information about nonparties' business operations.  *See, e.g.*, Pls' Reply Exs. 92–95, 102, 107, 112–113, 115; Pls' Lenz Opp'n, Exs. D, E; Pls' Elhauge Opp'n, Exs. G, Q; Pls' Bergmann Opp'n Exs. C, E, F, G, H, I, and J; Pls' Stiroh *Daubert*, Exs. 2, 4; Pls' Contreras *Daubert*, Ex. D. "[N]onparty privacy interests . . . often overcome the presumption of access."  ECF No. 229 at 5 ((citing *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995); *Secs. and Exch. Comm'n v. Telegram Grp. Inc.*, No. 19-cv-9439 (PKC), 2020 U.S. Dist. LEXIS 106592, at *9 (S.D.N.Y. June 17, 2020)).

Because Defendants seek only narrowly tailored redactions of the same categories of confidential information the Court has twice ordered protected, Defendants respectfully request that the Court grant the proposed redactions to Plaintiffs' Reply Papers.

---

Law in Support of Pls' Mot. to Exclude Testimony of Professor Jorge Contreras ("Pls' Contreras *Daubert*"), Ex. D.

Respectfully submitted,

/s/ *Ronald J. Aranoff*
Ronald J. Aranoff
Joshua M. Slocum
Ryan A. Kane
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue, 12th Floor
New York, New York 10110
Telephone: (212) 382-3300
Email: raranoff@wmd-law.com
jslocum@wmd-law.com
rkane@wmd-law.com

/s/ *Leiv Blad*
Leiv Blad
Jeffrey Blumenfeld (*pro hac vice*)
Meg Slachetka
COMPETITION LAW PARTNERS PLLC
601 Pennsylvania Ave., NW
Washington, DC 20004
Telephone: (202) 742-4300
Email: leiv@competitionlawpartners.com
jeff@competitionlawpartners.com
meg@competitionlawpartners.com

/s/ *Robert N. Kaplan*
Robert N. Kaplan
Gregory K. Arenson
Elana Katcher
KAPLAN FOX & KILSHEIMER LLP
800 Third Ave., 38th Floor
New York, NY 10022
Telephone: (212) 687-1980
Email: rkaplan@kaplanfox.com
garenson@kaplanfox.com
ekatcher@kaplanfox.com

Cc: Counsel of record (*via ECF*)

4

The Court has reviewed Plaintiffs' above motion to seal certain portions of materials filed in connection with (i) their reply in support of their motion for class certification; (ii) their opposition to Defendants' motions to exclude the testimony of experts Elhauge, Bergmann, and Lenz; and (iii) their own motions to exclude the testimony of experts Contreras and Stiroh.  (Dkt. #231).  The Court further understands, and appreciates, that the parties are in agreement as to the sealing.  (*See id.*).

For the reasons set forth in the Court's October 21, 2025 Order, Plaintiffs' motion to seal is GRANTED.  The Court agrees with the parties that the material identified satisfies the test for sealing set forth by the Second Circuit in *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

The Clerk of Court is directed to terminate the pending motion at docket entry 331.  The Clerk of Court is further directed to maintain each currently sealed document between docket entries 296 and 351 under seal, viewable to the Court and the parties only.  Those that are not sealed shall remain as such.

Dated:     March 26, 2026          SO ORDERED.
           New York, New York


                                   HON. KATHERINE POLK FAILLA
                                   UNITED STATES DISTRICT JUDGE