# EXHIBIT 105

From: "Faulkner, Gerard" <gerard.faulkner@cusip.com>
To: "Sullivan, Patricia" <patricia.sullivan@cusip.com>
Subject: RE: FIGI article & Scott's rebuttal in Bond Buyer
Date: Wed, 04 Dec 2019 20:24:14 -0000
Importance: Normal
Inline-Images: image001.jpg; image002.png; image003.jpg

---

Hi Patricia,

You're welcome. Thanks for replying to Scott about his excellent rebuttal.

**From:** Sullivan, Patricia <patricia.sullivan@cusip.com>
**Sent:** Wednesday, December 04, 2019 3:21 PM
**To:** Faulkner, Gerard <gerard.faulkner@cusip.com>
**Cc:** Preiss, Scott <scott.preiss@cusip.com>
**Subject:** RE: FIGI article & Scott's rebuttal in Bond Buyer

**Thanks for sharing, Gerard.**
**M$^2$ (Marc & Mark) really need to get off their high horses – poorly written.**

**Excellent rebuttal, Scott. Thanks for having CUSIP's back – and collectively "all of our" backs.**

*Patricia Sullivan*
*CUSIP Global Services*
*Operated for the American Bankers Association by*
*S&P Global Market Intelligence*
*55 Water Street*
*New York, NY   10041*
*212-438-6564*
*patricia.sullivan@cusip.com*

**From:** Faulkner, Gerard <gerard.faulkner@cusip.com>
**Sent:** Wednesday, December 04, 2019 11:32 AM
**To:** *Enterprise CGS All Staff <EnterpriseCGSAllStaff@spglobal.com>
**Subject:** FIGI article & Scott's rebuttal in Bond Buyer

Hello,

Scott asked that these two articles be shared with CUSIP staff.

The first article appeared recently on the Bond Buyer website and is critical of CUSIP identifiers and supports the Bloomberg FIGI identifier as a replacement in the municipal industry. The Bond Buyer is the U.S. municipal securities industry newspaper.

The second article is Scott's excellent rebuttal to the FIGI article.

As Scott often mentions at the CUSIP Town Halls, we can't be complacent and must continue to provide excellent service and data quality to customers and the industry especially with continued competition from Bloomberg with their FIGI as an alternative to CUSIP.

CONFIDENTIAL

Here is the article that supports FIGI and is critical of CUSIP. Scott's rebuttal appears after this article.

# Commentary Why is it so hard to access performance and financial data in munis?

By
**Marc Joffe**
**Mark Campbell**
Published
**November 13 2019, 12:25pm EST**

Issuers look to the municipal bond market to refresh our nation's infrastructure, but who will update the municipal bond market's obsolete data infrastructure? Almost 20 years into the new century, the functional systems for identifying issuers and their performance are still being served up with 20th century technologies. To move the market forward, we believe that market participants, including regulators, adopt the best of breed technologies from other markets. The first step forward is to build a consortium of private, nonprofit, and academic interests who have been promoting alternative systems for identifying, indexing and analyzing capital market data.

**The "who's who" is important**

Associating securities with standard issuer identifiers makes it easier for investors to track exactly who owes what. In the municipal market, we often rely on the first six positions of the CUSIP number to identify issuers — but this 1960s-vintage technology is no longer fit for purpose.

CONFIDENTIAL

FRSI01130560



Marc Joffe and Mark Campbell

CUSIPs have a total of nine positions, but the last position is a so-called check digit used to verify that there are eight characters do not contain a typo. So, for any given issuer, only the seventh and eighth positions can be used to uniquely identify a given bond. Since those positions can be filled with either letters or numbers, there is a theoretical maximum of 36*36=1296 CUSIPs per issuer (but the actual limit is lower due to other conventions in the CUSIP system). Since municipal bond issues often contain a dozen or more serial bonds and since CUSIPs are not reused after maturity, bigger issuers can easily exceed this limit.

Moody's associates 29 CUSIP6 identifiers with the State of California and 42 CUSIP6's with the Dormitory Authority of the State of New York (DASNY). And, as is the case with other conduit issuers, DASNY CUSIPs tell us nothing about a bond's actual obligor, who is ultimately responsible for servicing the bond.

Finally, CUSIPs are not freely redistributable — that is, they cannot be shared for use by others without a license. This further compromises the ability to use them to exchange or provide

                                                                                              FRSI01130561

access to data. For all intents and purposes, the municipal market lacks a standard issuer identifier.

Lack of free redistribution also limits the CUSIP9's usefulness as a security identifier. For example, while MSRB is allowed to display these IDs on EMMA, the board has had to take steps to inhibit copying and pasting them. Licensees of bulk EMMA data also require costly licenses from the CUSIP Service Bureau. No such restriction exists for equity tickers — one reason why stock market data is so easily retrieved.

Bloomberg has been promoting a free alternative to CUSIPs called the Open Financial Instrument Global Identifier (or OpenFIGI for short). This standard is owned by the nonprofit Object Management Group, but Bloomberg has done the necessary work to apply OpenFIGI to the municipal bond market. It should thus be relatively easy for MSRB to display OpenFIGI IDs concurrently with CUSIPs before ultimately transitioning.

In other markets, the Legal Entity Identifier (LEI) provides an alternative way to identify issuers. LEIs are maintained by a nonprofit — the Global Legal Entity Identifier Foundation — which does not levy redistribution fees. GLEIF's database also supports associations of LEIs to direct and ultimate parents. So, if LEIs were implemented in the municipal bond market, component units and enterprise funds that separately issue bonds could be readily linked to the relevant primary government.

Right now, only a few hundred U.S. state and local governments and nonprofits have LEIs. Many issuers — especially smaller ones — are unaware of the LEI standard or may not see the benefit of taking the time to register for one. But it may be possible for an oversight body like MSRB to assign LEIs on behalf of issuers. When an issuer's representative uploads primary or continuing disclosure to EMMA, he or she could be given the option of authorizing an LEI registration or renewal — allowing MSRB or a designated service provider to actually do the paperwork. To be maximally useful, a marketwide universe of LEIs could be mapped — where possible — to Census Codes, Employer Identification Numbers and entity codes assigned by state governments.

CONFIDENTIAL

FRSI01130562

**Why is it so hard to access performance and financial data?**

Today, the basic information on issuer performance, such as revenues, expenditures and debt levels, is locked inside voluminous PDFs — which are little more than pictures of paper reports. These data points are manually extracted by data aggregators for a fee and by nonprofits to the extent that their donor support allows. But this kind of information, which speaks to whether an issuer can repay its obligations, should be more readily accessible in a 21st century financial market. In U.S. corporate securities markets, these data points enter the ecosystem in structured form through XBRL 10-K and 10-Q disclosures.

The municipal market can also embrace XBRL financial disclosures as Will County, Illinois, has recently demonstrated. While some at MMA and GFOA might argue that the municipal market's unique characteristics somehow exempt it from 21st century financial disclosure protocols, Barnet Sherman did an excellent job of replying to this objection in a 2018 commentary over at Forbes.com.

Will County's demonstration is, in turn, based on a demonstration reporting taxonomy developed by a team of professionals from academia, for-profit and not-for-profit organizations. It took a village to create these initial offerings and it will take a bigger village to produce comprehensive, production-ready reporting tools.

While some may have imagined that a single Silicon Valley startup could drag our market kicking and screaming into the 21st century, the recent closure of Neighborly shows that that ambition was naive. Instead, regulators will have to partner with companies, academics and policy wonks to rebuild the municipal market's creaky infrastructure. Implementing LEIs, open symbology and XBRL financial statements would be useful first steps in this enterprise.

**Marc Joffe**

Marc Joffe is a Senior Policy Analyst at Reason Foundation. He was previously a Senior Director at Moody's Analytics.

**Mark Campbell**

Managing Director, Aquorn

CONFIDENTIAL

Here is Scott's excellent rebuttal to the FIGI article.

# THE BOND BUYER
# Commentary Beware roads to nowhere pitches for muni market infrastructure

**By Scott J. Preiss**
**November 25, 2019**

A nascent initiative that has the potential to cause significant market confusion has recently been introduced in the world of municipal bond reference data. Under the seemingly positive banner of "open symbology," alternative security identifiers are being promoted as a reference data panacea, able to deliver accuracy, flexibility and global scope at a lower cost than traditional identification standards.



Scott Preiss

A closer examination of what's really being offered by open symbology initiatives and thorough understanding of the enormous value delivered by existing reference data standards reveals some deep flaws in that pitch.

Unfortunately, that level of close examination is missing from the recent commentary in The Bond Buyer. Driven by a naive view of open symbology and a lack of understanding of the role the existing CUSIP standard plays in the municipal bond market, the article introduces a deeply

CONFIDENTIAL

FRSI01130564

flawed premise that open symbology will somehow help to fix muni market infrastructure. In fact, it is a road to nowhere.

First, let's address the inaccuracies regarding the existing CUSIP standard in the commentary.

The CUSIP system was developed by forward-looking market participants to solve the challenge of uniqueness – to create a reliable and highly supported system that provides certainty related to financial instruments and their issuers. In the municipal market, this means uniquely identifying municipal securities and linking them with the issuing entity described in a legal offering document, typically the party responsible for repayment of principal and interest (e.g. a municipal water revenue system).

The CUSIP was not developed, as the November 13 commentary suggests, "for investors to track exactly who owes [sic] what." Identifying the obligor of a bond plays no role in uniqueness, and thus was never a requirement of the CUSIP system. That information is captured and provided by CUSIP Global Services to the industry in a separate field, but by design is not part of the base CUSIP taxonomy.

The ability to answer the critical questions *who is who* and *who owns whom* is the express domain of the Legal Entity Identifier (LEI). The LEI standard was developed – with significant input from CUSIP Global Services as part of its drafting committee – in part, to work seamlessly with other standards, such as the CUSIP standard. In fact, CUSIP Global Services has done more to encourage LEI adoption among municipal issuers than perhaps any other market participant. Since 2013, CUSIP Global Services has partnered with DTCC to allow the simultaneous application for CUSIP and LEI in one interface. We have also made our universe of LEI-ISIN linkages publicly available in support of the ANNA/GLEIF mapping initiative connecting securities with their issuing entities.

It is also important to note that CUSIP Global Services is able to make this valuable LEI-to-ISIN mapping freely available to market participants, along with other services, including transactional CUSIP and ISIN web lookups, database licensing for academic and research purposes, and licensing for a variety of other non-bulk use cases. The revenues generated by our commercial offerings allow us to support these free public good initiatives.

CONFIDENTIAL

FRSI01130565

The November 13 commentary also suggests that there is a theoretical limit to the number of CUSIPs per issuer that should be created. This is false. The creators of the CUSIP system anticipated that high-volume debt issuers would require multiple "CUSIP6" base codes, and market participants have been making use of a simple "associated issuer" algorithm that links these codes together simply, seamlessly and without industry incident for more than 50 years.

The bigger concern for the industry, however, is not the erroneous depiction of the CUSIP standard, but the misguided assumption that alternative open symbology initiatives are somehow a better solution for the municipal bond market's needs.

Quite the opposite, the introduction of alternative identifiers into the municipal bond market has the potential to create unnecessary confusion, inconsistency, and reduced efficiency.

Further, in our view, they are duplicative with existing standards and rely on secondary data sources for some underlying issuer and instrument information. Although open symbology is often pitched as a "free" alternative, it introduces a potential dependence on commercial reference data products that cannot be ignored.

The continuous, proactive expansion of the CUSIP system into new asset classes, including digital securities, credit derivatives and syndicated loans is illustrative of CUSIP's continued growth and relevance in the capital markets. Innovative use of robotic process automation, partnerships with blockchain platform providers, and content delivery in APIs and other customized delivery mechanisms belie the poorly researched claims included in the November 13 commentary.

CUSIP continues to receive enormously high industry survey results on its service, support, innovative spirit and ("fit-for-purpose") value. The CUSIP system is used as the foundation of asset and issuer setup by all categories of market participants: banks, investment managers, insurers, regulators, infrastructure providers, and data vendors. Other vendor-specific instrument codes rightly serve internal navigation needs and were largely built on the back of – or to map to – the single *interoperable* common language in the US, Canada and 30 other territories: CUSIP.

Scott J. Preiss
Managing Director and Global Head of CUSIP Global Services

CONFIDENTIAL

FRSI01130566

CONFIDENTIAL

FRSI01130567