**MEMO ENDORSED**

May 15, 2026

Hon. Katherine Polk Failla
United States District Court Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Courtroom 618
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

Re:    *Dinosaur Financial Group LLC et al. v. S&P Global, Inc. et al.,* Case No. 1:22-cv-1860

Dear Judge Failla:

Defendants S&P Global, Inc., the American Bankers Association ("ABA"), and FactSet Research Systems Inc. (collectively, "Defendants"), pursuant to the Stipulation and Order Regarding Redaction and Sealing Process for Class Certification Briefing (ECF No. 214), as amended (ECF Nos. 235, 261), submit this letter motion to seal confidential information in materials filed in connection with Defendants' oppositions to or replies in support of five *Daubert* motions, including Defendants' replies in support of motions to exclude the testimony of Professor Einer Elhauge, Bettina Bergmann, and Frank Lenz, and oppositions to Plaintiffs' motions to exclude the testimony of Professor Jorge Contreras and Dr. Lauren Stiroh, as well as all exhibits thereto (together, "Defendants' *Daubert* Papers").

Defendants seek to seal sensitive business information—including confidential contract terms, confidential strategic business practices, and non-public financial information—the disclosure of which would cause concrete harm to the disclosing parties. As described below, Defendants' requested redactions, which Plaintiffs do not dispute, are narrowly tailored to protect competitively sensitive business information, confidential client data, and the privacy interests of nonparties, and they comport with the Court's prior rulings on sealing and redacting confidential information, ECF Nos. 229, 313, and 354.

Pursuant to the stipulated process and timeline for sealing confidential information (ECF Nos. 214 and 235), the parties have resolved their areas of disagreement regarding proposed redactions. All Plaintiffs' proposed redactions are subsumed within Defendants' proposed redactions, and Plaintiffs do not oppose Defendants' proposed redactions. Appendix A contains the full set of Defendants' proposed redactions and Defendants' justifications for them. As shown in Appendix A, Defendants have requested to redact or seal 61 items.

The proposed redactions to Defendants' *Daubert* Papers are narrowly tailored to protect the same categories of confidential information the Court has already held warrant sealing or redaction in this matter: confidential agreements and contractual terms, confidential strategic business practices, non-public financial information, confidential client and nonparty information, and materials designated confidential by nonparties pursuant to Protective Orders. *See* ECF Nos. 229 (adopting most of Defendants' proposed redactions to Plaintiffs' opening class certification motion and associated filings), 313 (finding that the material Defendants sought to seal satisfied the Second Circuit's standard under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir.

1

2006), and granting Defendants' motion to seal); *see also* ECF Nos. 125 (Nonparties), 137 (Bloomberg), 159 (Xignite), 183 (amended Bloomberg), and 191 (Kroll).

In resolving a motion to seal, courts in the Second Circuit (1) evaluate whether the document is a judicial document (i.e., whether "the item filed [is] relevant to the performance of the judicial function and useful in the judicial process"); (2) determine the weight given to the presumption of public access to such documents; and (3) weigh the competing considerations against the public dissemination of the document, or parts thereof, such as "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 119–20.

The proposed redactions to Defendants' *Daubert* Papers do not present any new sealing issues. Rather, they protect the same categories of confidential information that were at issue in the opening, opposition, and reply papers. Indeed, several of the proposed redactions concern the same or materially similar information that this Court has already permitted the parties to redact.[1]

*Confidential agreements*. Defendants again seek to redact confidential agreements and confidential materials revealing the terms of such agreements. *See, e.g.*, Defs' Contreras Opp'n, Ex. 1; Defs' Elhauge Reply, Ex. 5; Defs' Stiroh Opp'n. Such agreements are often sealed when used in litigation to avoid the competitive and commercial disadvantages that public disclosure would cause to Defendants and their business partners. *See, e.g.*, *Capri Sun GmbH v. Am. Bev. Corp.*, No. 1:19-cv-01422 (PAE), 2021 U.S. Dist. LEXIS 121094, at *4 (S.D.N.Y. June 4, 2021) (collecting cases); *Fairstein v. Netflix, Inc.*, 2023 WL 6164293, at *4 (S.D.N.Y. Sept. 21, 2023). Defendants' redactions to confidential contracts and materials discussing these contracts are "'essential to preserve higher values and . . . narrowly tailored to serve' Defendants' interests." ECF No. 229 at 6 (quoting *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14 MD 2542 (VSB), 2023 WL 196134, at *6 (S.D.N.Y. Jan. 17, 2023)).

*Confidential business decisions and strategies*. As before, Defendants redact materials concerning Defendants' confidential strategic business decisions regarding licensing, sales, client communications, and auditing. *See, e.g.*, Defs' Bergmann Reply, Ex. 12; Defs' Elhauge Reply, Exs. 3-5. These redactions are justified because they protect the disclosure of "specific information and strategies" that "'may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (quoting *Encycl. Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998)).

*Sensitive confidential financial information*. Next, Defendants' redactions address highly sensitive financial information, including confidential discussions regarding financial recordkeeping practices. *See, e.g.*, Defs' Bergmann Reply, Ex. 11; Defs' Elhauge Reply, Ex. 2. Such "detailed financial information" warrants confidential treatment. *N. Star IP Holdings, LLC*

---

[1] *See, e.g.*, Defs' Reply in Support of Mot. to Exclude the Testimony of Bettina Bergmann ("Defs' Bergmann Reply"), Ex. 12; Defs' Opp'n to Pls' Mot. to Exclude the Testimony of Professor Jorge Contreras ("Defs' Contreras Opp'n"), Ex. 1; Defs' Reply in Support of Mot. to Exclude the Testimony of Professor Einer Elhauge ("Defs' Elhauge Reply"), Ex. 1; Defs' Reply in Support of Mot. to Exclude the Testimony of Frank Lenz ("Defs' Lenz Reply"), Ex. 10; Defs' Opp'n to Pls' Mot. to Exclude Testimony of Dr. Lauren J. Stiroh ("Defs' Stiroh Opp'n"), Exs. 2, 7.

*v. Icon Trade Servs., LLC*, 710 F. Supp. 3d 183, 211 (S.D.N.Y. 2024) (quoting *Closed Joint Stock Co. "CTC Network," v. Actava TV, Inc.*, No. 15-CV-8681 (GBD) (BCM), 2016 WL 1264942, at *3 (S.D.N.Y. Mar. 28, 2016)).

*Personal identifying information.*  Defendants also seek to redact the home address of a CGS witness.  *See* Defs' Bergmann Reply, Ex. 11; Defs' Contreras Opp'n, Ex. 2; Defs' Elhauge Reply, Ex. 2.  Sensitive personal information of this nature "overcomes the presumption of public disclosure." *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (collecting cases).

*Nonparty materials.*  Finally, Defendants seek to seal nonparty testimony, documents deemed confidential by the nonparties, and confidential information about nonparties' business operations.  *See, e.g.*, Defs' Contreras Opp'n, Ex. 2; Defs' Elhauge Reply, Exs. 3, 6-10; Defs' Stiroh Opp'n, Exs. 4, 5, 8-10. "[N]onparty privacy interests . . . often overcome the presumption of access."  ECF No. 229 at 5 (citing *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995); *Secs. and Exch. Comm'n v. Telegram Grp. Inc.*, No. 19-cv-9439 (PKC), 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020)).  Furthermore, the sealing stipulation and order for class certification briefing mandates that confidential nonparty materials be maintained under seal unless the nonparty de-designates that material as confidential.  ECF No. 214, at ¶ 7.  Appendix B contains the nonparties' confidentiality justifications.

Because Defendants seek only narrowly tailored redactions of the same categories of confidential information the Court has previously ordered protected, Defendants respectfully request that the Court grant the proposed redactions to Defendants' *Daubert* Papers.

Respectfully submitted,

| /s/ Eric J. Stock | /s/ Jeffrey I. Shinder | /s/ David C. Kiernan |
|---|---|---|
| Eric J. Stock | Jeffrey I. Shinder | David C. Kiernan |
| GIBSON, DUNN & CRUTCHER LLP | SHINDER CANTOR LERNER | JONES DAY |
| 200 Park Avenue, 47th Fl. | 14 Penn Plaza, Suite 1900 | 555 California Street, 26th Fl. |
| New York, NY 10166 | New York, NY 10122 | San Francisco, CA 94104 |
| Tel.: (212) 351-2301 | Tel.: (646) 960-8601 | Tel.: (415) 626-3939 |
| Fax: (212) 716-0801 | jeffrey@scl-llp.com | Fax: (415) 875-5700 |
| estock@gibsondunn.com | | dkiernan@jonesday.com |
| | Attorney for Defendant | Attorney for Defendant |
| Attorney for Defendant S&P Global, Inc. | FactSet Research Systems Inc. | American Bankers Association |

3

The Court has reviewed Defendants' above motion to seal certain portions of materials filed in connection with their opposition to and replies in support of five *Daubert* motions. (Dkt. #377).  The Court further understands that Plaintiffs do not oppose Defendants' proposed redactions.

For the reasons set forth in the Court's October 21, 2025 Order, Defendants' motion to seal is GRANTED.  The Court agrees that the material Defendants have identified satisfies the test for sealing set forth by the Second Circuit in *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

The Clerk of Court is directed to terminate the pending motion at docket entry 377.  The Clerk of Court is further directed to maintain docket entries 355-364 and 378-388 under seal.

Dated:    May 18, 2026           SO ORDERED.
          New York, New York


                                 HON. KATHERINE POLK FAILLA
                                 UNITED STATES DISTRICT JUDGE