

June 10, 2026

*By ECF*
The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
40 Foley Square, Courtroom 618
New York, New York 10007

Re:    *Dinosaur Financial Group LLC, et al. v. S&P Global, Inc., et al.*, No. 22-cv-1860

**Subject: Plaintiffs' Motion to Seal Related to Plaintiffs' Reply in Support of Their Motions to Exclude the Testimony of Professor Jorge L. Contreras and Dr. Lauren J. Stiroh**

Dear Judge Failla:

We represent Plaintiffs Dinosaur Financial Group LLC, Hildene Capital Management, LLC, and Swiss Life Investment Management Holding AG (collectively "Plaintiffs"). Pursuant to the Stipulation and Order Regarding Redaction and Sealing Process for Class Certification Briefing (ECF No. 214) ("Sealing Stipulation"), as amended (ECF Nos. 235, 261), Plaintiffs submit this letter motion to seal portions of their papers filed in connection with their reply in support of Plaintiffs' motions to exclude the testimony of Professor Jorge L. Contreras and Dr. Lauren J. Stiroh.

The parties have met and conferred and have been able to resolve their areas of disagreement. Plaintiffs do not oppose Defendants' proposed redactions. Appendix A contains the full set of Defendants' proposed redactions and Defendants' justifications for them.

There are specific redaction requests that relate to either (1) non-party identifying information or (2) non-party materials. The non-party's statement justifying the sealing of this material is in Appendix B. The parties request that these non-party materials remain confidential.

### *Plaintiffs' Position*

Plaintiffs do not oppose Defendants' request to redact the materials listed on Appendix A for the reasons described below.

### *Defendants' Position*

Defendants seek to seal sensitive business information contained in Plaintiffs' Reply Memoranda of Law in support of their motions to exclude the testimony of Jorge Contreras and Lauren Stiroh (together, "Plaintiffs' *Daubert* Reply Papers").

The proposed redactions to Plaintiffs' *Daubert* Reply Papers are narrowly tailored to protect the same categories of confidential information the Court has already held warrant sealing or redaction in this matter: confidential agreements and contractual terms, confidential strategic business practices, non-public financial information, confidential client and nonparty information, and materials designated confidential by nonparties pursuant to Protective Orders. *See* ECF Nos. 229 (adopting most of Defendants' proposed redactions to Plaintiffs' opening class certification motion and associated filings), 313 (finding that the material Defendants sought to seal satisfied the Second Circuit's standard under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and granting Defendants' motion to seal), 399 (same); *see also* ECF Nos. 125 (Nonparties), 137 (Bloomberg), 159 (Xignite), 183 (amended Bloomberg), and 191 (Kroll).

In resolving a motion to seal, courts in the Second Circuit (1) evaluate whether the document is a judicial document (i.e., whether "the item filed [is] relevant to the performance of the judicial function and useful in the judicial process"); (2) determine the weight given to the presumption of public access to such documents; and (3) weigh the competing considerations against the public dissemination of the document, or parts thereof, such as "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 119–20.

Defendants' proposed redactions to Plaintiffs' *Daubert* Reply Papers do not present any new sealing issues. Rather, they protect the same categories of confidential information that were at issue in the opening and opposition papers. Indeed, several of the proposed redactions concern the same or materially similar information that this Court has already permitted the parties to redact.[1]

*Confidential agreements*. Defendants again seek to redact confidential agreements and confidential materials revealing the terms of such agreements. *See, e.g.*, Pls' Contreras Reply, Ex. A; Pls' Stiroh Reply, Ex. 12. Such agreements are often sealed when used in litigation to avoid the competitive and commercial disadvantages that public disclosure would cause to Defendants and their business partners. *See, e.g., Capri Sun GmbH v. Am. Bev. Corp.*, No. 1:19-cv-01422 (PAE), 2021 U.S. Dist. LEXIS 121094, at *4 (S.D.N.Y. June 4, 2021) (collecting cases); *Fairstein v. Netflix, Inc.*, 2023 WL 6164293, at *4 (S.D.N.Y. Sept. 21, 2023). Defendants' redactions to confidential contracts and materials discussing these contracts are "'essential to preserve higher values and . . . narrowly tailored to serve' Defendants' interests." ECF No. 229 at 6 (quoting *In re Keurig*, No. 14 MD 2542 (VSB), 2023 WL 196134, at *6).

*Confidential business decisions and strategies*. As before, Defendants redact materials concerning Defendants' confidential strategic business decisions regarding licensing, sales, client communications, and auditing. *See, e.g.*, Pls' Stiroh Reply, Exs. 15, 17-20, 24, 25, 27. These redactions are justified because they prevent the disclosure of "specific information and strategies" that "may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485,

---

[1] *See, e.g.*, Reply in Support of Pls' Mot. to Exclude Testimony of Professor Jorge Contreras ("Pls' Contreras Reply"), Ex. A; Reply in Support of Pls' Mot. to Exclude Testimony of Dr. Lauren J. Stiroh ("Pls' Stiroh Reply"), Exs. 9, 16-19, 24.

511 (S.D.N.Y. 2015) (quoting *Encycl. Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998)).

*Sensitive confidential financial information*. Next, Defendants' redactions address highly sensitive financial information, including confidential discussions regarding financial recordkeeping practices. *See, e.g.*, Pls' Stiroh Reply, Ex. 12. Such "detailed financial information" warrants confidential treatment. *N. Star IP Holdings, LLC v. Icon Trade Servs., LLC*, 710 F. Supp. 3d 183, 211 (S.D.N.Y. 2024) (quoting *Closed Joint Stock Co. "CTC Network," v. Actava TV, Inc.*, No. 15-CV-8681 (GBD) (BCM), 2016 WL 1264942, at *3 (S.D.N.Y. Mar. 28, 2016)).

*Personal identifying information*. Defendants also seek to redact personal identifying information, including home address and signatures, of CGS witnesses. *See* Pls' Stiroh Reply, Exs. 8-10, 12, 15, 16. Sensitive personal information of this nature "overcomes the presumption of public disclosure." *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (collecting cases).

*Nonparty materials*. Finally, Defendants seek to seal nonparty testimony, documents deemed confidential by the nonparties, and confidential information about nonparties' business operations. *See, e.g.*, Pls' Contreras Reply, Ex. A; Pls' Stiroh Reply, Exs. 8, 12. "[N]onparty privacy interests . . . often overcome the presumption of access." ECF No. 229 at 5 (citing *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995); *Secs. and Exch. Comm'n v. Telegram Grp. Inc.*, No. 19-cv-9439 (PKC), 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020)). Furthermore, the sealing stipulation and order for class certification briefing mandates that confidential nonparty materials be maintained under seal unless the nonparty de-designates that material as confidential. ECF No. 214, at ¶ 7. Appendix B contains the nonparties' confidentiality justifications.

Because Defendants seek only narrowly tailored redactions of the same categories of confidential information the Court has previously ordered protected, consistent with this Court's prior rulings, Defendants respectfully request that the Court grant the proposed redactions to Plaintiffs' *Daubert* Reply Papers.

Respectfully submitted,


<u>/s/ *Ronald J. Aranoff*</u>            <u>/s/ *Leiv Blad*</u>
Ronald J. Aranoff                      Leiv Blad
Joshua M. Slocum                   Jeffrey Blumenfeld (*pro hac vice*)
Ryan A. Kane                         Meg Slachetka
WOLLMUTH MAHER & DEUTSCH LLP    COMPETITION LAW PARTNERS PLLC
500 Fifth Avenue, 12th Floor             601 Pennsylvania Ave., NW
New York, New York 10110             Washington, DC  20004
Telephone: (212) 382-3300             Telephone: (202) 742-4300
Email: raranoff@wmd-law.com          Email: leiv@competitionlawpartners.com
jslocum@wmd-law.com                 jeff@competitionlawpartners.com
rkane@wmd-law.com                  meg@competitionlawpartners.com

3

/s/ *Robert N. Kaplan*
Robert N. Kaplan
Gregory K. Arenson
Elana Katcher
KAPLAN FOX & KILSHEIMER LLP
800 Third Ave., 38th Floor
New York, NY 10022
Telephone: (212) 687-1980
Email: rkaplan@kaplanfox.com
garenson@kaplanfox.com
ekatcher@kaplanfox.com

Cc: Counsel of record (*via ECF*)

Application GRANTED.  The Court agrees that the material Defendants have identified satisfies the test for sealing set forth by the Second Circuit in *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

The Clerk of Court is directed to terminate the pending motion at docket entry 401.  The Clerk of Court is further directed to maintain all currently sealed docket entries under seal.

Dated:     June 11, 2026
           New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

4