**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
DINOSAUR FINANCIAL GROUP, LLC, HILDENE CAPITAL MANAGEMENT, LLC, and SWISS LIFE INVESTMENT MANAGEMENT HOLDING AG, on behalf of themselves and all others similarly situated,

Plaintiffs,

22 Civ. 1860 (KPF)

-v-

S&P GLOBAL INC., AMERICAN BANKERS ASSOCIATION, and FACTSET RESEARCH SYSTEMS, INC.,

Defendants.
---------------------------------------------------------------x

**STIPULATION AND ORDER REGARDING REDACTION AND**
**SEALING PROCESS FOR SUPPLEMENTAL CLASS CERTIFICATION BRIEFING**

WHEREAS, on August 14, 2025, the Court entered the Parties' Stipulation and Order Regarding Redaction and Sealing Process for Class Certification Briefing (the "August 14, 2025 Order") (Dkt. No. 214);

WHEREAS, on November 20, 2025, the Court entered an Order amending the August 14, 2025 Order (Dkt. No. 235);

WHEREAS, on September 10, 2026, following the filing of Plaintiffs' Motion for Class Certification, Defendants' Opposition to Plaintiffs' Motion for Class Certification, and Plaintiffs' Reply in Support of their Motion for Class Certification, the Court ordered the Parties to submit, on or before October 13, 2026, simultaneous supplemental briefing on whether Distributors should be certified in the class (the "supplemental class certification briefing");

WHEREAS, the August 14, 2025 Order did not set forth procedures for sealing the supplemental class certification briefing;

WHEREAS, non-parties, including nearly thirty absent putative class members, have produced substantial material and provided testimony in this action, including material that has been designated Confidential or Highly Confidential pursuant to the Protective Order dated October 17, 2023 (Dkt. No. 125) (the "Protective Order");[1]

WHEREAS, because of the substantial amount of pre-designated Confidential or Highly Confidential material likely to be involved in the supplemental class certification briefing, the parties may include materials from adverse parties and/or non-parties marked Confidential or Highly Confidential, and such parties and non-parties will not have the opportunity to review such filings prior to their due date;

WHEREAS, Plaintiffs and Defendants (collectively, the "Parties") believe a modification of the procedures set forth in Rule 9(B) of the Court's Individual Rules of Practice in Civil Cases ("Individual Rules") will facilitate and streamline the process for redactions and sealing;

WHEREAS, this stipulation seeks to extend to the supplemental class certification briefing the process previously order by the Court at Dkt. Nos. 214 and 235.

NOW, THEREFORE, the Parties hereby stipulate and agree, subject to the Court's approval, to the following proposed process for submitting proposed sealing and redactions for the supplemental class certification briefing ordered on September 10, 2026, and jointly request that the Court order as follows:

---

[1] To the extent certain non-parties have entered into additional stipulated protective orders providing for confidentiality designations other than Confidential or Highly Confidential *(see* Dkt. Nos. 159, 183, 191), such designations shall also be subject to the terms of this Stipulation and Order. Capitalized terms not otherwise defined herein are used as defined in the Protective Order.

1. Defendants and Plaintiffs will each file their briefing under seal on an interim basis by October 13, 2026.

2. Defendants and Plaintiffs will each serve unredacted briefing on the receiving parties by October 13, 2026.

3. By October 23, 2026, Defendants and Plaintiffs will exchange initial proposed redactions to Confidential and Highly Confidential material included in the briefing. To the extent that any Party objects to a proposed redaction by any other Party, the Objecting Party shall, by October 30, 2026, provide to the Designating Party its objection in writing (e.g., by email) specifying the document or information challenged. The Parties shall meet and confer to discuss the objection and make a good-faith effort to resolve any dispute by agreement.

4. By November 6, 2026, the Parties will exchange:

   a. Final proposed redactions of all materials included in the briefing;

   b. Copies of all briefing materials, with highlights corresponding to the proposed redactions; and

   c. An insert for the joint letter motion to seal (referenced in paragraph 5 below) containing the Party's justification for its proposed redactions. For the avoidance of doubt, the burden remains on the Party requesting that documents or materials remain sealed or redacted to justify such redaction or sealing to the Court.

5. By November 13, 2026, pursuant to the procedure outlined in Rule 9(B) of the Court's Individual Rules except as modified herein, the Parties will file a joint letter motion to seal materials in Defendants' and Plaintiffs' supplemental class certification briefing, along with one set of proposed redacted copies and highlighted copies reflecting the maximum extent of all

redactions proposed by any Party, such that where the Parties propose differing redactions to the same material, the broader redaction shall be reflected in the redacted and highlighted copies. The joint letter motion will also include:

a. a description of the proposed redactions;

b. whether each Party agrees with the proposed redaction;

c. the justification for the proposed redaction by the Party (or Parties) that agree(s) to the redaction; and

d. if a Party objects to a redaction, the grounds for the Party's objection and, if an objection in part, the scope of any acceptable redaction.

6. Non-parties are neither filing nor receiving parties. The filing party shall include in its motion to seal a request to seal non-party material that is designated Confidential or Highly Confidential pursuant to the Protective Order. By October 27, 2026, the Party that includes such non-party Confidential or Highly Confidential material shall provide to that non-party: (i) a copy of this Stipulation and Order; (ii) notice of the non-party's Confidential or Highly Confidential material that has been provisionally filed under seal; and (iii) a proposed statement for inclusion in the motion to seal justifying the sealing of such material. Within one (1) week of receipt of such notice, i.e., by November 2, 2026, the non-party may notify the filing party if the non-party wishes to (i) edit or supplement the proposed statement justifying sealing and/or (ii) de-designate material as confidential.

7. By November 20, 2026, the Parties will simultaneously file any responses to the joint letter motion to seal that respond to another Party's objections to redactions proposed by the responding Party. Such responses shall include responses with respect to non-party Confidential

or Highly Confidential material in accordance with the notification provided by each non-party pursuant to the procedure described in paragraph 6 above.

8. For the avoidance of doubt, all briefing materials filed under Paragraph 1 shall remain under seal in their entirety pending the Court's resolution of the motion to seal.

**SO STIPULATED**

Dated: October 9, 2026

Respectfully submitted,

*/s/ Ronald J. Aranoff*
Ronald J. Aranoff
Ryan A. Kane
Joshua M. Slocum
Lyndon M. Tretter
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue, 12th Floor
New York, New York 10110
Telephone: (212) 382-3300
raranoff@wmd-law.com
rkane@wmd-law.com
jslocum@wmd-law.com
ltretter@wmd-law.com

*/s/ Leiv Blad*
Leiv Blad
Jeffrey Blumenfeld (*pro hac vice*)
Meg Slachetka
COMPETITION LAW PARTNERS PLLC
601 Pennsylvania Avenue NW
Washington, DC 20004
Telephone: (202) 742-4300
Email: leiv@competitionlawpartners.com
jeff@competitionlawpartners.com
meg@competitionlawpartners.com

*/s/ Robert N. Kaplan*
Robert N. Kaplan
Gregory K. Arenson

*/s/ Eric J. Stock*
Eric J. Stock
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Fl.
New York, NY 10166
Tel.: (212) 351-2301
Fax: (212) 716-0801
estock@gibsondunn.com

*Attorney for Defendant S&P Global, Inc.*

*/s/ Jeffrey I. Shinder*
Jeffrey I. Shinder
SHINDER CANTOR LERNER LLP
14 Penn Plaza, Suite 1900
New York, NY 10122
Tel.: (646) 960-8601
jeffrey@scl-llp.com

*Attorney for Defendant FactSet Research Systems, Inc.*

*/s/ David C. Kiernan*
David C. Kiernan
JONES DAY
555 California Street, 26th Fl.
San Francisco, CA 94104
Tel.: (415) 626-3939

Elana Katcher
KAPLAN FOX & KILSHEIMER LLP
800 Third Ave., 38th Floor
New York, NY 10022
Telephone: (212) 687-1980
Email: rkaplan@kaplanfox.com
garenson@kaplanfox.com
ekatcher@kaplanfox.com

*Attorneys for Plaintiffs Dinosaur Financial Group, LLC, Hildene Capital Management, LLC, and Swiss Life Investment Management Holding AG, on behalf of themselves and all others similarly situated*

Fax: (415) 875-5700
dkiernan@jonesday.com

*Attorney for Defendant American Bankers Association*

**SO ORDERED.**

Dated: October 13, 2026
New York, New York

Hon. Katherine Polk Failla
United States District Judge