November 13, 2026

*By ECF*
Hon. Katherine Polk Failla
United States District Court Southern District of New York
40 Foley Square, Courtroom 618
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

**MEMO ENDORSED**

Re: *Dinosaur Financial Group LLC et al. v. S&P Global, Inc. et al.,* Case No. 1:22-cv-1860

**Subject: Defendants' Motion to Seal Portions of Plaintiffs' Supplemental Memorandum on the Expansion of the Putative Class to include CGS Distributors, Defendants' Supplemental Memorandum Opposing the Expansion, and Related Declarations.**

Dear Judge Failla:

Defendants S&P Global, Inc., the American Bankers Association, and FactSet Research Systems Inc. (collectively, "Defendants"), submit this letter motion to seal confidential information in Plaintiffs' Supplemental Memorandum on the Expansion of the Putative Class to include CGS Distributors ("Plaintiffs' Supplemental Memorandum"), ECF No. 423, Declaration of Joshua M. Slocum in Support of Plaintiffs' Supplemental Memorandum and exhibits attached thereto, ECF No. 424, Defendants' Supplemental Memorandum Opposing Expansion of the Putative Class to Include CGS Distributors ("Defendants' Supplemental Opposition Memorandum"), ECF No. 425, and Declaration of Patrick Kennedy in Support of Defendants' Supplemental Opposition Memorandum and exhibits attached thereto, ECF No. 426.

The parties have met and conferred and have been able to resolve their areas of disagreement. Plaintiffs do not oppose Defendants' proposed redactions and have no additional proposed redactions of their own. Appendix A contains the proposed redactions and justifications.

Defendants' proposed redactions to confidential and competitively sensitive contractual terms, confidential strategic business practices, and nonparty information consist of the same or materially similar information that this Court has already permitted the parties to redact. *See* ECF Nos. 229 (adopting most of Defendants' proposed redactions to Plaintiffs' opening class certification motion and associated filings), 313 (finding that the material Defendants sought to seal satisfied the Second Circuit's standard under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and granting Defendants' motion to seal); 354 (same), and 409 (same); *see also* ECF Nos. 125 (Protective Order for Nonparties), 137 (same), 159 (same), 183 (same), and 191 (same).

In resolving a motion to seal, courts in the Second Circuit: (1) evaluate whether the document is a judicial document (i.e., whether "the item filed [is] relevant to the performance of the judicial function and useful in the judicial process"); (2) determine the weight given to the presumption of public access to such documents; and (3) weigh the competing considerations

against the public dissemination of the document, or parts thereof, such as "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 119–20.

The proposed redactions listed on Appendix A do not present any new sealing issues. Rather, they protect the same categories of confidential information that have been previously sealed by this Court. ECF Nos. 229, 268, 313, 354, 399, 409, and 420.

*Confidential Agreements*. Defendants again seek to redact confidential terms of nonpublic contractual agreements. Such agreements are often sealed when used in litigation to avoid the competitive and commercial disadvantages that public disclosure would cause to Defendants and their business partners. *See, e.g.*, *Capri Sun GmbH v. Am. Bev. Corp.*, No. 1:19-cv-01422, 2021 U.S. Dist. LEXIS 121094, at *4 (S.D.N.Y. June 4, 2021) (collecting cases); *Fairstein v. Netflix, Inc.*, No. 1:20-cv-8042, 2023 WL 6164293, at *4 (S.D.N.Y. Sept. 21, 2023). Defendants' redactions to the terms of these nonpublic, confidential agreements are "'essential to preserve higher values and . . . narrowly tailored to serve Defendants' interests." *See* ECF No. 229 at 6 (quoting *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 1:14-md-2542, 2023 WL 196134, at *6 (S.D.N.Y. Jan. 17, 2023)).

*Confidential Business Decisions and Strategies*. As before, Defendants redact materials concerning Defendants' confidential strategic business decisions regarding licensing, sales, and client communications. *See, e.g.*, Pls' Suppl. Memo. at 10–11; Defs' Suppl. Opp. Memo. at 2. These redactions are justified because they prevent the disclosure of "specific information and strategies" that "may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (quoting *Encycl. Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998)).

*Nonparty Materials*. Defendants also seek to seal confidential and competitively sensitive information about nonparties' business operations. "[N]onparty privacy interests . . . often overcome the presumption of access." ECF No. 229 at 5 (citing *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995); *Secs. and Exch. Comm'n v. Telegram Grp. Inc.*, No. 1:19-cv-9439, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020)). Furthermore, the sealing stipulation and order for class certification briefing mandates that confidential nonparty materials be maintained under seal unless the nonparty de-designates that material as confidential. ECF No. 214, at ¶ 7. Following notice by Defendants, the cited nonparties have not de-designated these materials. Appendix B contains the nonparties' confidentiality justifications.

Because Defendants seek only narrowly tailored redactions of the same categories of confidential information the Court has previously ordered protected, consistent with this Court's prior rulings, Defendants respectfully request that the Court grant the proposed redactions to Plaintiffs' Supplemental Memorandum, Defendants' Supplemental Opposition Memorandum, and their respective declarations and exhibits.

Respectfully submitted,

| | | |
|---|---|---|
| */s/ Eric J. Stock* | */s/ Jeffrey I. Shinder* | */s/ David C. Kiernan* |
| Eric J. Stock | Jeffrey I. Shinder | David C. Kiernan |

GIBSON, DUNN &
CRUTCHER LLP
200 Park Avenue, 47th Fl.
New York, NY 10166
Tel.: (212) 351-2301
Fax: (212) 716-0801
estock@gibsondunn.com

Attorney for Defendant S&P
Global, Inc.

SHINDER CANTOR
LERNER
14 Penn Plaza, Suite 1900
New York, NY 10122
Tel.: (646) 960-8601
jeffrey@scl-llp.com

Attorney for Defendant
FactSet Research Systems
Inc.

JONES DAY
555 California Street, 26th Fl.
San Francisco, CA 94104
Tel.: (415) 626-3939
Fax: (415) 875-5700
dkiernan@jonesday.com

Attorney for Defendant
American Bankers
Association

Application GRANTED. The Court accepts the parties' proposed redactions in Appendices A and B (Dkt. #439-1 to -2) to Plaintiffs' Supplemental Memorandum, Defendants' Supplemental Opposition Memorandum, and their respective declarations and exhibits.

The Clerk of Court is directed to maintain under seal docket entries 423 to 426, 429, 431 to 432, and 435 to 436. Further, the Clerk of Court is directed to terminate the pending motions at docket entries 430 and 439.

Dated: November 16, 2026
New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE